IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL, ) | |
| AS ADMINISTER OF THE ESTATE ) | |
| OF DELYLE WALTER CHAPPELL, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| PRECISION DRILLING ) | |
| CORPORATION, PRECISION ) | |
| DRILLING COMPANY, LP, ) | |
| CABOT OIL & GAS CORPORATION, ) | |
| COTERRA ENERGY, INC., ) | |
| FORUM ENERGY ) | |
| TECHNOLOGIES, INC., AND FORUM ) | |
| ENERGY SERVICES, INC. ) | |
| ) | |
| *Defendants*. ) | |

## NOTICE OF REMOVAL

Defendants Precision Drilling Corporation and Precision Drilling Company, LP (the "Precision Defendants") file this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

As detailed below, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to this action and the amount in controversy

exceeds $75,000. Removal of this action is timely, and all properly joined and served Defendants have consented to removal of this action.

## Introduction

1. This is an alleged wrongful death action. Specifically, Plaintiff, Justina Chappell, on behalf of the Estate of Delyle Walter Chappell, brings claims for the alleged wrongful death of Delyle Walter Chappell. Plaintiff alleges that Mr. Chappell was struck by a pipe while on a wellsite and sustained fatal injuries.

2. Plaintiff claims the wellsite where the accident occurred was owned and operated by Coterra Energy, Inc.,[1] and that Coterra Energy, Inc. contracted with the Precision Defendants to provide drilling services on the wellsite. Plaintiff further alleges that the work on site required the use of a "Pipe Wrangler," which is a piece of equipment used to transfer pipes. Plaintiff claims that the Pipe Wrangler was supplied by the Forum Defendants and, further, that this product was allegedly defective.

---

[1] Plaintiff recognizes that Coterra Energy, Inc. was formerly known as Cabot Oil & Gas Corporation, meaning that they are, in effect, the same entity. For the sake of clarity, Cabot Oil & Gas Corporation merely changed its name to Coterra Energy, Inc. in 2021, meaning that they are the same entity.

## The Notice of Removal is Timely

3. Plaintiff commenced this action on March 10, 2023, through the filing of a complaint in the Lackawanna County Court of Common Pleas. *See* Ex. A. Without waiving any arguments regarding defects in service, the Precision Defendants received a copy of the summons and complaint in this matter on March 20, 2023. Thus, the Precision Defendants' Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .").

## Basis for Removal: Diversity Jurisdiction.

4. This case is removable to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). As set forth below, complete diversity of citizenship exists between the parties to this action and the amount in controversy exceeds $75,000.

**A. Complete diversity exists.**

5. According to the Complaint, Plaintiff was at all relevant times a resident and citizen of the State of Wyoming. Ex. A at ¶ 1.

6. Defendant Precision Drilling Company, L.P. is a limited partnership organized under the laws of the State of Texas. The citizenship of a limited partnership is determined by the citizenship of all partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 192 (1990) (holding that citizenship of limited partnership must be determined with reference to citizenship of all partners or members); *Peace Church Risk Retention Grp. v. Johnson Controls Fire Protection, LP*, 49 F.4th 866, 870 (3rd Cir. 2022). The general partner of Precision Drilling Company, L.P. is Precision Drilling Holdings Company, a corporation organized under the laws of the State of Nevada with its principal place of business in the State of Texas. The sole limited partner of Precision Drilling Company, L.P. is Precision Drilling, LLC, a limited liability organized under the laws of the State of Louisiana. The only member of Precision Drilling, LLC is Precision Drilling Holdings Company.

7. Defendant Precision Drilling Corporation is a company incorporated under the laws of Alberta, Canada and whose principal place of business in Calgary, Alberta, Canada. Precision Drilling Corporation is a foreign citizen. *See e.g.*, *Stifung v. Plains Marketing, L.P.*, 603 F.3d 295, 298 (5th Cir. 2010) (setting forth how citizenship of foreign entities is determined for diversity jurisdiction purposes); *FPACP4 Lex, LLC v. Stantec, Inc.*, 586 F.

