EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Lackawanna County

For Prothonotary Use Only:

Docket No: 23CV1110




*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: JUSTINA CHAPPELL

Lead Defendant's Name: PRECISION DRILLING CORP

**Are money damages requested?** [x] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [x] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: ROBERT J. MONGELUZZI, ESQ.

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [x] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

MAURI B. KELLY LACKAWANNA COUNTY 2023 MAR 10 P 2:28 RECEIVED CIVIL DIVISION

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

MAURI B. KELLY
LACKAWANNA COUNTY
2023 MAR 10 P 2 2
CLERK OF JUDICIAL RECORDS CIVIL DIVISION

SALTZ MONGELUZZI BENDESKY
BY: ROBERT J. MONGELUZZI/ANDREW R. DUFFY/
MICHAEL A. BUDNER
IDENTIFICATION NO. 36283/77121/314776
1650 MARKET STREET, 52ND FLOOR
LACKAWANNA, PA 19103
(215) 496-8282

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **JUSTINA CHAPPELL, as Administer of the ESTATE OF DELYLE WALTER CHAPPELL, deceased**<br>**156 Simpson Avenue**<br>**Evanston, Wyoming 82930** | **LACKAWANNA COUNTY**<br>**COURT OF COMMON PLEAS** |
| ***Plaintiff,*** | **MARCH TERM, 2023** |
| **v.** | **NO.:** |
| **PRECISION DRILLING CORPORATION**<br>**2640 Reach Road**<br>**Williamsport, PA 17701** | **JURY OF 12 DEMANDED**<br>**THIS IS NOT AN ARBITRATION MATTER** |
| ***And*** | |
| **PRECISION DRILLING COMPANY, LP**<br>**10350 Richmond Avenue, Suite #700**<br>**Houston, TX 77042** | |
| ***And*** | |
| **CABOT OIL & GAS CORPORATION**<br>**8207 S.R. 29**<br>**Montrose, PA 18801** | |
| ***And*** | |
| **COTERRA ENERGY, INC. f/k/a CABOT OIL & GAS CORPORATION**<br>**8207 S.R. 29**<br>**Montrose, PA 18801** | |
| ***And*** | |
| **FORUM ENERGY TECHNOLOGIES, INC.**<br>**10344 Sam Houston Park Drive, Suite 300** | |




**Houston, TX 77064**

***And***

**FORUM ENERGY SERVICES, INC.**
**10344 Sam Houston Park Drive, Suite 300**
**Houston, TX 77064**

***Defendants.***

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Northeastern Pennsylvania Legal Services
33 N. Main Street, Suite 200
Pittston, PA 18640
Telephone (570) 299-4100

**ADVISO**

Le han demandado a used en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Northeastern Pennsylvania Legal Services
33 N. Main Street, Suite 200
Pittston, PA 18640
Telephone (570) 299-4100

## COMPLAINT – CIVIL ACTION

1. Plaintiff, Justina Chappell, is an adult individual and a citizen of the State of Wyoming residing at 156 Simpson Avenue, Evanston, Wyoming, 82930.

2. Plaintiff's decedent, Delyle Walter Chappell, died on April 13, 2021 in Montrose, Pennsylvania.

3. Plaintiff, Justina Chappell, and Plaintiff's decedent, Delyle Walter Chappell, were married at the time of his death.

4. Plaintiff, Justina Chappell, was appointed as the Administer of the Estate of Delyle Walter Chappell on November 9, 2022, by the District Court for the Third Judicial District of Wyoming, located in Uinta County Wyoming. See Letters of Administration, attached hereto as "Exhibit A".

5. Plaintiff brings this suit as the Administer of the Estate of Delyle Walter Chappell on behalf of all statutory beneficiaries.

6. Plaintiff's decedent is survived by his widow, Justina Chappell, and his four (4) minor children.

7. Defendant, Precision Drilling Corporation, is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the above captioned address.

8. At all times material hereto, Precision Drilling Corporation purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of Pennsylvania and has regularly conducted business in Lackawanna County.

9. At all times material hereto, Precision Drilling Corporation was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

10. Defendant, Precision Drilling Company, LP, is a corporation or other business entity organized and existing under the laws of the State of Texas, with a principal place of business located at the above captioned address.

11. At all times material hereto, Precision Drilling Company, LP, purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of

Pennsylvania and has regularly conducted business in Lackawanna County.

12. At all times material hereto, Precision Drilling Company, LP was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

13. Defendant, Cabot Oil & Gas Corporation is a corporation or other business entity organized and existing under the laws of the State of Texas, with a proper place of service located at the above captioned address.

