IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPELL, | ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | C.A. No. 3:23-cv-00604-RDM |
| PRECISION DRILLING CORPORATION, PRECISION DRILLING COMPANY, LP, CABOT OIL & GAS CORPORATION, COTERRA ENERGY, INC., FORUM ENERGY TECHNOLOGIES, INC., AND FORUM ENERGY SERVICES, INC. | ) ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## **PRECISION DRILLING CORPORATION'S RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Precision Drilling Corporation[1] moves to dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

---

[1] Precision Drilling Corporation notes that Plaintiff sued two entities with "Precision" in their name. This motion is only on behalf of Precision Drilling Corporation, and Precision Drilling Company, LP will be filing an answer.

## Summary of the Argument

Precision Drilling Corporation is a corporation organized under the laws of Canada with its principal place of business in Canada. It is not subject to general jurisdiction in Pennsylvania. And Precision Drilling Corporation lacks the requisite contacts with this jurisdiction to be subject to specific jurisdiction because it had no employees on site, no oversite or control over the operations, and was not involved in the incident underlying this suit (i.e., it did not purposefully avail itself of this forum and lacks the requisite minimum contacts with Pennsylvania to be subject to specific jurisdiction).

Because this Court lacks personal jurisdiction over Precision Drilling Corporation, Precision Drilling Corporation requests that the Court dismiss the claims against it.

## Background

**A.    Factual background.**

This is an alleged wrongful death suit. Plaintiff claims that Delyle Walter Chappell was employed by Franks' International. (*See* ECF No. 1, Ex At, Pl.'s Pet. ¶ 34). Plaintiff alleges that Mr. Chappell was injured while working on a well site in Marcellus Shale. (*Id.* at ¶¶ 54–64).

As to Precision Drilling Corporation, Plaintiff contends that "Cabot Oil contracted with Defendants Precision Drilling Corporation and Precision Drilling Company, LP . . . to be the drilling manager, construction manager, prime contractor and/or general contractor for the Drilling Site, including the work being performed by Mr. Chappell." (*Id.* at ¶ 31). Plaintiff then (improperly) groups the two Precision entities together as "Precision Drilling" and asserts several claims a stemming for onsite related activities as to both entities. As will be discussed below, Precision Drilling Corporation lacked any involvement with well operations giving rise to this suit.

**B.     Jurisdictional facts relating to Precision Drilling Corporation.**

Plaintiff alleges, "Precision Drilling Corporation, is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at" 2640 Reach Road, Williamsport, Pennsylvania 17701. (*Id.* at ¶ 7).

Plaintiff's jurisdictional allegations are wrong. Precision Drilling Corporation is a company organized under the laws of Canada with its principal place of business in Canada.[2]

The evidence also establishes that Precision Drilling Corporation was not involved in any way with the operations that were being conducted on the well at issue.[3]

**C.    Procedural history.**

Plaintiff filed suit in Lackawanna County Court of Common Pleas on March 10, 2023. (ECF No. 1, Ex. A). Precision Drilling Corporation received a copy of the complaint on or around March 20, 2023. Precision Drilling Corporation removed this lawsuit to this court on April 10, 2023. (ECF No. 1).

<u>**Argument**</u>

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the

---

[2] A search of the Pennsylvania Department of State's business database https://file.dos.pa.gov for "Precision Drilling" shows no Pennsylvania entity by the name of "Precision Drilling Corpration." At best, this website shows that "Precision Drilling (US)" is a fictious name of Precision Drilling Company, LP, which is located in Houston, Texas.
[3] Ex. A, Declaration of Mike Skuce, ¶¶ 4–5.

4

moving defendants." *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3rd Cir. 2004). While plaintiff's initial pleading need only make out a prima facie case of jurisdiction, "once these allegations are contradicted by an opposing affidavit, however, plaintiffs must present similar evidence in support of personal jurisdiction." *See In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009).

Unlike other Rule 12 motions, "Rule 12(b)(2) does not limit the scope of this court's review to the face of the pleadings." *Id.* (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). "Consideration of affidavits submitted by the parties is appropriate, and, typically, necessary." *Id.* (citing *Patterson by Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990)).

A district court can exercise two forms of personal jurisdiction: (i) general jurisdiction, or (ii) specific jurisdiction. *Id.* at 557. As will be discussed below, the Court lacks personal jurisdiction over Precision Drilling Corporation under either strand of jurisdiction.

**A.    Precision Drilling Corporation is not subject to general jurisdiction.**

**1.    General jurisdiction standard.**

The United States Supreme Court has analyzed the limited reach of general jurisdiction several times over the past decade (notably, in each case

the Court found general jurisdiction lacking outside the defendant's single, established principal place of business). *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–929 (2011); *Diamler AG v. Bauman*, 571 U.S. 117, 136–139 (2014); *BNSF Ry. v. Tyrell*, 581 U.S. 402 (2017). In *Diamler*, the Court explained that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose" or general jurisdiction. *See Diamler*, 571 U.S. at 137. The touchstone of the inquiry is that the corporation must be "essentially at home" in the jurisdiction to be subject to general jurisdiction. *See BSNF*, 581 U.S. at 414. As for a corporation, "the 'paradigm' forums in which a corporation defendant is 'at home' are the corporation's place of incorporation and its principal place of business." *Id.* at 413.

