IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTINA CHAPPELL, | ) | |
| AS ADMINISTER OF THE ESTATE | ) | |
| OF DELYLE WALTER CHAPPELL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | C.A. No. 3:23-cv-00604-RDM |
| | ) | |
| PRECISION DRILLING | ) | |
| CORPORATION, PRECISION | ) | |
| DRILLING COMPANY, LP, | ) | |
| CABOT OIL & GAS CORPORATION, | ) | |
| COTERRA ENERGY, INC., | ) | |
| FORUM ENERGY | ) | |
| TECHNOLOGIES, INC., AND FORUM | ) | |
| ENERGY SERVICES, INC. | ) | |
| | ) | |
| *Defendants*. | ) | |

## PRECISION DRILLING COMPANY, LP'S ANSWER

Precision Drilling Company, LP ("Precision") files this answer to

Plaintiff's complaint.

## Objection

In Paragraph 31, Plaintiff defines as "Precision Drilling" as Precision

Drilling Corporation and Precision Drilling Company, LP collectively.

Plaintiff then uses this term throughout its complaint. This group pleading

is improper, particularly since Precision Drilling Corporation is not subject to personal jurisdiction. Precision Drilling Company, LP—the entity filing this answer—objects to this group pleading. Precision Drilling Company LP will interpret the phrase "Precision Drilling" to include and refer to Precision Drilling Company LP only. To the extent any allegation is construed as relating to Precision Drilling Corporation, for purposes of this answer, that allegation is expressly denied.

## **<u>Answer</u>**

1.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 1 of the complaint, and, therefore, denies those allegations.

2.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 2 of the complaint, and, therefore, denies those allegations.

3.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 3 of the complaint, and, therefore, denies those allegations.

4.     While Precision has no basis to contest the authenticity of the document attached to Exhibit A of Plaintiff's complaint, the effect of that document is a legal conclusion to which no response is required.

5.     Precision does not deny that Plaintiff is bringing this suit in the capacity alleged, whether that is proper is a legal conclusion to which no response is required.

6.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 6 of the complaint, and, therefore, denies those allegations.

7.     Precision denies the allegations in Paragraph 7.

8.     Precision denies the allegations in Paragraph 8.

9.     Precision denies the allegations in Paragraph 9.

10.     Precision admits the allegations in Paragraph 10.

11.     Precision admits that it does business in denies the allegations in Paragraph 11.

12.     Paragraph 12 does not require and admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph is construes to contain factual allegations, Precision denies the same.

13.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 13 of the complaint, and, therefore, denies those allegations.

14.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 14 of the complaint, and, therefore, denies those allegations.

15.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 15 of the complaint, and, therefore, denies those allegations.

16.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 16 of the complaint, and, therefore, denies those allegations.

17.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 17 of the complaint, and, therefore, denies those allegations.

18.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 18 of the complaint, and, therefore, denies those allegations.

19.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 19 of the complaint, and, therefore, denies those allegations.

20.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 20 of the complaint, and, therefore, denies those allegations.

21.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 21 of the complaint, and, therefore, denies those allegations.

22.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 22 of the complaint, and, therefore, denies those allegations.

23.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 23 of the complaint, and, therefore, denies those allegations.

24.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 24 of the complaint, and, therefore, denies those allegations.

25. Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 25 of the complaint, and, therefore, denies those allegations.

26. Paragraph 26 does not require and admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph is construes to contain factual allegations, Precision admits that this Court has jurisdiction and that no other court has exclusive jurisdiction.

*The Project*

27. Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 27 of the complaint, and, therefore, denies those allegations.

28. Precision admits the allegations in Paragraph 28.

29. Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 29 of the complaint, and, therefore, denies those allegations.

30. Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 30 of the complaint, and, therefore, denies those allegations.

31.     Precision admits that it entered into a contract with Cabot Oil to provide a drilling rig and personnel for the drilling of the subject well. Precision denies the remaining allegations in Paragraph 31.

