## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTINA CHAPPELL AS ADMINISTRATOR OF THE ESTATE OF DELYLE WALTER CHAPPELL, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No.: 3:23-cv-00604-RDM |
| PRECISION DRILLING CORPORATION, PRECISION DRILLING COMPANY, LP, CABOT OIL & GAS CORPORATION, COTERRA ENERGY, INC., FORUM ENERGY TECHNOLOGIES, INC., AND FORUM ENERGY SERVICES, INC. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES TO COMPLAINT BY DEFENDANTS
## CABOT OIL & GAS CORPORATION AND COTERRA ENERGY, INC.

Defendants Cabot Oil & Gas Corporation and Coterra Energy, Inc. (collectively, "Coterra'"), by and through their undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby file an Answer and Defenses to Plaintiffs' Complaint (the "Complaint").[1]  The numbered paragraphs below correspond to the like-

---

[1] On October 1, 2021, a wholly owned subsidiary of Cabot Oil & Gas Corporation ("Cabot") completed its merger with and into Cimarex Energy Co., as a result of which Cimarex became a subsidiary of Cabot.  That same day, Cabot changed its name to Coterra Energy Inc., which is now the legal entity.

numbered paragraphs of the Complaint. Unless specifically admitted, each allegation in the Complaint is denied, including any headings therein.

1.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 1 of the Complaint, and therefore, those allegations are denied.

2.     The allegations in Paragraph 2 of the Complaint are admitted.

3.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 3 of the Complaint, and therefore, those allegations are denied.

4.     The allegations in Paragraph 4 of the Complaint refer to a writing that speaks for itself and to which no response is required. To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.

5.     The allegations in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

6.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 6 of the Complaint, and therefore, those allegations are denied.

7.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 7 of the Complaint, and therefore, those allegations are denied.

8.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 8 of the Complaint, and therefore, those allegations are denied.  The allegations in Paragraph 8 of the Complaint also constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are also denied.

9.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 9 of the Complaint, and therefore, those allegations are denied.  The allegations in Paragraph 9 of the Complaint also constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are also denied.

10.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 10 of the Complaint, and therefore, those allegations are denied.

11.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 11 of the Complaint, and therefore, those allegations are denied.  The allegations in Paragraph 11 of the Complaint also constitute legal conclusions to which no

response is required. To the extent a response is required, those allegations are also denied.

12. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 12 of the Complaint, and therefore, those allegations are denied. The allegations in Paragraph 12 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are also denied.

13. The allegations in Paragraph 13 of the Complaint are denied.

14. The allegations in Paragraph 14 of the Complaint are denied.

15. The allegations in Paragraph 15 of the Complaint are denied.

16. The allegations in Paragraph 16 of the Complaint are denied.

17. The allegations in Paragraph 17 of the Complaint are admitted to the extent that Coterra has its principal place of business in Texas. The allegations in Paragraph 17 of the Compliant are otherwise denied.

18. The allegations in Paragraph 18 of the Complaint are admitted to the extent that Coterra conducts business in the Commonwealth of Pennsylvania. The allegations in Paragraph 18 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are also denied.

19. The allegations in Paragraph 19 of the Complaint are denied.

20. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 20 of the Complaint, and therefore, those allegations are denied.

21. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 21 of the Complaint, and therefore, those allegations are denied. The allegations in Paragraph 21 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are also denied.

22. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 22 of the Complaint, and therefore, those allegations are denied. The allegations in Paragraph 22 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are also denied.

23. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 23 of the Complaint, and therefore, those allegations are denied.

24.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 24 of the Complaint, and therefore, those allegations are denied.  The allegations in Paragraph 24 of the Complaint also constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are also denied.

25.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 25 of the Complaint, and therefore, those allegations are denied.  The allegations in Paragraph 25 of the Complaint also constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are also denied.

26.     The allegations in Paragraph 26 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

### The Project

27.     The allegations in Paragraph 27 of the Complaint are admitted to the extent that Coterra is and Cabot was an oil and gas company engaged in the development, and exploration of the Marcellus Shale in Pennsylvania.  The remainder of the allegation is denied.

28.     The allegations in Paragraph 28 of the Complaint are denied.

29.     The allegations in Paragraph 29 of the Complaint are denied as stated. Coterra admits that it designed and paid to have a natural gas well pad constructed near 1007 Hoag Hill in Montrose, Pennsylvania.  The remainder of the allegations in Paragraph 29 are denied.

