IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTINA CHAPPELL, ) | | |
| AS ADMINISTER OF THE ESTATE ) | | |
| OF DELYLE WALTER CHAPPELL, ) | | |
| ) | | |
|    *Plaintiff*, ) | | |
| ) | | |
| v. ) | C.A. No. 3:23-cv-00604-RDM | |
| ) | | |
| PRECISION DRILLING ) | | |
| CORPORATION, PRECISION ) | | |
| DRILLING COMPANY, LP, ) | | |
| CABOT OIL & GAS CORPORATION, ) | | |
| COTERRA ENERGY, INC., ) | | |
| FORUM ENERGY ) | | |
| TECHNOLOGIES, INC., AND FORUM ) | | |
| ENERGY SERVICES, INC. ) | | |
| ) | | |
|    *Defendants*. ) | | |

## PRECISION DRILLING CORPORATION'S REPLY IN SUPPORT OF ITS RULE 12(b)(2) MOTION TO DISMISS

### Big Picture

Plaintiff sued two separate, distinct entities: (i) Precision Drilling Company, LP, which was onsite on the day of the incident and has appeared and answered (*see* ECF No. 4), and (ii) Precision Drilling Corporation, the ultimate parent company of Precision Drilling Company, LP.  Other than

having a subsidiary on site, which does not confer specific jurisdiction, Precision Drilling Corporation had no contact with this forum as it relates to this incident. (*See* ECF No. 3, Ex. A).

Plaintiff overlooks the evidence establishing that Precision Drilling Corporation lacks the required minimum contacts with Pennsylvania. Instead, Plaintiff attempts to create confusion by blurring the lines between various companies within the corporate family and treating all entities with "Precision" in their name as one. Plaintiff's analysis is flawed, and the jurisdictional analysis must be performed as to each defendant separately. Thus, the question is whether the specific defendant at issue—Precision Drilling Corporation—had the requisite minimum contacts with the forum. It did not. Therefore, Precision Drilling Corporation is not subject to personal jurisdiction and the claims against it should be dismissed.

## Argument

**A. Plaintiff concedes that Precision Drilling Corporation is not subject to general jurisdiction in Pennsylvania.**

Plaintiff is not claiming that Precision Drilling Corporation is subject to general jurisdiction. (*See* Pl.'s Resp., ECF No. 11 at 2) ("Plaintiff will not be arguing nor claiming that Defendant Precision Drilling Corporation is

subject to general jurisdiction."). Therefore, the sole question before the Court is whether Precision Drilling Corporation is subject to specific jurisdiction. As discussed below, it is not.

**B.     Precision Drilling Company lacks the requisite minimum contacts with Pennsylvania for the Court to exercise specific jurisdiction.**

**1.     Promulgation of company-wide safety polices cannot support the exercise of specific jurisdiction.**

Precision Drilling Corporation's evidence that it "had no employees on site, no oversite or control over the operations, [] was not involved in the incident underlying this suit" is uncontested. (ECF No. 3, Ex. A). This evidence establishes that Precision Drilling Corporation had no direct contact with Pennsylvania as it relates to the incident at issue and is dispositive of the specific jurisdiction inquiry.

Attempting to manufacture some contact between Precision Drilling Corporation and Pennsylvania, Plaintiff alleges that Precision Drilling Corporation established "safety policies and procedures for the Drilling Site." (*See* Pl.'s Resp., ECF No. 11 at 7). Assuming for purposes of this motion only that Precision Drilling Corporation formulated company-wide safety policies as alleged, this would still not subject Precision Drilling Corporation to specific jurisdiction.

To satisfy the minimum contacts test, the defendant must purposefully direct its activities to a particular forum. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (discussing that plaintiff bears the burden to show that the defendant "purposefully directed [its] activities at the forum"). As the Third Circuit has explained, "what is necessary is a deliberate targeting of the forum." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

Plaintiff cites no authority that promulgation of company-wide policies by a parent company amounts to a "deliberate targeting" of every forum in which a subsidiary operates thereby subjecting the parent company to specific jurisdiction. Indeed, such a theory would render the minimum contacts analysis meaningless because that would mean that an entity would be subject to personal jurisdiction in every location where a subsidiary operates merely by virtue of the corporate relationship. The Due Process Clause is not so expansive and requires a much more direct nexus to satisfy the minimum contacts test. *See e.g.*, *Allen v. Foxway Transp., Inc.*, No. 4:21-cv-00156, 2022 WL 265945, at *5 (M.D. Pa. Jan. 27, 2022) (noting that "'the proper question is not where the plaintiff experiences a particular injury or effect

but whether the defendant's conduct connects him to the forum in a meaningful way'") (quoting *Walden*, 571 U.S. at 290).

> **2. Plaintiff otherwise fails to show that Precision Drilling Corporation had any contact with Pennsylvania.**

Plaintiff's other "evidence" (if it can even seriously be called that) does not establish jurisdiction. Plaintiff first includes various screen shots from LinkedIn showing that certain people identified their employer as "Precision Drilling." (*See* Pl.'s Resp., ECF No. 11, at 7–8). "Precision Drilling" is the trademarked logo used by many subsidiaries within the corporate family. Plaintiff's argument contains a fatal analytical gap because Plaintiff fails to show that the people referenced are employed by Precision Drilling Corporation—the entity at issue—as opposed to some other entity within the corporate hierarchy. Plaintiff's screen shots are evidence of nothing as it relates to the contacts that Precision Drilling Corporation had with Pennsylvania.

