**TO PLAINTIFF and CO-DEFENDANTSS:**

**You are hereby notified to file a written
response to the enclosed New Matter
Crossclaim pursuant to Pa.R.C.P. 1031.1 within
twenty (20) days from service hereof
or a judgment may be entered against you.**

*Christopher G. Mavros /s/*

**Christopher G. Mavros, Esquire**

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**
BY:     Christopher G. Mavros, Esquire
Attorney Identification No.:90343
One Commerce Square
2005 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 569-2800
(215) 569-1606 (Fax)
cgmavros@zarwin.com

*Attorney for Defendants,
Forum Energy Technologies, Inc. and
Forum Energy Services, Inc.*

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL, as Administrator of the Estate of Delyle Walter Chappell,<br><br>                         Plaintiff<br>     v.<br><br>PRECISION DRILLING CORPORATION, PRECISION DRILLING COMPANY, LP, CABOT OIL & GAS CORPORATION, COTERRA ENERGY, INC., FORUM ENERGY TECHNOLOGIES, INC. and FORUM ENERGY SERVICES, INC.,<br><br>                         Defendants | **CIVIL ACTION
NO.  3:23-cv-00604-RDM** |

## DEFENDANTS', FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFIRMATIVE DEFENSES, CROSS CLAIMS AND JURY DEMAND

Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc. ("Answering Defendants"), by their attorneys, Zarwin, Baum, DeVito, Kaplan, Schaer, Toddy, P.C., hereby respond to Plaintiff's Complaint as follows:

1.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

2.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

3.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

4.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

5.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

6.	Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

7.	Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

8.	Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

9.	Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  All averments of agency are specifically denied.  Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied.  At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

10.	Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

11. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

12. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. All averments of agency are specifically denied. Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied. At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

13. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

14. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

15.    Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

16.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  All averments of agency are specifically denied.  Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied.  At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

17.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

18.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

19.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed

necessary, the same is denied and strict proof thereof is demanded at time of trial. All averments of agency are specifically denied. Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied. At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

20. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

21. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

22. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. All averments of agency are specifically denied. Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied. At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

23. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

24. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

25. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. All averments of agency are specifically denied. Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied. At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

26. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

## The Project

27. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

28.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

29.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

30.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

31.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

32.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

33.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this

paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

34. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

35. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

36. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

37. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

38. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

39.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

40.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

41.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

42.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

43.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  All averments of agency are specifically denied.  Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and

therefore, the averments are denied.  At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

44.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  All averments of agency are specifically denied.  Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied.  At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

45.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

46.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

47.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

48.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

49.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

50.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

51.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

52.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

53.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

## The Accident

54.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

55.     Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

56.     Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

57.     Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

58.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

59.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  All averments of agency are specifically denied.  Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied.  At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

60.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

61.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

62.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

63.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this

paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

64. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. CABOT OIL & GAS CORPORATION AND COTERRA ENERGY, INC. f/k/a CABOT OIL & GAS CORPORATION

65. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 64 of Plaintiff's Complaint as though fully set forth herein at length.

66. Denied. The averments contained in this paragraph of Plaintiff's Complaint are directed to parties other than Answering Defendants. Therefore, no response is required, and they are deemed denied under the applicable rules of Civil Procedure.

67. (a – gg). Denied. The averments contained in this paragraph, including each and every subset of this paragraph, of Plaintiff's Complaint are directed to parties other than Answering Defendants. Therefore, no response is required, and they are deemed denied under the applicable rules of Civil Procedure.

68. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

69. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

<u>**COUNT II – NEGLIGENCE**</u>
**PLAINTIFF v. PRECISION DRILLING CORPORATION AND PRECISION DRILLING COMPANY, LP**

70.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 69 of Plaintiff's Complaint as though fully set forth herein at length.

71.     Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

72.     (a – gg). Denied. The averments contained in this paragraph, including each and every subset of this paragraph, are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. All averments of Agency are denied. Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are denied. At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

73.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are directed to parties other than Answering Defendants.  Therefore, no response is required, and they are deemed denied under the applicable rules of Civil Procedure.

74.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are directed to parties other than Answering Defendants.  Therefore, no response is required, and they are deemed denied under the applicable rules of Civil Procedure.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

### COUNT III – NEGLIGENCE
### PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

75.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 74 of Plaintiff's Complaint as though fully set forth herein at length.

