IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL, AS ADMINISTRATOR OF THE ESTATE OF DELYLE WALTER CHAPPELL, <br><br> Plaintiff, <br><br> v. <br><br> PRECISION DRILLING CORPORATION, et al. <br><br> Defendants. | CIVIL ACTION <br><br> C.A. No.: 3:23-cv-00604-JKM |

## CONFIDENTIALITY AGREEMENT

This CONFIDENTIALITY AGREEMENT ("Agreement") is entered into as of this 12th day of April, 2024 by and between Justina Chappell, as the Administrator of the Estate of DeLyle Walter Chappell ("Plaintiff"), through her counsel, Saltz Mongeluzzi Bendesky PC; and Cabot Oil & Gas Corporation[1] and Coterra Energy Inc., by and through their counsel, Buchanan Ingersoll & Rooney PC; and Precision Drilling Company, LP and Precision Drilling Corporation, by and through their counsel, Bradley Arant Boult Cummings; and Forum Energy Technologies, Inc. and Forum Energy Services, Inc., by and through their counsel, Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C. (hereinafter "Defendants"). The Plaintiff and Defendants also are referred to individually as a "Party" and collectively as "Parties." The Parties jointly move for, and respectfully request the Court to enter this Agreements as the operative Protective Order under Federal Rule of Civil Procedure 26.

**WHEREAS**, Plaintiff and Defendants are engaged in litigation in the United States District Court for the Middle District of Pennsylvania, ("Court") entitled *Justina Chappell, as the*

---

[1] On October 1, 2021, a wholly owned subsidiary of Cabot Oil & Gas Corporation completed its merger with and into Cimarex Energy Co., as a result of which Cimarex became a subsidiary of Cabot. That same day, Cabot changed its name to Coterra Energy Inc., which is now the legal entity.

*Administrator of the Estate of DeLyle Walter Chappell, v. Precision Drilling Corporation, et al.,* C.A. No.: 3:23-cv-00604-JKM (the "Litigation"); and

**WHEREAS**, the Parties believe it is likely that confidential, proprietary, trade secret, and/or sensitive business information ("Confidential Information") will be sought during discovery; and

**WHEREAS**, the Parties, while attempting to comply with their requirements under the discovery process, have a concern about the proper treatment and use of any produced Confidential Information;

**NOW THEREFORE**, intending to be legally bound hereby, the Parties agree as follows:

### AGREEMENT

1. The Recitals set forth above are incorporated into this Agreement as though set forth at length herein.

2. The Parties agree to produce Confidential Information (bearing a designation of "CONFIDENTIAL") for use solely in the Litigation in accordance with the following terms:

    a. Receiving counsel[2] will not copy, disclose, or utilize the contents of received Confidential Information for any purpose other than for use in this Litigation.

    b. The Confidential Information designated as CONFIDENTIAL will not be provided to anyone other than (a) a representative or representatives of the receiving Party, but only as necessary for the prosecution or defense of the Litigation, (b) attorneys, paralegals, or staff at receiving counsel's office; (c) relevant consultants or experts who receiving counsel may retain to assist in the Litigation; (d) relevant witnesses who may be deposed in this matter, and the counsel for those witnesses; (e) the court reporter during any deposition where the document is relevant and used as an exhibit; (f) the Court and its staff; and (g) a relevant witness at trial, hearing, or argument.

    c. Should receiving counsel reasonably believe that it is necessary in the Litigation to provide a consultant, potential expert, expert, witness at a deposition, or counsel for the deposition witness ("Third Party") with any Confidential Information, that Third Party, prior to

---

[2] "Receiving counsel" is counsel for the Party receiving Confidential Information. "Producing counsel" is counsel for the Party producing the Confidential Information. "Receiving counsel" and "Producing counsel" include each Party on whose behalf counsel is receiving or producing Confidential Information respectively.

2

receiving the Confidential Information, will sign Exhibit A hereto. At Case Termination, the receiving counsel will provide the producing counsel with copies of each Exhibit A signed by consultants or experts.

  d. If receiving counsel determines to file with, or submit to, the Court (other than at hearing) (a) any Confidential Information, or (b) any pleading or other document making any reference to the specific content of Confidential Information, the filing Party will file a motion for an order permitting filing under seal with the Court in accordance with applicable law, as well as the current procedures and requirements for seeking such filings.

  e. The parties shall treat the entire transcript of any deposition as confidential, from the time of the deposition until thirty (30) days after receipt from the Court Reporter.. During that time period, counsel for the Parties shall review the transcript and provide the Court Reporter with a list of all pages and/or exhibits that should be marked as CONFIDENTIAL. Once the Court Reporter has received the designations, or once the thirty (30) day time period has expired, the Court Reporter shall reissue the transcript and exhibits, with the identified pages and/or exhibits bearing the appropriate confidential designations. Thereafter, counsel's use of any confidential pages of the transcripts and/or exhibits shall be governed by this Agreement. Receiving counsel also agrees to destroy the non-designated copy of any transcript and/or exhibits upon receipt of the designated version of same.

  f. Upon termination of the Litigation either by settlement, dismissal, or court order, including the termination of any appeals or post-verdict motions ("Case Termination"), receiving counsel shall destroy all copies of Confidential Information so received. Receiving counsel also shall ensure that any Third Party to whom it has provided copies of received Confidential Information destroys all copies of that Confidential Information upon Case Termination.