4

Supp. 3d 824, 825 (N.D. Ill. 2022) (discussing that a Canadian corporation headquartered in Canada is a Canadian citizen); *Fiorelli v. 2080019 Ontario, Inc.*, No. 3:14-cv-2405, 2015 WL 3916611, at *1 (M.D. Pa. June 25, 2015).

8. Defendant Coterra Energy, Inc. f/k/a Cabot Oil & Gas Corporation is a company incorporated under the laws of Delaware and whose principal place of business is in Texas.[2] "The citizenship of a corporation is both its state of incorporation and the state of its principal place of business." *GBForefront, L.P. v. Forefront Mgm't Grp., LLC*, 888 F.3d 29, 34 (3rd Cir. 2018). Coterra Energy, Inc. is a citizen of Delaware and Texas.

9. Forum Energy Technologies, Inc. is a company incorporated under the laws of Delaware and whose principal place of business is Texas. It is a citizen of Delaware and Texas. *Id.*

10. Forum Energy Services, Inc. is a company incorporated under the laws of Delaware and whose principal place of business is Texas. It is a citizen of Delaware and Texas. *Id.*

---

[2] As noted in Note 1, Cabot Oil & Gas and Coterra Energy, Inc. are same entity. Cabot Oil & Gas Corporation changed its name to Coterra Energy, Inc. in 2021. In any event, prior to this change, Cabot Oil & Gas was incorporated in Delaware and had its principal place of business in Texas. Thus, even if Cabot and Coterra are treated as separate entities, diversity exists.

11. Based on the above facts, for purposes of ascertaining diversity, Plaintiff is a citizen of the State of Wyoming, while none of the properly joined Defendants are citizens of Wyoming. Complete diversity exists.

**B.     The amount in controversy exceeds $75,000.**

12. Consistent with rules of practice in Pennsylvania state court, the complaint states that the amount in controversy exceeds $50,000, but does not otherwise state the full amount of monetary relief sought. *See Bowie v. Ecolab, Inc.*, No. 17-4103, 2017 WL 11543195, at *1–2 (E.D. Pa. Oct. 18, 2017) (discussing that $50,000 is "commonly plead to avoid compulsory arbitration in state courts" in Pennsylvania and "amounts to little more than boilerplate [that] provides nothing about the actual amount in controversy."). Nonetheless, the nature of the claims and the allegations at issue demonstrate that Plaintiff seeks relief in an amount exceeding $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) (stating that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice…does not permit demand for a specific sum."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (noting that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold."). Here, the nature of Plaintiff's injuries—damages for wrongful and products liability—as alleged in the complaint demonstrate that the amount in controversy exceeds $75,000.

### Venue is proper in the Middle District of Pennsylvania

13. Venue for this removal action lies in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1441(a) because this District includes Lackawanna County.

### Compliance with 28 U.S.C. § 1446(a) and § 1446(d)

14. The only properly served and joined parties are the Precision Defendants, and they consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

15. Defendants Cabot Oil & Gas (which, as discussed above, is now Coterra Energy, Inc.), Coterra Energy, Inc., Forum Energy Technologies, Inc., Forum Energy Services, Inc. have not yet been served.

16. Pursuant to 28 U.S.C. § 1446(a), the Precision Defendants include and attach to this notice "a copy of all process, pleadings, and orders served upon such defendant or defendants."

17. The Precision Defendants will notify the clerk for Lackawanna County Court of Common Pleas, where this action has been pending and the Plaintiff of this Notice of Removal in writing. *See* 28 U.S.C. § 1446(d).

## Conclusion

The Precision Defendants respectfully request that the above-captioned action, now pending in the Lackawanna County Court of Common Pleas of the State of Pennsylvania the Court of Common Pleas, be removed to this court.

Dated: April 10, 2023.

Respectfully submitted,

/s/ *Ty E. Howard*
Ty E. Howard (PA Bar No. 86603)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, Tennessee 37203
615.252.2376
thoward@bradley.com

## CERTIFICATE OF SERVICE

I certify that on April 10, 2023, I filed the foregoing through the Court's CM/ECF filing program.

/s/ *Ty E. Howard*
Ty Howard