14. At all times material hereto, Cabot Oil & Gas Corporation purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of Pennsylvania and has regularly conducted business in Lackawanna County.

15. At all times material hereto, Defendant Cabot Oil & Gas Corporation conducted regular, continuous, and systematic business in Lackawanna County.

16. At all times material hereto, Cabot Oil & Gas Corporation was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

17. Defendant, Coterra Energy, Inc. f/k/a Cabot Oil & Gas Corporation, is a corporation or other business entity organized and existing under the laws of the State of Texas, with a proper place of service located at the above captioned address.

18. At all times material hereto, Coterra Energy, Inc. f/k/a Cabot Oil & Gas Corporation purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of Pennsylvania and has regularly conducted business in Lackawanna County.

19. At all times material hereto, Coterra Energy, Inc. f/k/a Cabot Oil & Gas Corporation was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

20. Defendant, Forum Energies Technologies, Inc., is a corporation or other business entity organized and existing under the laws of the State of Texas, with a principal place of business located at the above captioned address.

21. At all times material hereto, Forum Energy Technologies, Inc., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of Pennsylvania and has regularly conducted business in Lackawanna County.

22. At all times material hereto, Forum Energy Technologies, Inc., was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

23. Defendant, Forum Energy Services, Inc., is a corporation or other business entity organized and existing under the laws of the State of Texas, with a principal place of business located at the above captioned address.

24. At all times material hereto, Forum Energy Services, Inc., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic activities and business in the Commonwealth of Pennsylvania and has regularly conducted business in Lackawanna County.

25. At all times material hereto, Forum Energy Services, Inc., was acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

26. This Court has original jurisdiction over this civil action versus Defendants. By neither rule nor statute does another court have exclusive jurisdiction over this matter.

***The Project***

27. Defendants Cabot Oil & Gas Corporation and Coterra Energy, Inc. f/k/a Cabot Oil & Gas Company (hereinafter referred to collectively as "Cabot Oil") is an oil and gas company engaged in the development, exploitation and exploration of the Marcellus Shale in Pennsylvania.

28. The Marcellus Shale is natural gas reservoir and the location of a Cabot Oil natural gas drilling site (the "Drilling Site"), located at or near 1007 Hoag Hill, Montrose, PA 18801.

29. Upon information and belief, Cabot Oil designed, financed, built and/or constructed the Drilling Site.

30. Upon information and belief, at all times material hereto, Cabot Oil owned, operated and/or controlled the Drilling Site.

31. Upon information and belief, Cabot Oil contracted with Defendants Precision Drilling Corporation and Precision Drilling Company, LP, (hereinafter referred to collectively as "Precision Drilling") to be the drilling manager, construction manager, prime contractor and/or general contractor for the Drilling Site, including the work being performed by Mr. Chappell.

32. At all times material hereto, Mr. Chappell was not an employee of Defendants Cabot Oil and Precision Drilling.

33. At all times material hereto, Mr. Chappell was not performing work involving the removal, excavation, or drilling of solid rock or minerals.

34. Upon information and belief, Cabot Oil contracted with Mr. Chappell's employer, Frank's International, to perform well casing and cement operations at the Drilling Site.

35. At all times material hereto, Mr. Chappell's employer, Frank's International, was not in contractual privity with Defendant Precision Drilling.

36. The work being performed by Cabot Oil and Precision Drilling involved the use of a Pipe Wrangler, a piece of heavy equipment that is used to transfer pipes between the ground level and the rig floor of the Drilling Site.

37. Upon information and belief, the Pipe Wrangler was installed, sold, modified, manufactured, designed, repaired, and/or marketed by Defendants Forum Energy Technologies, Inc. and Forum Energy Services, Inc. (hereinafter collectively referred to as "Forum Energy").

38. Upon information and belief, Defendants Cabot Oil and Precision Drilling employed individuals who were responsible for the operations and safety obligations at the Drilling Site, as well as established corporate policies and procedures, including safety policies and procedures, for the Drilling Site.

39. A business owner is not allowed to needlessly endanger persons coming onto or around its property.

40. A business owner should train its workers and/or employers to ensure they perform their job in a safe manner.

41. A business owner must train its workers and/or employees to ensure a safe work environment.

42. A business owner must ensure that all rules and/or procedures designed to ensure a safe work environment are being complied with on its property.

43. At all relevant times, Defendants Cabot Oil and Precision Drilling employed individuals, foremen, superintendents and/or managers who were responsible for the operations and/or safety obligations at the Drilling Site.

44. At all times material hereto, Defendants Cabot Oil and Precision Drilling employed individuals, foremen, superintendents and/or managers who worked at and/or periodically and continuously visited at the Drilling Site.