The rationale behind limiting general jurisdiction is that "a corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 414. In *BSNF* for example, the Court held that, among other things, having 2,000 miles of railroad track and 2,000 employees in Montana was, when viewed in context of the company's entire business, insufficient to find the existence of general jurisdiction outside the company's principal place of business. *Id.*

The Supreme Court also noted that "in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* As an example of an "exceptional case," the Court pointed to *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 473 (1952). *See id.* The Court explained that the corporate defendant in *Perkins* had relocated from the Philippines to Ohio because of a war, and, as a result, was subject to general jurisdiction in Ohio because "Ohio then became 'the center of the corporation's wartime activities.'" *Id.* This is an extreme and rare example that has no applicability here.

### 2. The facts negate general jurisdiction.

The evidence establishes that Precision Drilling Corporation is not subject to general jurisdiction in Pennsylvania. The attached affidavit establishes that Precision Drilling Corporation is incorporated in Canada and its principal place of business is in Canada.[4] This evidence is dispositive.

Precision Drilling Corporation recognizes that theoretically a rare exception might exist where a company is subject to general jurisdiction

---

[4] Ex. A, Declaration of Mike Skuce, ¶ 3.

outside where it is incorporated or its principal place of business. Plaintiff, however, has plead no facts to support that this is such an extraordinary circumstance, and, further, will be unable to do so.

Precision Drilling is not subject to general jurisdiction in Pennsylvania.

**B.** **Precision Drilling Corporation is not subject to specific jurisdiction.**

    **1.** **Specific jurisdiction standard.**

"Specific personal jurisdiction depends on satisfying a three-part inquiry." *Kyko Global, Inc. v. Bhongir*, 807 F. App.'x 149, 151 (3d Cir. 2020). "First, the defendant must have 'purposefully directed [its] activities' at the forum state." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Second, the litigation must 'arise out of or relate to at least one of those activities.'" *Id.* (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 416 (1984)). "Third and last, if the first two steps of the inquiry have been met, the court must consider whether the exercise of personal jurisdiction 'comport[s] with fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476).

    **2.** **The facts negate specific jurisdiction.**

Simply stated, Precision Drilling Corporation had no contacts with Pennsylvania related to this incident at all. It did not work on the well at

issue; it did not direct or oversee operations; and it had no employees on site.[5] In legal terms, Precision Drilling Corporation did not purposefully avail itself of this forum and lacks the requisite minimum contacts with the forum to be subject to specific jurisdiction. In fact, Plaintiff pleads no actual facts to support specific jurisdiction, but, instead, merely offers conclusory statements that simply track the jurisdictional standards that this entity carried out business in Pennsylvania. *See Marks v. Alfa Grp.*, 369 F. App'x 368, 370 (3d Cr. 2010) (holding that "the factual allegations in [plaintiff's] complaint do not support [plaintiff's] conclusory allegations that defendants aimed their conduct at Pennsylvania."); *Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*, No. 3:14-cv-00852, 215 WL 5965007, at *4 (M.D. Pa. Oct. 13, 2015) (discussing that courts "do not accept legal conclusions, without factual support, as true" in deciding a Rule 12(b)(2) motion); *Heartreprenuer, LLC v. Jones*, No. 18-2417, 2020 WL 2839102, at *3 (E.D. Pa. June 1, 2020) ("Plaintiffs must allege 'specific facts' and not vague or conclusory assertions" of jurisdiction and must state the facts with "reasonable particularity"). In light of the evidence, these conclusory allegations are insufficient.

---

[5] Ex. A, Declaration of Mike Skuce, ¶¶ 4–5.

The only connection that Precision Drilling Corporation has to the incident at issue is that it is the ultimate parent company to Precision Drilling Company, LP.[6] But this relationship alone does not subject Precision Drilling Corporation to jurisdiction here. *See Action Mfg. Co., Inc. v. Simon Wrecking, Co.*, 375 F. Supp. 2d 411, 420 (E.D. Pa. 2005) (discussing the limited circumstances where contacts of a subsidiary may be imputed to the parent company and noting that "a foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in that state").

Precision Drilling Corporation is not subject to specific jurisdiction.

## **Conclusion**

This Court lacks personal jurisdiction over Precision Drilling Corporation, and, as such, Precision Drilling Corporation respectfully requests that the Court dismiss Plaintiff's claims against it.

Dated: April 17, 2023.

---

[6] *Id.* at ¶ 3.

Respectfully submitted,

   /s/ *Ty E. Howard*
Ty E. Howard (PA Bar No. 86603)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, Tennessee 37203
615.252.2376
thoward@bradley.com

## CERTIFICATE OF SERVICE

    I certify that on April 17, 2023, I filed the foregoing through the Court's CM/ECF filing program and email.

   /s/ *Ty E. Howard*
Ty Howard