32.     Precision admits that Mr. Chappell was not an employee of Precision or Cabot Oil.

33.     Precision denies the allegations in paragraph 33.

34.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 34 of the complaint, and, therefore, denies those allegations.

35.     Precision admits that it did not have a direct contract with Frank's International, but avers that it is owed defense and indemnity from Frank's International pursuant a contract by and between Cabot Oil and Frank's International.  Precision denies the remainder of the allegations in paragraph 35.

36.     Precision admits that the work being performed at the time of the incident involved the use of a piece of equipment known as a "Pipe Wrangler."

37.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 37 of the complaint, and, therefore, denies those allegations.

38.     Precision admits that on the date of the underlying incident that Precision had policies and procedures relating to the work being performed. Precision is without knowledge or information sufficient to form a belief about the remaining averments in paragraph 38 of the complaint, and, therefore, denies those allegations.

39.     Paragraph 39 does not require an admission or denial because it contains non-factual allegations and legal conclusions.  Precision admits that businesses have an obligation to exercise reasonable care when such a duty exists.

40.     Paragraph 40 does not require an admission or denial because it contains non-factual allegations and legal conclusions.  Subject thereto, Precision admits that a business owner should exercise reasonable care when training its workers and/or employees to perform their work in a safe manner.  Precision denies the remaining allegations in this paragraph.

41.     Paragraph 41 does not require an admission or denial because it contains non-factual allegations and legal conclusions. Subject thereto,

Precision admits that a business owner should exercise reasonable care when training its workers and/or employees to perform their work in a safe manner and work in a safe environment. To the extent Paragraph 38 is construed to contain factual allegations, Precision denies the remaining allegations in this paragraph.

42. Paragraph 42 does not require an admission or denial because it contains non-factual allegations and/or legal conclusions. Subject thereto, Precision admits that a business owner should act with reasonable care when the duty exists. To the extent Paragraph 38 is construed to contain factual allegations, Precision denies the remainder of the allegations in this paragraph.

43. Paragraph 43 does not require an admission or denial because it contains non-factual allegations and/or legal conclusions. To the extent Paragraph 38 is construed to contain factual allegations, Precision denies the same.

44. Paragraph 44 does not require an admission or denial because it contains non-factual allegations and/or legal conclusions. To the extent Paragraph 38 is construed to contain factual allegations, Precision denies the

same except that Precision Drilling admits that it did employ individuals to work on the Drilling Site.

45.     Paragraph 45 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 43 is construed to contain factual allegations, Precision denies the allegations as to Precision and is without knowledge or information sufficient to form a belief about the averments related to other defendants, except that Precision did have safety policies and procedures for its own personnel relating to their work performed on the Drilling Site.

46.     Paragraph 44 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 44 is construed to contain factual allegations, Precision denies the allegations as to Precision and is without knowledge or information sufficient to form a belief about the averments related to other defendants, except that Precision did have policies relating to equipment owned and operated by Precision on the Drilling Site.

47.     Precision denies the allegations in Paragraph 45 as to Precision and/or is without knowledge or information sufficient to form a belief about the averments related to other defendants, except that Precision admits that

it did provide certain machinery and equipment to perform its work on the Drilling Site.

48.     Paragraph 48 does not require an admission or denial because it contains non-factual allegations and/or legal conclusions. To the extent Paragraph 48 is construed to contain factual allegations, Precision denies the allegations as to Precision and is without knowledge or information sufficient to form a belief about the averments related to other defendants, except that Precision did have provide and implement adequate and proper training and policies/procedures for its own personnel relating to their work performed on the Drilling Site.

49.     Precision denies the allegations in Paragraph 49 as to Precision and is without knowledge or information sufficient to form a belief about the averments related to other defendants, except Precision admits that it owned and operated certain equipment to perform its work on the Drilling Site.