30.     The allegations in Paragraph 30 of the Complaint are admitted to the extent that Coterra leased property on which it operated a natural gas well pad near 1007 Hoag Hill in Montrose, Pennsylvania.  The remainder of the allegations in Paragraph 30 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, those allegations are also denied.

31.     The allegations in Paragraph 31 of the Complaint refer to a contract which is a written document that speaks for itself.  To the extent the allegations of Paragraph 31 are inconsistent with the written document, the allegations are denied.

32.     The allegations in Paragraph 32 of the Complaint are admitted.

33.     The allegations in Paragraph 33 of the Complaint are denied.

34.     The allegations in Paragraph 34 of the Complaint refer to a contract which is a written document that speaks for itself.  To the extent the allegations of Paragraph 34 are inconsistent with the written document, the allegations are denied.

35.    The allegations in Paragraph 35 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

36.    The allegations in Paragraph 36 of the Complaint are admitted in part and denied in part.  The allegation in Paragraph 36 are admitted to the extent that Precision used a Pipe Wrangler.  The remaining allegations are denied.

37.    After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 37 of the Complaint, and therefore, those allegations are denied.

38.    The allegations in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

39.    The allegations in Paragraph 39 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

40.    The allegations in Paragraph 40 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

41.     The allegations in Paragraph 41 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

42.     The allegations in Paragraph 42 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

43.     The allegations in Paragraph 43 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

44.     The allegations in Paragraph 44 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

45.     The allegations in Paragraph 45 of the Complaint constitute legal conclusions to which no response is required.  To the extent Paragraph 45 is construed to contain factual allegations, Coterra denies the allegations of Paragraph 45 of the Complaint as stated.  Coterra admits that at the time of the incident, it had general safety policies for its operations and personnel.  The remainder of the allegations in Paragraph 45 of the Complaint refer to a party other than Coterra and therefore no response is required.

46.     The allegations in Paragraph 46 of the Complaint constitute legal conclusions to which no response is required.  To the extent Paragraph 46 is construed to contain factual allegations, Coterra denies the allegations of Paragraph 46 of the Complaint as stated.  Coterra admits that at the time of the incident, it had general policies in place for its procurement of equipment and/or supplies for its natural gas well pad locations.  The remainder of the allegations in Paragraph 46 of the Complaint refer to a party other than Coterra and therefore no response is required.

47.     The allegations in Paragraph 47 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

48.     The allegations in Paragraph 48 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

49.     The allegations in Paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

50.     The allegations in Paragraph 50 of the Complaint are denied.

51.     The allegations in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

52.     The allegations in Paragraph 52 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

53.     The allegations in Paragraph 53 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

### *The Accident*

54.     The allegations in Paragraph 54 are admitted to the extent that Mr. Chappell was on the rig floor on April 13, 2021, at approximately 1:30 a.m.  The remainder of the allegations of Paragraph 54 are denied.

55.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 55 of the Complaint, and therefore, those allegations are denied.

56.     After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 56 of the Complaint, and therefore, those allegations are denied.

57.     The allegations in Paragraph 57 of the Complaint are denied.

58. The allegations of Paragraph 58 are admitted.

59. The allegations in Paragraph 59 are admitted to the extent the operator of the Pipe Wrangler at the time of the accident was a Precision employee. The remainder of the allegations in Paragraph 59 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are also denied.

60. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 60 of the Complaint, and therefore, those allegations are denied.

61. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 61 of the Complaint, and therefore, those allegations are denied.

62. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 62 of the Complaint, and therefore, those allegations are denied.

63. After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 63 of the Complaint, and therefore, those allegations are denied.

64. The allegations in Paragraph 64 of the Complaint are denied.

## COUNT I - NEGLIGENCE
## PLAINTIFF v. CABOT OIL & GAS CORPORATION AND COTERRA
## ENERGY, INC. f/k/a CABOT OIL & GAS CORPORATION

65.     Paragraph 65 is a statement of incorporation to which no response is required.  To the extent a response is required, Coterra incorporates its Answers to Paragraphs 1 through 64.