Plaintiff also points to a document from OSHA's website. As a threshold evidentiary matter, Plaintiff does not provide the actual documents and provides no links or explanation for where it obtained these

documents. Unauthenticated screenshots without citation to the source should not be considered competent evidence. *See* Fed. R. Evid. 901.

In any event, these documents do not show that Precision Drilling Corporation—the entity at issue—had the requisite minimum contacts with Pennsylvania. As an initial matter, Plaintiff's own brief defeats its position. Plaintiff recognizes that "according to OSHA.gov, Precision Drilling (US) Corporation was the entity that was inspected in connection with this incident." (*See* Pl.'s Resp., ECF No. 11, at 9). Precision Drilling (US) Corporation is not the same entity as Precision Drilling Corporation, the entity that Plaintiff has sued. Rather, Precision Drilling (US) Corporation is a subsidiary of Precision Drilling Corporation. Moreover, the mere fact that OSHA investigated a company (and, notably, issued no citations) is not tantamount to a finding that the entity had the requisite minimum contacts with a forum.

Plaintiff also claims that various policies submitted to OSHA had a "Precision Drilling" trademark. Again, Plaintiff fails to include the full documents (or even a link to where the documents can be located), and counsel's statements are not evidence. Again looking passed the evidentiary issues, this trademarked logo is used by all Precision entities and

subsidiaries. The fact that a series of related entities share the same logo or trademark is not evidence that Precision Drilling Corporation—the specific entity at issue here—had contacts with Pennsylvania. Plaintiff's argument is a complete non-sequitur in this regard, and Plaintiff fails to offer any legal authority or even a cogent explanation as to how company-wide use of a trademark is evidence that Precision Drilling Corporation—the entity whose contacts are being evaluated here—purposefully availed itself of doing business in Pennsylvania.

Finally, Plaintiff also appears to claim that that there is a "Precision Drilling" office in Pennsylvania. Again, this reference to "Precision Drilling" is not evidence that Precision Drilling Corporation had on office, particularly in light of the evidence that "Precision Drilling Corporation does not have any offices or employees in Pennsylvania." (*See* ECF No. 3, Ex. A, ¶ 3). The mere fact that a subsidiary maintains an office is not a relevant jurisdictional contact as to the parent company.

### 3. **Plaintiff did not plead veil piercing, and Plaintiff has offered no evidence to support veil piercing.**

Precision Drilling Corporation is the ultimate parent of Precision Drilling Company, LP, the entity on site. (ECF No. 3, Ex. A). Plaintiff claims

that this court has personal jurisdiction under a theory that "the co-defendant subsidiary's contacts may be attributed to the parent." (Pl.'s Resp., ECF No. 11, at 11–12).

Plaintiff did not plead nor even set forth any facts that would suggest that it would be proper to pierce the corporate veil and impute the contacts of Precision Drilling Company, LP to Precision Drilling Corporation. (*See* Pl.'s Pet., ECF No. 1, Ex. 1, ¶¶ 7–9) (setting forth the jurisdictional allegations). In other words, Plaintiff did not even make a prima facie showing of jurisdiction under this theory and, as such, the Court should summarily reject this argument.

Moreover, Plaintiff yet again misapprehends its burden, and claims that "the Declaration produced by Defendant is silent on" the various veil piercing factors. (Pl.'s Resp., ECF No. 11, at 14). Precision Drilling Corporation is not clairvoyant and did not need to address (or negate) this theory of jurisdiction since it was not plead. In any event, it is well-settled that Plaintiff bears the burden to produce evidence showing that it is proper to set aside the corporate form—it is not Precision Drilling Corporation's burden to negate this basis of jurisdiction (particularly without Plaintiff even

8

pleading this theory of jurisdiction). *See Getting Grace Film, LLC v. Hannover House, Inc.*, No. 2020 WL 5339357, at *7 (E.D. Pa. Sept. 4, 2020).

At bottom, Plaintiff did not plead this theory of jurisdiction and nothing in the record supports piercing the corporate veil. The mere fact that Precision Drilling Corporation had a subsidiary on site is not sufficient to subject it to specific jurisdiction.

### 4. Plaintiff should not be allowed to conduct jurisdictional discovery.

To be entitled to jurisdictional discovery, the plaintiff must present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite contacts between [the party] and the forum state." *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal quotations omitted). Plaintiff has not met this burden. Plaintiff has not alleged a single fact as to how the specific entity at issue—Precision Drilling Corporation—which had no employees on site could be subject to jurisdiction in Pennsylvania for Plaintiff's personal injuries. Relatedly, while Plaintiff did not plead veil piercing, Plaintiff has no basis whatsoever to make such an allegation. Indeed, allowing any jurisdiction discovery would

be allowing Plaintiff to engage in a fishing expedition. Plaintiff's request to serve jurisdictional discovery should be denied.

## **Conclusion**

No question exists that Precision Drilling Corporation lacks the requisite minimum contacts to support the Court's exercise of specific jurisdiction. Precision Drilling Corporation, therefore, requests that the Court dismiss the claims against it.

Respectfully submitted,

 /s/ *Ty E. Howard*
Ty E. Howard (PA Bar No. 86603)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, Tennessee 37203
615.252.2376
thoward@bradley.com

## CERTIFICATE OF SERVICE

      I certify that on May 12, 2023, I filed the foregoing through the Court's CM/ECF filing program, which sends an electronic copy to all counsel of record.

                                              /s/ *Ty E. Howard*
                                                  Ty Howard