76.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

77.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

78.     (a – m). Denied.  The averments contained in this paragraph, and each and every subset of this paragraph, of Plaintiff's Complaint are conclusions of law to which no further

response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  Moreover, Answering Defendants specifically deny that they are negligent either in general, or by any of the means specified in sub-paragraphs (a) through (m) of this paragraph of Plaintiff's Complaint.  By way of further response, the parties have entered a Stipulation to strike the recklessness allegations without prejudice.

79.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  Moreover, Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to Plaintiffs, the existence of which are denied.  By way of further response, the parties have entered a Stipulation to strike the recklessness allegations without prejudice.

80.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  To the contrary, Answering Defendants acted reasonably and with due care at all times, and Answering Defendants' conduct neither caused nor contributed to the occurrence of the accident described in Plaintiff's Complaint, if any, or to any injury, damage and/or loss to the Plaintiff, if any.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT IV – STRICT LIABILITY (DESIGN DEFECT)
### PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

81.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 80 of Plaintiff's Complaint as though fully set forth herein at length.

82.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

83.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  All averments of agency are specifically denied.  Plaintiff has not indicated the identity of any person alleged to have been an agent, servant, franchisee, workman or employee of Answering Defendants, and therefore, the averments are specifically denied.  At no time did any agent, workman, servant, franchisee, or employee of Answering Defendants cause any injury or damage to Plaintiff.

84.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

85.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

86.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  By way of further response, the product was in a reasonably safe condition at any time it was in the possession of Answering Defendants.

87.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  By way of further response, the product was in a reasonably safe condition at any time it was in the possession of Answering Defendants.

88.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

89.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

90.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

91.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

92.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

93.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

94.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

95.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

**COUNT V – STRICT LIABILITY (MANUFACTURING DEFECT)**
**PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.**

96.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 95 of Plaintiff's Complaint as though fully set forth herein at length.

97.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

98.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

99.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

100.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

101.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

102.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

103.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

104.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

105.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## <u>COUNT VI – STRICT LIABILITY (FAILURE TO WARN)</u>
## PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES, INC.

106.    Answering Defendants incorporate by reference their responses to Paragraphs 1 through 105 of Plaintiff's Complaint as though fully set forth herein at length.

107.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

108.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

109.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

110.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

111.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

112.    Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

113.    Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

114.    Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

115.    Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

**PLAINTIFF v. FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY
SERVICES, INC.**

116.    Answering Defendants incorporate by reference their responses to Paragraphs 1 through 115 of Plaintiff's Complaint as though fully set forth herein at length.

117.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

118.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

119.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed

necessary, the same is denied and strict proof thereof is demanded at time of trial. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

120.    Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

121.    Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

122.    (a – i). Denied. The averments contained in this paragraph, and each and every subset of this paragraph, of Plaintiff's Complaint are conclusions of law to which no further

response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

123.    Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

124.    Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

125.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

126.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.  Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiffs, the existence of which are denied.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT VIII – WRONGFUL DEATH
### PLAINTIFF v. ALL DEFENDANTS

127.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 126 of Plaintiff's Complaint as though fully set forth herein at length.

128.	Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

129.	Denied.  After reasonable investigation, Answering Defendants is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.  Said averments are, therefore, denied, and strict proof is demanded at the time of trial.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

130.	Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

131.	Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT IX – SURVIVAL ACTION
## PLAINTIFF v. ALL DEFENDANTS

132.    Answering Defendants incorporate by reference their responses to Paragraphs 1 through 131 of Plaintiff's Complaint as though fully set forth herein at length.

133.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

134.    Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required, and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent a response is deemed necessary, the same is denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

Answering Defendants were not negligent.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendants performed each and every duty which it owed to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The injuries, damages and losses alleged by Plaintiff were due wholly to his own actions and/or omissions and not in any way to any conduct on the part of Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was comparatively and/or contributorily negligent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by his assumption of the risk and would preclude the Plaintiff from recovery against Answering Defendants and/or would reduce the amount of any such recovery against Answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to act with due regard for his own safety under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was comparatively at fault to such an extent that Plaintiff's recovery should be barred and/or limited by operation of the Pennsylvania Comparative Fault Act.

## NINTH AFFIRMATIVE DEFENSE

The product was materially altered after it left Answering Defendants' possession and in a manner in which such alteration was not reasonably foreseeable to Answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

The product did not contain a design defect.