  3. If receiving counsel desires to challenge the Confidential Information designation, it shall notify producing counsel, in writing, of the complete basis for that challenge. Producing counsel must respond thereto, in writing, within fourteen (14) days from receipt of said written

challenge (unless that time is extended by written agreement of the Parties or by Order of Court) and the Parties' counsel should meet and confer promptly to attempt to resolve any remaining dispute. If the Parties' counsel are unable to resolve the dispute amongst themselves, they shall contact the Court to advise of a discovery dispute. Until producing counsel agrees to withdraw the Confidential Information designation or until the Court issues a ruling on the dispute, and any and all proceedings, interlocutory or otherwise, related to that ruling are exhausted, the Confidential Information designation remains in place and is effective.

4. All notices or communications required or permitted under this Agreement shall be in writing and shall be sent by electronic mail and a recognized overnight carrier to the intended recipient at the address stated below.

>
> If to Plaintiff's counsel:
> Andrew R Duffy, Esquire
> aduffy@smbb.com
> Michael A. Budner, Esquire
> mbudner@smbb.com
> Robert J. Mongeluzzi, Esquire
> rjmongeluzzi@smbb.com
> Saltz Mongeluzzi Bendesky PC
> One Liberty Place
> 1650 Market Street, 52nd Floor
> Philadelphia, PA 19103
>
> If to Cabot Oil & Gas Corporation and Coterra's counsel:
> Amy L. Barrette
> amy.barrette@bipc.com
> Buchanan Ingersoll Rooney PC
> Union Trust Building
> 501 Grant Street, Suite 200
> Pittsburgh, PA 15219-1410
>
> If to Precision Drilling Company, LP and Precision Drilling Corporation's counsel:
> Jeffrey Stewart Davis, Esquire
> jsdavis@bradley.com
> Ty E. Howard, Esquire
> thoward@bradley.com
> Bradley Arant Boult Cummings
> 600 Travis Street, Suite 5600
> Houston, TX 77002

4

<u>If to Forum Energy Technologies, Inc. and Forum Energy Services, Inc.'s counsel:</u>
Christopher G. Mavros
cgmavros@zarwin.com
Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C.
2005 Market Street
16th Floor
Philadelphia, PA 19103

5. Should a Party or its counsel receive a request, demand, or subpoena calling for the dissemination, production, discussion, or review of any received Confidential Information (for this paragraph, "Request"), it/they shall notify producing counsel immediately of that receipt. The receiving Party and its/their counsel shall take any and all legal steps to resist complying with that Request until they have provided notice of same to producing counsel and producing counsel has made contact with the requesting party or entity. Only after agreement by producing counsel that such Request should be complied with or there exists an enforceable final legal order to comply with such Request should receiving Party or its/their counsel comply with the Request.

6. Receiving counsel shall maintain, until Case Termination, an accurate record of the location of all Confidential Information and the persons to whom it has disclosed and/or provided copies of that Confidential Information.

7. Nothing herein shall be construed to restrict the manner in which a Party may handle, disseminate, or deal with its own Confidential Information.

8. This Agreement shall be interpreted and construed as to both validity and performance and enforced in accordance with and governed by the laws of Pennsylvania, without giving effect to the choice of law principles thereof. The Parties agree that any action hereunder will be held exclusively in the United States District Court for the Middle District of Pennsylvania. The Parties further agree that neither Party shall be considered the "drafter" of this Agreement for purposes of its construction.

9. This Agreement may be executed in any number of counterparts, and by the Parties on separate counterparts, each of which when so executed and delivered shall be an original, but all

of which shall together constitute one and the same Agreement. Counsel signing below, by so signing, represent that they have the authority to sign on behalf of, and to bind, their client(s).

IN WITNESS WHEREOF, counsel for the Parties hereto have caused this Agreement to be executed effective as of the date first written above.

                                                              /s/ Michael Budner
Michael Budner, Esquire
mbudner@smbb.com

*Attorney for Plaintiff, Justina Chappell, as the Administrator of the Estate of DeLyle Walter Chappell*

                                                              /s/ Amy L. Barrette
Amy L. Barrette, Esquire
amy.barrette@bipc.com

*Attorney for Defendants, Cabot Oil & Gas Corporation and Coterra Energy, Inc.*

                                                              /s/ Jeffrey Stewart Davis
Jeffrey Stewart Davis, Esquire
jsdavis@bradley.com

*Attorney for Defendants, Precision Drilling Company, LP and Precision Drilling Corporation*

                                                              /s/ Christopher G. Mavros
Christopher G. Mavros
cgmavros@zarwin.com

*Attorney for Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc.*

Date: 4/17/24

IT IS SO ORDERED:

_____
JUDGE JULIA K. MUNLEY
United States District Court