45. At all times material hereto, Defendants Cabot Oil and Precision Drilling established corporate policies and procedures, including safety policies and procedures, for the Drilling Site.

46. At all times material hereto, Defendants Cabot Oil and Precision Drilling established policies for the purchasing, use and/or replacement of equipment, components and/or supplies on the Drilling Site.

47. At all times material hereto, Defendants Cabot Oil and Precision Drilling provided the machinery and equipment that workers were required to use at the Drilling Site in order to perform their job duties.

48. At all times material hereto, Defendants Cabot Oil and Precision Drilling were responsible for providing and implementing adequate and proper training, safety training and/or implementing safety policies and procedures for the work being performed at the Drilling Site.

49. Upon information and belief, Defendants Cabot Oil and Precision Drilling owned, operated, supervised, leased and/or controlled the equipment on the Drilling Site.

50. At all times material hereto, Defendants Cabot Oil and Precision Drilling were responsible for the work and supervision of all work being performed on the Drilling Site.

51. At all times material hereto, Defendants Cabot Oil and Precision Drilling owed a duty to those persons lawfully engaged in work on the Drilling Site, including Mr. Chappell.

52. At all times material hereto, Defendants Cabot Oil and Precision Drilling had a duty to warn persons working on the Drilling Site and to safeguard persons working on the Drilling Site, including Mr. Chappell, a business invitee, from unsafe work conditions and/or

work practices.

53. At all times material hereto, Defendants Cabot Oil and Precision Drilling had a duty to train workers on the Drilling Site in the proper and safe use and operation of machinery and equipment, and to ensure that only trained personnel were permitted to work on the Drilling Site.

***The Accident***

54. On April 13, 2021, at approximately 1:30 a.m., plaintiff's decedent, Delyle Chappell, was on the rig floor in the vicinity of the Pipe Wrangler that was transporting a 40-foot-long pipe.

55. At all times material hereto, Mr. Chappell was not assisting in this process and was working in the ordinary scope of his employment.

56. Upon information and belief, the Pipe Wrangler had malfunctioned earlier in the work shift, before to the subject accident.

57. Upon information and belief, despite the Pipe Wrangler's earlier malfunction, Defendants Cabot Oil and Precision Drilling continued to use the Pipe Wrangler.

58. Upon information and belief, the Pipe Wrangler had two sets of controls, the pedestal controls (on the rig floor), and the ground level controls (on the ground level).

59. At all times material hereto, the control operator of the Pipe Wrangler was an employee, servant, and actual, apparent, and/or ostensible agent, acting within the course and scope of their employment, service, and/or agency, of Defendant Precision Drilling.

60. Upon information and belief, while transporting the 40-foot-ling pipe, the Pipe Wrangler malfunctioned which required the control operator to cease using the pedestal controls and to switch to the ground level controls.

61. Upon information and belief, while using the ground level controls, the control operator must rely upon a co-worker to provide hand signals to indicate when to lower the transported pipe onto the ground.

62. Upon information and belief, during this process, the control operator turned away from the controls and when reaching back to the controls, observed that the pipe was still being raised.

63. Upon information and belief, the control panel lever is supposed to return to neutral when not activated.

64. The actions of the control operator under the direction and control of Defendants Cabot Oil and Precision Drilling caused the 40-foot-long pipe to strike Mr. Chappell causing catastrophic and fatal injuries.

**COUNT I – NEGLIGENCE**
**PLAINTIFF v. CABOT OIL & GAS CORPORATION AND COTERRA ENERGY, INC. f/k/a CABOT OIL & GAS CORPORATION**

65. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth, at length, herein.

66. At all times material hereto, Cabot Oil owed a duty to those persons engaged in work on the Drilling Site, including Mr. Chappell, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform work.

67. Cabot Oil, by and through its agents, servants, workmen and/or employees, was careless, reckless, grossly negligent and negligent in:

a. failing to adequately ensure the safety of the worksite;

b. failing to provide Mr. Chappell, a business invitee, with a safe place in which to work;

c. failing to adequately implement any safety measures, plans, recommendations, designs, specifications, inspections and safety procedures;

d. failing to adequately inspect and oversee the project for dangerous and hazardous conditions;

e. failing to adequately supervise the Drilling Site;

f. breaching its duties under the Restatement of the Law of Torts (Second) including, but not limited to, 324A, 343, 343A, 364;

g. violating applicable OSHA regulations including, but not limited to, 29 CFR 1926;

h. failing to adopt, enact, employ, and/or enforce proper and adequate safety programs, precautions, procedures, measures and plans in connection with onsite l drilling;