50.     Precision denies the allegations in Paragraph 50 as to Precision and is without knowledge or information sufficient to form a belief about the averments related to other defendants, except Precision admits that it

had the responsibility to supervise the work of its own employees on the Drilling Site.

51.     Paragraph 51 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 51 is construed to contain factual allegations, Precision denies the allegations.

52.     Paragraph 52 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 52 is construed to contain factual allegations, Precision denies the allegations as to Precision and is without knowledge or information sufficient to form a belief about the averments related to other defendants.

53.     Paragraph 51 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 51 is construed to contain factual allegations, Precision denies the allegations as to Precision and is without knowledge or information sufficient to form a belief about the averments related to other defendants, except that Precision admits that it had a duty to exercise reasonable care in the training of its own employees.

### *The Accident*

54.     Precision denies the allegations in paragraph 54, except that Precision admits that on April 13, 2021 at approximately 1:30 a.m., Mr. Chappell was on the rig floor.

55.     Precision denies the allegations in paragraph 55, except Precision admits that Mr. Chappell was in the course and scope of his employment at the time of the underlying accident.

56.     Precision denies the allegations in paragraph 60 as presently phrased.

57.     Precision denies the allegations in paragraph 57.

58.     Precision admits the allegations in paragraph 58.

59.     Precision admits that operator of the Pipe Wrangler at the time of the underlying accident was an employee of Precision working in the course and scope of his employment.

60.     Precision denies the allegations in paragraph 60 as presently phrased.

61.     Precision denies the allegations in paragraph 61 as presently phrased.

62.     Precision denies the allegations in paragraph 62.

63.     Precision admits the allegations in paragraph 63.

64.     Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 63 of the complaint, and, therefore, denies those allegations.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. CABOT OIL & GAS CORPORATION AND COTERRA ENERGY, INC. f/k/a CABOT OIL & GAS CORPORATION

65.     Regarding the allegations in Paragraph 65 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

66.     As the allegations in Paragraph 66 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 66 of the complaint, and, therefore, denies those allegations.

67.     As the allegations in Paragraph 67 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 67 of the complaint, and, therefore, denies those allegations.

68.     As the allegations in Paragraph 68 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a

belief about the averments in paragraph 68 of the complaint, and, therefore, denies those allegations.

69.     As the allegations in Paragraph 69 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 69 of the complaint, and, therefore, denies those allegations.

## COUNT II – NEGLIGENCE
### PLAINTIFF v. PRECISION DRILLING CORPORATION AND PRECISION DRILLING COMPANY, LP

70.     Regarding the allegations in Paragraph 70 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

71.     Paragraph 71 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 71 is construed to contain factual allegations, Precision denies the allegations.

72.     Precision denies the allegations in Paragraph 72.

73.     Precision denies the allegations in Paragraph 73.

74.     Precision denies the allegations in Paragraph 74.

## COUNT III – NEGLIGENCE
## PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

75.     Regarding the allegations in Paragraph 75 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

76.     As the allegations in Paragraph 76 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 76 of the complaint, and, therefore, denies those allegations.

77.     As the allegations in Paragraph 77 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 77 of the complaint, and, therefore, denies those allegations.

78.     As the allegations in Paragraph 78 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 78 of the complaint, and, therefore, denies those allegations.

79.     As the allegations in Paragraph 79 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a

belief about the averments in Paragraph 79 of the complaint, and, therefore, denies those allegations.

80.     As the allegations in Paragraph 80 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 80 of the complaint, and, therefore, denies those allegations.

## COUNT IV – STRICT LIABILITY (DESIGN DEFECT)
## PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

81.     Regarding the allegations in Paragraph 81 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

82.     As the allegations in Paragraph 82 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 82 of the complaint, and, therefore, denies those allegations.

83.     As the allegations in Paragraph 83 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 83 of the complaint, and, therefore, denies those allegations.

84.     As the allegations in Paragraph 84 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 84 of the complaint, and, therefore, denies those allegations.