66.     The allegations in Paragraph 66 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

67.     The allegations in Paragraph 67, including subparts a. through gg., of the Complaint are denied.

68.     The allegations in Paragraph 68 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

69.     The allegations in Paragraph 69 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

**WHEREFORE**, Coterra prays that Plaintiff takes nothing by way of their Complaint, that judgment be entered in Coterra's favor and against the Plaintiff, and for such other further relief as the Court deems just and proper.

## COUNT II - NEGLIGENCE
## PLAINTIFF v. PRECISION DRILLING CORPORATION AND
## PRECISION DRILLING COMPANY, LP

70.     Paragraph 70 is a statement of incorporation to which no response is required.  To the extent a response is required, Coterra incorporates its Answers to Paragraphs 1 through 69.

71.     The allegations in Paragraph 71 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

72.     The allegations in Paragraph 72 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

73.     The allegations in Paragraph 73 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

74.     The allegations in Paragraph 74 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

**WHEREFORE**, Coterra prays that Plaintiff takes nothing by way of their Complaint, that judgment be entered in Coterra's favor and against the Plaintiff, and for such other further relief as the Court deems just and proper.

## COUNT III - NEGLIGENCE
## PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND
## FORUM ENERGY SERVICES, INC.

75.     Paragraph 75 is a statement of incorporation to which no response is required.  To the extent a response is required, Coterra incorporates its Answers to Paragraphs 1 through 74.

76.      The allegations in Paragraph 76 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

77.     The allegations in Paragraph 77 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

78.     The allegations in Paragraph 78 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

79.     The allegations in Paragraph 79 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

80.     The allegations in Paragraph 80 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

**WHEREFORE**, Coterra prays that Plaintiff takes nothing by way of their Complaint, that judgment be entered in Coterra's favor and against the Plaintiff, and for such other further relief as the Court deems just and proper.

### COUNT IV - STRICT LIABILITY (DESIGN DEFECT)
### PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND
### FORUM ENERGY SERVICES, INC.

81. Paragraph 81 is a statement of incorporation to which no response is required. To the extent a response is required, Coterra incorporates its Answers to Paragraphs 1 through 80.

82. The allegations in Paragraph 82 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

83. The allegations in Paragraph 83 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

84. The allegations in Paragraph 84 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

85. The allegations in Paragraph 85 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

86.     The allegations in Paragraph 86 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

87.     The allegations in Paragraph 87 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

88.     The allegations in Paragraph 88 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

89.     The allegations in Paragraph 89 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

90.     The allegations in Paragraph 90 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

91.     The allegations in Paragraph 91 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

92.     The allegations in Paragraph 92 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

93.     The allegations in Paragraph 93 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

94.     The allegations in Paragraph 94 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

95.     The allegations in Paragraph 95 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

**WHEREFORE**, Coterra prays that Plaintiff takes nothing by way of their Complaint, that judgment be entered in Coterra's favor and against the Plaintiff, and for such other further relief as the Court deems just and proper.

### COUNT V - STRICT LIABILITY (MANUFACTURING DEFECT) PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

96.     Paragraph 96 is a statement of incorporation to which no response is required.  To the extent a response is required, Coterra incorporates its Answers to Paragraphs 1 through 95.

97.    The allegations in Paragraph 97 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

98.    The allegations in Paragraph 98 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

99.    The allegations in Paragraph 99 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

100.   The allegations in Paragraph 100 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

101.   The allegations in Paragraph 101 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

102.   The allegations in Paragraph 102 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

103. The allegations in Paragraph 103 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

104. The allegations in Paragraph 104 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

105. The allegations in Paragraph 105 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

**WHEREFORE**, Coterra prays that Plaintiff takes nothing by way of their Complaint, that judgment be entered in Coterra's favor and against Plaintiff, and for such other further relief as the Court deems just and proper.

## COUNT VI - STRICT LIABILITY (FAILURE TO WARN)
### PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

106. Paragraph 106 is a statement of incorporation to which no response is required. To the extent a response is required, Coterra incorporates its Answers to Paragraphs 1 through 105.

107. The allegations in Paragraph 107 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

108. The allegations in Paragraph 108 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

109. The allegations in Paragraph 109 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

110. The allegations in Paragraph 110 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

111. The allegations in Paragraph 111 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

112. The allegations in Paragraph 112 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

113. The allegations in Paragraph 113 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

114.    The allegations in Paragraph 114 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

115.    The allegations in Paragraph 115 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

**WHEREFORE**, Coterra prays that Plaintiff takes nothing by way of their Complaint, that judgment be entered in Coterra's favor and against Plaintiff, and for such other further relief as the Court deems just and proper.