## ELEVENTH AFFIRMATIVE DEFENSE

The product did not contain a manufacturing defect.

## TWELFTH AFFIRMATIVE DEFENSE

The product was provided with adequate warnings.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged incident and damages were the result of Plaintiff's misuse of the product.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's misuse of the product was unforeseeable to Answering Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not have actual or constructive notice of any defect or dangerous condition (the existence of which is hereby specifically denied).

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged defect or dangerous condition (the existence of which is hereby specifically denied) was not foreseeable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's accident and/or injuries were caused in whole or in part by third person over whom Answering Defendants had neither control nor right of control.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the Pennsylvania Fair Share Act, 42 Pa.C.S.A Section 7102.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's strict liability claims fail as a matter of law under <u>Pennsylvania Dept. of Gen. Services v. U.S. Mineral Prod. Co.</u>, 898 A.2d 590, 600 (Pa. 2006).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If the subject product is defective (which Answering Defendants specifically denies), Plaintiff is barred from recovery because he was aware of the alleged defect and nonetheless voluntarily and unreasonably chose to encounter the known damagers created by the alleged defect.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as they are based on a theory of breach of warranty because Plaintiff failed to give Answering Defendants timely notice of the alleged breach thereby causing Answering Defendants undue prejudice.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the product was being utilized in an abnormal way at or before the time of the alleged accident and such abnormal use was not reasonably foreseeable.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as they are based on a failure to warn theory because the alleged danger, which was allegedly not adequately warned of, was open and obvious to Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the subject product was altered after leaving Answering Defendants' possession in a fashion that was not reasonably foreseeable to Answering Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The owner of the product may not have complied with the terms and conditions of any warranty, thereby precluding any recovery for any alleged breach.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of spoliation of evidence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred either in full or in part by the doctrine of federal preemption.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff cannot establish the liability of Answering Defendants because the utility of the product outweighs any risks associated with the product as a matter of law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because the product is not "unreasonably dangerous."

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because a reasonable person would not conclude that the probability and seriousness of harm caused by the product outweighed the burden or costs of taking precautions.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because the average or ordinary consumer would not be capable of forming an expectation of the product.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendants because Plaintiff cannot establish that the product presented an unknowable and unacceptable danger to the average or ordinary consumer.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendants hereby preserve any and all defenses under Tincher v. Omega Flex, Inc., 104 A.3d 328 (Pa. 2014).

**WHEREFORE**, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## CROSSCLAIMS AGAINST CO-DEFENDANTS, PRECISION DRILLING CORPORATION, PRECISION DRILLING COMPANY, LP, CABOT OIL & GAS CORPORATION, AND COTERRA ENERGY, INC., F/K/A CABOT OIL & GAS CORPORATION

1.      Answering Defendants have served the following crossclaims against Defendants, Precision Drilling Corporation, Precision Drilling Company, LP, Cabot Oil & Gas Corporation, and Coterra Energy, Inc. f/k/a Cabot Oil & Gas Corporation, and in support thereof asserts as follows:

2.  Answering Defendants incorporate by reference their responses to Paragraphs 1 through 134 of Plaintiff's Complaint as though fully set forth herein at length.

3.  If the allegations of Plaintiff's Complaint are proven true, in whole or in part, then the Co-Defendants, Precision Drilling Corporation, Precision Drilling Company, LP, Cabot Oil &

Gas Corporation, and Coterra Energy, Inc. f/k/a Cabot Oil & Gas Corporation, may be directly liable to Plaintiff, jointly and severally liable with Answering Defendants, or liable over to Plaintiffs and/or Answering Defendants under theories of contribution and/or indemnification.

WHEREFORE, Answering Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc., demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

BY: _____ *Christopher G. Mavros /s/* _____
CHRISTOPHER G. MAVROS, ESQUIRE
*Attorney for Defendants, Forum Energy*
*Technologies, Inc. and Forum Energy Services, Inc.*

Date: _8/3/2023_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of a true and correct copy of the Answer to Plaintiff's Complaint with New Matter and Crossclaim was served upon all counsel of record electronically via the electronic filing system.

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**

*Christopher G. Mavros /s/*

BY: _____
CHRISTOPHER G. MAVROS, ESQUIRE

Date: __8/3/2023_____