i. failing to properly train and supervise its own employees and contractors' and subcontractors' employees in safe and proper drilling operations;

j. failing to hire competent general contractors, employees, foremen, superintendents, managers, safety inspectors, safety directors, contractors and/or subcontractors;

k. failing to warn Mr. Chappell, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing at the Drilling Site;

l. failing to adopt, enact, employ and/or enforce proper and adequate safety equipment, programs, precautions, procedures, measures, and/or plans in connection with the Pipe Wrangler operation;

m. failing to perform and furnish construction and/or drilling services in conformity with the standard of care then and there prevailing in the construction and/or drilling industry at the time said services were performed and furnished;

n. failing to warn Mr. Chappell, a business invitee, of the hazardous conditions of the drilling operations;

o. performing and furnishing construction and/or drilling services in a wholly inadequate and negligent manner;

p. failing to properly supervise the construction and/or drilling work;

q. failing to coordinate with other entities and subcontractors at the project;

r. failing to perform a Job Hazard Analysis and/or Safety Task Analysis;

s. failing to enforce Job Hazard Analysis and/or Safety Task Analysis requirements;

t. failing to properly inspect, supervise, and/or monitor the work in a proper manner;

u. failing to provide adequate safety supervision, training, equipment and/or machinery to workers on the project, such as Mr. Chappell;

v. failing to use a spotter to assure safe drilling operations;

w. failure to conduct a pre-work hazard and risk assessment for the drilling operations;

x. failing to discuss and analyze the work to ensure safe use of Pipe Wrangler;

y. failing to ensure that the control operator was competent and qualified;

z. failing to stop the Pipe Wrangler when a worker was in close proximity of the pipe;

aa. failing to adopt, enact and/or implement an echo/repeat procedure when operating heavy machinery;

bb. failing to adopt, enact and/or implement an echo/repeat procedure when communicating critical operational commands when operating heavy machinery;

cc. failing to adopt, enact and/or implement proper and adequate safety devices and other safety equipment;

dd. failing to adopt, enact and/or implement a formal safety course;

ee. creating, permitting and allowing a dangerous Pipe Wrangler hazard to remain for an unreasonable time without removing the dangerous condition and/or guarding against it;

ff. failing to coordinate with other entities and subcontractors on the project; and

gg. failing to postpone work until proper and necessary precautions could be taken to safeguard workers, including Mr. Chappell, when the Pipe Wrangler malfunctioned.

68. As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Cabot Oil, Mr. Chappell suffered catastrophic and fatal injuries.

69. Cabot Oil's actions and/or in-actions were substantial factors and/or factual causes and/or increased the risk of Mr. Chappell.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, Cabot Oil & Gas Corporation and Coterra Energy, Inc. f/k/a Cabot Oil & Gas Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT II – NEGLIGENCE**
**PLAINTIFF v. PRECISION DRILLING CORPORATION AND PRECISION DRILLING COMPANY, LP**

70. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth, at length, herein.

71. At all times material hereto, Precision Drilling owed a duty to those persons engaged in work on the Drilling Site, including Mr. Chappell, to provide a reasonable safe environment, free from unreasonable hazards, within which to perform the work.

72. Precision Drilling, by and through its agents, servants, workmen and/or employees, was careless, reckless, grossly negligent and negligent in:

a. failing to adequately ensure the safety of the worksite;

b. failing to provide Mr. Chappell, a business invitee, with a safe place in which to work;

c. failing to adequately implement any safety measures, plans, recommendations, designs, specifications, inspections and safety procedures;

d. failing to adequately inspect and oversee the project for dangerous and hazardous conditions;

e. failing to adequately supervise the Drilling Site;

f. breaching its duties under the Restatement of the Law of Torts (Second) including, but not limited to, 324A, 343, 343A, 364;

g. violating applicable OSHA regulations including, but not limited to, 29 CFR 1926;

h. failing to adopt, enact, employ, and/or enforce proper and adequate safety programs, precautions, procedures, measures and plans in connection with onsite l

drilling;

i. failing to properly train and supervise its own employees and contractors' and subcontractors' employees in safe and proper drilling operations;

j. failing to hire competent general contractors, employees, foremen, superintendents, managers, safety inspectors, safety directors, contractors and/or subcontractors;

k. failing to warn Mr. Chappell, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing at the Drilling Site;

l. failing to adopt, enact, employ and/or enforce proper and adequate safety equipment, programs, precautions, procedures, measures, and/or plans in connection with the Pipe Wrangler operation;

m. failing to perform and furnish construction and/or drilling services in conformity with the standard of care then and there prevailing in the construction and/or drilling industry at the time said services were performed and furnished;