85.     As the allegations in Paragraph 85 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 85 of the complaint, and, therefore, denies those allegations.

86.     As the allegations in Paragraph 86 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 86 of the complaint, and, therefore, denies those allegations.

87.     As the allegations in Paragraph 87 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 87 of the complaint, and, therefore, denies those allegations.

88.     As the allegations in Paragraph 88 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a

belief about the averments in Paragraph 88 of the complaint, and, therefore, denies those allegations.

89.     As the allegations in Paragraph 89 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 89 of the complaint, and, therefore, denies those allegations.

90.     As the allegations in Paragraph 90 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 90 of the complaint, and, therefore, denies those allegations.

91.     As the allegations in Paragraph 91 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 91 of the complaint, and, therefore, denies those allegations.

92.     As the allegations in Paragraph 92 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 92 of the complaint, and, therefore, denies those allegations.

93. As the allegations in Paragraph 93 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 93 of the complaint, and, therefore, denies those allegations.

94. As the allegations in Paragraph 94 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 94 of the complaint, and, therefore, denies those allegations.

95. As the allegations in Paragraph 95 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 95 of the complaint, and, therefore, denies those allegations.

## COUNT V – STRICT LIABILITY (MANUFACTURING DEFECT)
### PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

96. Regarding the allegations in Paragraph 96 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

97. As the allegations in Paragraph 97 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a

belief about the averments in Paragraph 97 of the complaint, and, therefore, denies those allegations.

98.    As the allegations in Paragraph 98 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 98 of the complaint, and, therefore, denies those allegations.

99.    As the allegations in Paragraph 99 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 99 of the complaint, and, therefore, denies those allegations.

100.   As the allegations in Paragraph 100 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 100 of the complaint, and, therefore, denies those allegations.

101.   As the allegations in Paragraph 101 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 101 of the complaint, and, therefore, denies those allegations.

102.	As the allegations in Paragraph 102 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 102 of the complaint, and, therefore, denies those allegations.

103.	As the allegations in Paragraph 103 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 103 of the complaint, and, therefore, denies those allegations.

104.	As the allegations in Paragraph 104 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 104 of the complaint, and, therefore, denies those allegations.

105.	As the allegations in Paragraph 105 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 105 of the complaint, and, therefore, denies those allegations.

## COUNT V – STRICT LIABILITY (FAILURE TO WARN)
## PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

106.   Regarding the allegations in Paragraph 96 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

107.   As the allegations in Paragraph 107 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 107 of the complaint, and, therefore, denies those allegations.

108.   As the allegations in Paragraph 108 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 108 of the complaint, and, therefore, denies those allegations.

109.   As the allegations in Paragraph 109 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 109 of the complaint, and, therefore, denies those allegations.

110.   As the allegations in Paragraph 110 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a

belief about the averments in Paragraph 110 of the complaint, and, therefore, denies those allegations.

111.    As the allegations in Paragraph 111 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 111 of the complaint, and, therefore, denies those allegations.

112.    As the allegations in Paragraph 112 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 112 of the complaint, and, therefore, denies those allegations.

113.    As the allegations in Paragraph 113 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 113 of the complaint, and, therefore, denies those allegations.

114.    As the allegations in Paragraph 114 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 114 of the complaint, and, therefore, denies those allegations.

115.   As the allegations in Paragraph 115 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 115 of the complaint, and, therefore, denies those allegations.

## COUNT VII – NEGLIGENT DESIGN
### PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

116.   Regarding the allegations in Paragraph 116 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

117.   As the allegations in Paragraph 117 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 117 of the complaint, and, therefore, denies those allegations.

118.   As the allegations in Paragraph 118 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 118 of the complaint, and, therefore, denies those allegations.

119.   As the allegations in Paragraph 119 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a

belief about the averments in Paragraph 119 of the complaint, and, therefore, denies those allegations.