## COUNT VII - NEGLIGENT DESIGN
## PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

116.    Paragraph 116 is a statement of incorporation to which no response is required.  To the extent a response is required, Cabot incorporates its Answers to Paragraphs 1 through 115.

117.    The allegations in Paragraph 117 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

118.    The allegations in Paragraph 118 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

119. The allegations in Paragraph 119 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

120. The allegations in Paragraph 120 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

121. The allegations in Paragraph 121 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

122. The allegations in Paragraph 122 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

123. The allegations in Paragraph 123 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

124. The allegations in Paragraph 124 of the Complaint refer to a party other than Coterra and therefore no response is required. To the extent a response is required, those allegations are denied as they relate to Coterra.

125.  The allegations in Paragraph 125 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

126.  The allegations in Paragraph 126 of the Complaint refer to a party other than Coterra and therefore no response is required.  To the extent a response is required, those allegations are denied as they relate to Coterra.

**WHEREFORE**, Coterra prays that Plaintiff takes nothing by way of their Complaint, that judgment be entered in Coterra's favor and against the Plaintiff, and for such other further relief as the Court deems just and proper.

## COUNT VIII - WRONGFUL DEATH
### PLAINTIFF v. ALL DEFENDANTS

127.  Paragraph 127 is a statement of incorporation to which no response is required.  To the extent a response is required, Coterra incorporates its Answers to Paragraphs 1 through 126.

128.  The allegations in Paragraph 128 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are also denied.

129.  After reasonable investigation, Coterra lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in Paragraph 129 of the Complaint, and therefore, those allegations are denied.

130. The allegations in Paragraph 130 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

131. The allegations in Paragraph 131 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

**WHEREFORE**, Coterra prays that Plaintiff take nothing by way of their Complaint, that judgment be entered in Coterra's favor and against the Plaintiff, and for such other further relief as the Court deems just and proper.

<u>**COUNT IX - SURVIVAL ACTION**</u>
**PLAINTIFF v. ALL DEFENDANTS**

132. Paragraph 132 is a statement of incorporation to which no response is required. To the extent a response is required, Coterra incorporates its Answers to Paragraphs 1 through 131.

133. The allegations in Paragraph 133 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

134. The allegations in Paragraph 134 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

**WHEREFORE**, Coterra prays that Plaintiff takes nothing by way of their Complaint, that judgment be entered in Coterra's favor and against the Plaintiff, and for such other further relief as the Court deems just and proper.

## DEFENSES

Coterra states the following defenses to the Complaint but does not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense asserted. Coterra reserves the right to amend its pleading(s) to assert any additional defenses that become known or ascertained through the course of discovery.

1.     Plaintiff fails to state any claim, in whole or in part, against Coterra upon which relief could be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Workers Compensation Act, 77 Pa.C.S. §481, including but not limited to the "statutory employee" doctrine.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory and/or comparative negligence.

5.     Plaintiff's claims are barred, in whole or in part, because Coterra's conduct was proper, justified, or privileged.

6.     Plaintiff's claims are barred, in whole or in part, because Coterra at all times acted in good faith.

7.     Plaintiff's claims are barred, in whole or in part, because Coterra did not engage in any willful misconduct.

8.     Plaintiff's claims are barred, in whole or in part, because Coterra's conduct was authorized by Pennsylvania law.

9.     Plaintiff's claims are barred because they have incurred no damages and have not suffered any harm due to the actions of Coterra as alleged in the Complaint.

10.    Plaintiff's claims are barred because they failed to mitigate their damages, if any.

11.    Coterra reserves the right to add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE**, Coterra hereby requests that the Court enter judgment in its favor and against the Plaintiff and award such other and further relief as this Court deems just and proper.

Respectfully submitted,

April 25, 2023

_Amy L Barrette_

Amy L. Barrette
PA ID No. 87318
amy.barrette@bipc.com
Matthew C. Pilsner
PA ID No. 314606
matthew.pilsner@bipc.com

Buchanan Ingersoll & Rooney, PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
Telephone:  412-562-1626/3921

Counsel for Defendants *Cabot Oil & Gas
Corporation and Coterra Energy, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2023, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which will constitute service on all counsel of record.

_____