n. failing to warn Mr. Chappell, a business invitee, of the hazardous conditions of the drilling operations;

o. performing and furnishing construction and/or drilling services in a wholly inadequate and negligent manner;

p. failing to properly supervise the construction and/or drilling work;

q. failing to coordinate with other entities and subcontractors at the project;

r. failing to perform a Job Hazard Analysis and/or Safety Task Analysis;

s. failing to enforce Job Hazard Analysis and/or Safety Task Analysis requirements;

t. failing to properly inspect, supervise, and/or monitor the work in a proper manner;

u. failing to provide adequate safety supervision, training, equipment and/or machinery to workers on the project, such as Mr. Chappell;

v. failing to use a spotter to assure safe drilling operations;

w. failure to conduct a pre-work hazard and risk assessment for the drilling operations;

x. failing to discuss and analyze the work to ensure safe use of Pipe Wrangler;

y. failing to ensure that the control operator was competent and qualified;

z. failing to stop the Pipe Wrangler when a worker was in close proximity of the pipe;

aa. failing to adopt, enact and/or implement an echo/repeat procedure when operating heavy machinery;

bb. failing to adopt, enact and/or implement an echo/repeat procedure when communicating critical operational commands when operating heavy machinery;

cc. failing to adopt, enact and/or implement proper and adequate safety devices and other safety equipment;

dd. failing to adopt, enact and/or implement a formal safety course;

ee. creating, permitting and allowing a dangerous Pipe Wrangler hazard to remain for an unreasonable time without removing the dangerous condition and/or guarding against it;

ff. failing to coordinate with other entities and subcontractors on the project; and

gg. failing to postpone work until proper and necessary precautions could be taken to safeguard workers, including Mr. Chappell, when the Pipe Wrangler malfunctioned.

73. As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Precision Drilling, Mr. Chappell suffered catastrophic and fatal injuries.

74. Precision Drilling's actions and/or in-actions were substantial factors and/or factual causes and/or increased the risk of harm to Mr. Chappell.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, Precision Drilling Corporation and Precision Drilling Company, LP, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT III – NEGLIGENCE**
**PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.**

75. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth, at length, herein.

76. At all relevant times, Defendant Forum Energy was the manufacturer, designer, installer, marketer, seller and/or servicer of the Pipe Wrangler.

77. At all relevant times, Defendant Forum Energy owed numerous duties of care to Plaintiff to safeguard, mitigate, warn of, educate about and/or eliminate the inherent dangers posed by the Pipe Wrangler and absence of safe operator controls.

78. Defendant Forum Energy, by and through its actions and/or omissions, was careless, negligent, grossly negligent, and/or reckless in the following respects:

a. failing to design and/or utilize proper designs for the manufacture, assembly, sale, and distribution of the Pipe Wrangler so as to minimize the risk of injury or death to persons like Mr. Chappell;

b. failing to direct and require installers/assemblers to adhere to applicable safety regulations and standards;

c. failing to adequately inform and warn purchasers and ultimate users of the Pipe Wrangler of the risk of ground level control operation;

d. designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

e. designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to the user;

f. designing, assembling, manufacturing, selling, supplying and distributing a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

g. designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all necessary safety features to protect users of said product;

h. designing, assembling, manufacturing, selling, supplying and distributing the Pipe Wrangler without proper controls;

i. designing, assembling, manufacturing, selling, supplying and distributing a product which could be designed more safely;

j. designing, assembling, manufacturing, selling, supplying and distributing a product without appropriate safety devices;

k. failing to incorporate safety measures into the Pipe Wrangler that would have prevented the risk of injury or death to its operators and workers nearby;

l. failing to adequately and properly test said product after its design and/or assembly under reasonably foreseeable circumstances; and

m. failing to recall and/or retrofit the Pipe Wrangler with safety measures that would have prevented the risk of injury its operators and workers nearby.

79. As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Forum Energy, Mr. Chappell suffered catastrophic and fatal injuries.

80. Forum Energy's actions and/or in-actions were substantial factors and/or factual causes and/or increased the risk of harm to Mr. Chappell.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT IV – STRICT LIABILITY (DESIGN DEFECT)**
**PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.**

81. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth, at length, herein.

82. At all relevant times, Defendant Forum Energy was engaged in the business of manufacturing, formulating, creating, designing, testing, labeling, packaging, supplying, marketing, promoting, selling, advertising, and otherwise introducing the parts that went into the Pipe Wrangler.

83. Precision Drilling's employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency, used the Pipe Wrangler.

84. Defendant Forum Energy marketed and advertised the Pipe Wrangler for use by individuals and business entities such as Precision Drilling.