120.   As the allegations in Paragraph 120 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 120 of the complaint, and, therefore, denies those allegations.

121.   As the allegations in Paragraph 121 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 121 of the complaint, and, therefore, denies those allegations.

122.   As the allegations in Paragraph 122 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 122 of the complaint, and, therefore, denies those allegations.

123.   As the allegations in Paragraph 123 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 123 of the complaint, and, therefore, denies those allegations.

124.   As the allegations in Paragraph 124 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 124 of the complaint, and, therefore, denies those allegations.

125.   As the allegations in Paragraph 125 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 125 of the complaint, and, therefore, denies those allegations.

126.   As the allegations in Paragraph 126 relate exclusively to other parties, Precision is without knowledge or information sufficient to form a belief about the averments in Paragraph 126 of the complaint, and, therefore, denies those allegations.

## COUNT VII – WRONGFUL DEATH
## PLAINTIFF v. ALL DEFENDANTS

127.   Regarding the allegations in Paragraph 127 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

128.   Paragraph 128 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent

Paragraph 128 is construed to contain factual allegations, Precision denies the same.

129. Precision is without knowledge or information sufficient to form a belief about the averments in paragraph 129 of the complaint, and, therefore, denies those allegations.

130. Paragraph 130 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 130 is construed to contain factual allegations, Precision denies the same.

131. Paragraph 131 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 131 is construed to contain factual allegations, Precision denies the same.

## COUNT IX – SURVIVAL ACTION
### PLAINTIFF v. ALL DEFENDANTS

132. Regarding the allegations in Paragraph 132 of the complaint, Precision incorporates the admissions, denials, responses, and objections of the allegations above.

133. Paragraph 133 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 133 is construed to contain factual allegations, Precision denies the same.

134. Paragraph 134 does not require an admission or denial because it contains non-factual allegations and legal conclusions. To the extent Paragraph 134 is construed to contain factual allegations, Precision denies the same.

## AFFIRMATIVE DEFENSES

135. Pleading further and without waiving the foregoing, Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries resulting from an intervening or superseding or new and independent cause, which was the proximate, producing, or sole cause of the occurrences and injuries alleged by Plaintiff. Such separate and independent events destroyed the causal connection, if any, between any alleged breach of legal duty on the part of Defendant and any injuries alleged by Plaintiff, and thereby became the proximate, producing, or sole cause of the occurrences and alleged injuries, relieving Defendant of liability to Plaintiff.

136.  Plaintiff's claims are barred, in whole or in part, as to Defendant to the extent that Plaintiff's alleged damages were legally and proximately caused by the negligence, fault, negligence per se, assumption of the risk, and other culpable conduct of Plaintiff or other persons or parties over whom Defendant had no control who failed to exercise the same degree of care and caution, as well as common sense, for their safety, as would have been exercised by persons using ordinary care, caution, and common sense in the same or similar circumstances.

137.  Plaintiff's claims are barred, in whole, because Plaintiff was more than fifty percent responsible for his alleged injuries.

138.  Plaintiff's claims are barred, in whole or in part, because Plaintiff voluntarily participated in an activity which carries inherent risks of the very damages which the Plaintiff sustained.

139.  In the unlikely event that Defendant is held liable, which is not admitted and expressly denied, Defendant asserts its right to a full credit and reduction of the amount of Plaintiff's damages for the sum of the dollar amounts of all settlements, if any.

140.  Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to mitigate its damages.

141. Defendant reserves the right to amend and plead additional defenses.

Dated: April 17, 2023.

Respectfully submitted,

    /s/ *Ty E. Howard*
Ty E. Howard (PA Bar No. 86603)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, Tennessee 37203
615.252.2376
thoward@bradley.com

## **CERTIFICATE OF SERVICE**

I certify that on April 17, 2023, I filed the foregoing through the Court's CM/ECF filing program and email.

    /s/ *Ty E. Howard*
Ty Howard