85. At all relevant times, the Pipe Wrangler reached its intended customers, users and/or other persons coming into contact with them, including Mr. Chappell and Defendants Cabot Oil and Precision Drilling, without substantial change in the condition in which Defendant Forum Energy designed, produced, manufactured, sold, distributed, labeled, and marketed it.

86. Defendant Forum Energy had a duty to create the Pipe Wrangler in a way that was not unreasonably dangerous for its normal, intended, or anticipated use.

87. Defendant Forum Energy's Pipe Wrangler was defective – because it is unreasonably dangerous in that it is dangerous to an extent beyond that which an ordinary user would contemplate.

88. Further, the magnitude of the danger associated with the use of the Pipe Wrangler outweighs the utility of the Pipe Wrangler.

89. The dangers of the Pipe Wrangler were unknown to the ordinary user and was unacceptable to the ordinary user.

90. Mr. Chappell did not know of these dangers. And if Mr. Chappell would have known, these dangers would have been unacceptable to him.

91. Further, a reasonable person would conclude that the probability and seriousness of harm caused by the Pipe Wrangler outweighed the burden or costs of taking precautions.

92. Defendant Forum Energy knew, or should have known, of the unreasonable risks of harm associated with the use of and/or exposure to the Pipe Wrangler, namely its unreasonably dangerous condition and propensity to cause harm, when the Pipe Wrangler left Defendant Forum Energy's control.

93. At the time of Mr. Chappell's fatal injury, the Pipe Wrangler was being used in a normal, intended, or anticipated manner, known to Defendant Forum Energy.

94. The foreseeable risks associated with the use of Defendant Forum Energy's Pipe Wrangler exceeded the alleged benefits associated with its design.

95. Defects in Defendant Forum Energy's Pipe Wrangler was a producing cause, proximate cause, and substantial factor in Mr. Chappell's death.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT V – STRICT LIABILITY (MANUFACTURING DEFECT)**
**PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.**

96. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth, at length, herein.

97. At all relevant times, Defendant Forum Energy designed, manufactured, tested, marketed, sold, and distributed into the stream of commerce the Pipe Wrangler.

98. Defendant Forum Energy's quality control should have, but failed to, discover that the Pipe Wrangler had a defect.

99. At all relevant times, the Pipe Wrangler was defective in its manufacture in that the Pipe Wrangler posed an unreasonable risk of harm to users.

100. At all relevant times, the Pipe Wrangler failed to comport with its intended design and was unsafe for normal use.

101. The Pipe Wrangler manufactured by Defendant Forum Energy was unsafe, defective, and unreasonably dangerous before it left Defendant's possession, and was in the same condition when used by Precision Drilling as when placed into the stream of commerce by Defendant.

102. Defendant Forum Energy knew or should have known, based on the industry knowledge available at the time of its manufacture, that the Pipe Wrangler was defective, unsafe, and unreasonably dangerous to users.

103. At all relevant times, ordinary customers such as Precision Drilling could not and would not have recognized the potential defects, risks, and dangers of the Pipe Wrangler.

104. At all relevant times, the Pipe Wrangler was used in a manner which was reasonably foreseeable to Defendant Forum Energy.

105. Defect in Defendant Forum Energy's Pipe Wrangler was a producing cause, proximate cause, and substantial factor in Mr. Chappell's death.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT VI – STRICT LIABILITY (FAILURE TO WARN)**
**PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.**

106. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth, at length, herein.

107. At all relevant times, Defendant Forum Energy engaged in the business of manufacturing, formulating, creating, designing, testing, labeling, supplying, marketing,

promoting, selling, advertising, and otherwise introducing the Pipe Wrangler.

108. Defendant Forum Energy marketed and advertised its Pipe Wrangler for use by consumers, including Precision Drilling.

109. Defendant Forum Energy had a duty to warn of the risks associated with the use of the Pipe Wrangler.

110. Defendant Forum Energy knew, or should have known, of the unreasonable risks of harm associated with the use of the Pipe Wrangler, namely its unreasonably dangerous properties and its propensity to cause serious bodily injury.

111. Defendant Forum Energy failed to disseminate minimal warnings and failed to communicate the dangers attendant to use of the Pipe Wrangler.

112. As a result of Defendant Forum Energy's inadequate warnings, Defendant's Pipe Wrangler was defective and unreasonably dangerous when it left Defendant's possession, control, or both.

113. Due to the absence of any warning or instruction by Defendant Forum Energy regarding the significant safety risks posed by the Pipe Wrangler, Mr. Chappell was unaware that Defendant's Pipe Wrangler was unreasonably dangerous, since such information was not known to the general public.

114. Defendant Forum Energy disseminated information that was inaccurate, false, and misleading and that failed to communicate accurately or adequately the comparative severity and extent of the risk of injuries associated with use of the Pipe Wrangler; continued to promote the safety, efficiency, and efficacy of the Pipe Wrangler, even after they knew or should have known of the unreasonable risks from use; and concealed, downplayed, or otherwise suppressed, through aggressive marketing and promotion, any information or research about the risks and dangers of use of the Pipe Wrangler.

115. Defendant Forum Energy's failure to warn regarding the dangers associated with use of the Pipe Wrangler was a producing cause, proximate cause, and substantial factor in Mr. Chappell's death.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT VII – NEGLIGENT DESIGN**
**PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.**

116. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth, at length, herein.

117. At all relevant times, Defendant Forum Energy was engaged in the business of labeling, packaging, marketing, promoting, selling, advertising, and otherwise introducing the Pipe Wrangler to consumers, such as Precision Drilling.

118. Defendant Forum Energy had a duty to exercise reasonable care in the packaging, marketing, advertisement, supply, promotion, sale, and distribution of the Pipe Wrangler, including a duty to assure that the Pipe Wrangler would not cause serious bodily injury.

119. Defendant Forum Energy had a duty to provide true and accurate information and warnings concerning the risks of using the Pipe Wrangler.

120. Defendant Forum Energy failed to exercise ordinary care in that they knew, or should have known, of the unreasonable risks of harm associated with the use of the Pipe Wrangler, namely the Pipe Wrangler's unreasonably dangerous properties and the Pipe Wrangler's propensity to cause serious bodily injury.

121. Defendant Forum Energy also knew, or in the exercise of reasonable care, should have known that consumers and users of the Pipe Wrangler were unaware of the safety risks associated with use of the Pipe Wrangler.

122. Defendant Forum Energy's negligence includes, but is not limited to the following acts and/or omissions:

a. Marketing, advertising, and recommending the use of the Pipe Wrangler without sufficient knowledge as to its dangerous propensities;

b. Representing that the Pipe Wrangler was safe for their intended use when it was not;

c. Failing to disclose the risk of serious harm associated with use of the Pipe Wrangler;

d. Failing to provide adequate instructions, guidelines, and safety precautions to protect the health of those persons whom Defendant could reasonably foresee would use the Pipe Wrangler;

e. Representing that the Pipe Wrangler they manufactured was safe for its intended use when it was not;

f. Failing to disclose the risk of serious harm associated with the use of the Pipe Wrangler;

g. Working to ensure that consumers of the Pipe Wrangler were not warned about the dangerous characteristics of the Pipe Wrangler;

h. Continuing to disseminate information to Defendant's consumers and the general public that indicates or implies that the Pipe Wrangler is not unsafe for use; and

i. Continuing to manufacture and sell the Pipe Wrangler, with the knowledge that the Pipe Wrangler was unreasonably dangerous.

123. It was reasonably foreseeable that individuals such as Mr. Chappell would suffer serious and permanent injuries, including death, as a result of Defendant Forum Energy's failure to exercise ordinary care in the manufacturing, marketing, promotion, labeling, distribution, and sale of the Pipe Wrangler.

124. Defendant Forum Energy under-reported, underestimated, and downplayed the serious dangers of the Pipe Wrangler.

125. Defendant Forum Energy's ongoing negligent decisions to market and distribute the Pipe Wrangler was a producing cause, proximate cause, and substantial factor in the severe and permanent injuries suffered by Mr. Chappell.

126. Defendant Forum Energy's ongoing negligent decisions to market and distribute the Pipe Wrangler was a producing cause, proximate cause, and substantial factor in Mr. Chappell's death.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT VIII – WRONGFUL DEATH**
**PLAINTIFF v. ALL DEFENDANTS**

127. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

128. Plaintiff, as Administrator of the Estate of Delyle Walter Chappell, brings this action on behalf of those entitled by law to recover for his wrongful death, under and by virtue of 42 Pa. C.S. § 8301, *et seq.*, commonly known as the Pennsylvania Wrongful Death Statute.

129. There has been no action brought nor any recovery made during the lifetime of Mr. Chappell for the damages claimed in this action.

130. Plaintiff claims damages for the pecuniary loss suffered by Mr. Chappell's beneficiaries and by reason of death of Mr. Chappell, and specifically for reimbursement of

medical expenses, funeral expenses, and expenses of administration.

131. Plaintiff, as Administrator of the Estate of Delyle Walter Chappell, claims damages resulting from the deprivation of companionship, comfort, society, guidance, solace, and protection to his beneficiaries and their profound emotional and psychological loss due to the death of Mr. Chappell.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT IX – SURVIVAL ACTION**
**PLAINTIFF v. ALL DEFENDANTS**

132. Plaintiffs incorporate the preceding paragraphs as if fully set forth at length herein.

133. Plaintiff, as Administrator of the Estate of Delyle Walter Chappell, brings this action under and by virtue of 42 Pa. C.S. § 8302, commonly known as the Pennsylvania Survival Act.

134. The Estate of Delyle Walter Chappell claims all damages for pain and suffering, embarrassment, humiliation, disfigurement, and loss of enjoyment of life undergone by the decedent as a result of the Defendant's tortious conduct, up to and including the time of death, and damages for the amount that Mr. Chappell would have earned from the date of his death to the end of his life expectancy.

**WHEREFORE**, Plaintiff, Justina Chappell, Individually and as Administer of the Estate of Delyle Walter Chappell, demands judgment against Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

Respectfully submitted,

**SALTZ MONGELUZZI BENDESKY**

BY: */s/ Robert J. Mongeluzzi*
ROBERT J. MONGELUZZI
ANDREW R. DUFFY
MICHAEL A. BUDNER

DocuSign Envelope ID: 02C787D6-74C1-4507-90E6-60097B9D91A5

**VERIFICATION**

I, Justina Chappell, hereby state that I am the Plaintiff in the within action and verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief, and that I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

DocuSigned by:

FF6189C4A00245F...

JUSTINA CHAPPELL

Dated: March 6, 2023

IN THE DISTRICT COURT IN AND FOR THE THIRD JUDICIAL DISTRICT
UINTA COUNTY, WYOMING

IN THE MATTER OF THE ESTATE OF ) Probate No. 22-CV-321
)
DELYLE WALTER CHAPPELL, )
)
Deceased. )

FILED IN THE DISTRICT COURT OF UINTA COUNTY, WYOMING
NOV - 9 2022
DEPUTY
KERRI WRIGHT
CLERK OF DISTRICT COURT

**LETTERS OF ADMINISTRATION**

WHEREAS, the estate of Delyle Walter Chappell, intestate decedent, having been admitted to administration in this Court; Justina Chappell, is hereby appointed Administer of the Estate of Delyle Walter Chappell.

WITNESS, Kerri M. Wright, Clerk of District Court of the Third Judicial District, in and for the County of Uinta, State of Wyoming, with the seal of said Court affixed this 9th day of ~~September,~~ November 2022.

Clerk of the District Court:

By: ______________________
Deputy Clerk

SEAL

CERTIFIED TO BE A FULL, TRUE, AND CORRECT COPY
KERRI WRIGHT
Clerk of District Court
BY ______________________



**Lackawanna County, PA**

ENTER
PAGE UP
PAGE DOWN
DONE
EXIT
DOCKETS
E-MAIL
ALTERNATE VIEW
BACK
TOP
BOTTOM

Case 3:23-cv-00404-JKM Document 1-1 Filed 04/10/23 Page 31 of 32

**Prothonotary - Inquiry - Case Detail- Alt. View**

Case No: **2023-01110** Filed Date/Time: **03/10/2023 2:28**
Case Type: **TORT - PRODUCT LIABILITY**
Caption: **CHAPPELL (vs) PRECISION**

Reference No: Judgment Amount: $.00
Judge Assigned: Execution Date: 00/00/0000
Disposed Desc: Jury Trial?
Case Comments: Disposition Date: 00/00/0000
Higher Court 1:
Higher Court 2:

| Sel | General Index - Litigant Names | Type |
|---|---|---|
| | CHAPPELL JUSTINA | PLAINTIFF |
| | CHAPPELL DELYLE WALTER ESTATE | PLAINTIFF |
| | RECISION DRILLING CORPORATION | DEFENDANT |
| | PRECISION DRILLING COMPANY LP | DEFENDANT |

More...

| Sel | Judgment Index - Litigant Names | Amount | Description |
|---|---|---|---|
| | No Judgment Litigants On File | $.00 | |

Bottom



**Lackawanna County, PA**

ENTER
DONE
EXIT
E-MAIL
BACK

**Prothonotary - Inquiry - Dockets Entries**

Case No: **2023-01110** Filed Date/Time: **03/10/2023 2:28**

Case Type: **TORT - PRODUCT LIABILITY**

Caption: **CHAPPELL (vs) PRECISION**

Position to Date: 00/00/0000 Position to Page: of 1

| Sel | Date | Description | Pages | Img |
|---|---|---|---|---|
| | 03/10/2023 | COMPLAINT FILED. | 29 | |

Bottom

Case 3:23-cv-00404-JKM Document 1-1 Filed 04/10/23 Page 32 of 32