IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL as Administer of the ESTATE OF DELYLE WALTER CHAPPELL, Deceased,<br>        Plaintiff<br><br>v.<br><br>PRECISION DRILLING CORPORATION; PRECISION DRILLING COMPANY, LP; CABOT OIL & GAS CORPORATION; COTERRA ENERGY, INC. f/k/a CABOT OIL & GAS CORPORATION; and FORUM ENERGY TECHNOLOGIES,<br>        Defendants | No. 3:23cv604<br><br>(Judge Munley) |

## MEMORANDUM

Before the court is Defendant Precision Drilling Corporation's motion to dismiss for lack of personal jurisdiction filed pursuant to Federal Rule of Civil Procedure 12(b)(2). Having been fully briefed, this matter is ripe for disposition.

**Background**

This is a negligence and products liability action arising out of the death of Delyle Walter Chappell at a Marcellus Shale natural gas drilling site near Montrose, Pennsylvania. (See Doc. 1-1, State Court Compl.). As alleged, Chappell died on April 21, 2021 at approximately 1:30 AM while working at the

drilling site after he was struck by 40-foot-long pipe when a piece of heavy equipment malfunctioned. (Id. ¶¶ 54-64).

Per plaintiff, Defendants Cabot Oil & Gas Corporation and Coterra Energy, Inc. (collectively "Coterra") constructed and owned the drilling site and contracted with Defendants Precision Drilling Corporation and Precision Drilling Company, LP for those defendants to be the "drilling manager, construction manager, prime contractor and/or general contractor" for the site, including the work being performed by Chappell. (Id. ¶¶ 30-31). Plaintiff's complaint refers to Precision Drilling Corporation and Precision Drilling Company, LP collectively as "Precision Drilling." (Id. ¶ 31). Plaintiff avers that the operator of the equipment transporting the pipe did so under the direction and control of Coterra and Precision Drilling. (Id. ¶ 64).

On March 10, 2023, Chappell's widow and administrator of his estate, Plaintiff Justine Chappell, filed suit in the Lackawanna County Court of Common Pleas. Defendants Precision Drilling Corporation and Precision Drilling Company, LP then removed this matter on April 10, 2023, based on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000. (Doc. 1). On April 17, 2023, Precision Drilling Corporation filed the instant motion to

dismiss for lack of personal jurisdiction.[1] (Doc. 3). This matter is ripe for a decision.

**Legal Standard**

Precision Drilling Corporation challenges personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and moves to dismiss all claims brought against it. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)(citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). Under circumstances where the court does not conduct an evidentiary hearing on the motion, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have [her] allegations taken as true and all factual disputes drawn in [her] favor." Id. (further citation omitted).

On the other hand, a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n. 9 (3d Cir. 1984). Once a defendant raises the

---

[1] That same date, April 17, 2023, Precision Drilling Company, LP filed an answer. (Doc. 4). Defendants Forum Energy Technologies, Inc. and Forum Energy Services Inc. (collectively "Forum Energy") later filed crossclaims against Precision Drilling Corporation and Precision Drilling Company, LP, (Doc. 22), and Precision Drilling Corporation and Precision Drilling Company, LP collectively filed an answer to those crossclaims, (Doc. 24).

3

issue of personal jurisdiction, "then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Id. "[T]herefore, at no point may a plaintiff rely on the bare pleadings alone. . .[;] once the motion is made, plaintiff must respond with actual proofs, not mere allegations." Id.

But "[a] Rule 12(b)(2) motion cannot be treated as one for summary judgment." Patterson by Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990). "When plaintiff responds with affidavits or other evidence in support of [her] position. . .the court is bound to accept these representations and defer final determination as to the merits of the allegations until a pretrial hearing or the time of trial." In re Chocolate Confectionary Antitrust Litig., 602 F. Supp. 2d 538, 557 (M.D. Pa. 2009)(citing Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 & n. 1 (3d Cir. 1992)("plaintiff need only plead [a] prima facie case to survive the initial [Rule 12(b)(2)] motion, but must eventually establish jurisdiction by a preponderance of the evidence"). Plaintiff's burden is thus "relatively light[.]" Darien Rowayton Bank v. McGregor, 668 F. Supp. 3d 324, 329 & n. 26 (M.D. Pa. 2023)(citing Carteret Sav. Bank, F.A., 954 F.2d at 142 & n. 1)).

**Discussion**

Turning now to the substance of Precision Drilling Corporation's motion, a district court "typically exercises personal jurisdiction according to the law of the

4

state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007)(citing Fed. R. Civ. P. 4(k)(1)(A)). The court thus applies Pennsylvania's long-arm statute, which confers several bases of personal jurisdiction. See 42 PA. CONS. STAT. § 5322(a)-(b).

Pennsylvania's long-arm statute "authorizes the exercise of personal jurisdiction over nonresidents 'to the fullest extent allowed under the Constitution of the United States ... based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.' " Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)(quoting 42 PA. CONS. STAT. § 5322(b)). The long-arm statute also sets forth "a variety of examples of sufficient contact[,]" see id., including, among other things: 1) transacting any business; 2) contracting to supply services or things; 3) causing harm or tortious injury by act or omission inside or outside the Commonwealth; 4) making application to any government unit for licensing or permitting; and 5) committing any violation within the Commonwealth of any statute, rule, or regulation promulgated thereunder by any government unit, see 42 PA. CONS. STAT. § 5322(a)(1)-(4), (a)(9)-(10). But because Section 5322(b) " 'further expands the potential bases for jurisdiction' to the limits of the U.S. Constitution. . .the list of examples of sufficient contact in [Section] 5322(a) cannot be considered exhaustive." Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 201 n. 2
...

state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007)(citing Fed. R. Civ. P. 4(k)(1)(A)). The court thus applies Pennsylvania's long-arm statute, which confers several bases of personal jurisdiction. See 42 PA. CONS. STAT. § 5322(a)-(b).

Pennsylvania's long-arm statute "authorizes the exercise of personal jurisdiction over nonresidents 'to the fullest extent allowed under the Constitution of the United States ... based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.' " Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)(quoting 42 PA. CONS. STAT. § 5322(b)). The long-arm statute also sets forth "a variety of examples of sufficient contact[,]" see id., including, among other things: 1) transacting any business; 2) contracting to supply services or things; 3) causing harm or tortious injury by act or omission inside or outside the Commonwealth; 4) making application to any government unit for licensing or permitting; and 5) committing any violation within the Commonwealth of any statute, rule, or regulation promulgated thereunder by any government unit, see 42 PA. CONS. STAT. § 5322(a)(1)-(4), (a)(9)-(10). But because Section 5322(b) " 'further expands the potential bases for jurisdiction' to the limits of the U.S. Constitution. . .the list of examples of sufficient contact in [Section] 5322(a) cannot be considered exhaustive." Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 201 n. 2

(3d Cir. 1998)(quoting Dayhoff Inc., 86 F.3d at 1302). This court thus may exercise personal jurisdiction to the extent permitted by the Due Process Clause after considering whether the "the defendant has certain minimum contacts with … [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor, 496 F.3d at 316–17 (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(internal quotation marks omitted).

The Due Process Clause tolerates more than two types of personal jurisdiction over a corporate defendant, but, in the absence of Precision Drilling Corporation's express or implied consent to jurisdiction, the court travels the well-trodden paths of general (all-purpose) jurisdiction and specific (case-linked) jurisdiction. See Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 137–140 (2023)(discussing International Shoe and subsequent jurisprudence); Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty., 582 U.S. 255, 262 (2017). And plaintiff concedes that she cannot meet the requirements to establish general jurisdiction over Precision Drilling Corporation at this time. (See Doc. 11, Pl. Br. in Opp., at 3). Accordingly, this memorandum only addresses specific jurisdiction.

The specific jurisdiction inquiry has three parts. O'Connor, 496 F.3d at 317. The first consideration is "purposeful availment," i.e., whether the defendant itself

6

purposefully directed its activities at the forum state or created continuing obligations between itself and the forum. See id; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985)(citations omitted). The second consideration is whether the controversy is related to or arises out of a defendant's contacts with the forum. O'Connor, 496 F.3d at 317; see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, (1984)(citation omitted). When these two considerations are met, the court must also consider whether the exercise of jurisdiction otherwise comports with the concerns of "fair play and substantial justice." O'Connor, 496 F.3d at 317; see also Burger King Corp., 471 U.S. at 477 (citing International Shoe, supra), 478 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

In this matter, Precision Drilling Corporation has submitted a declaration by Mike Skuce, an employee of co-defendant Precision Drilling Company, LP. (Doc. 3-1 ¶ 2). Skuce indicates that Precision Drilling Corporation is the ultimate parent company of Precision Drilling Company, LP. (Id. at ¶ 3). Per Skuce's declaration, Precision Drilling Corporation is a Canadian corporation with a principal place of business in Canada with no offices in Pennsylvania and no employees, in Pennsylvania, Canada, or otherwise. (Id. ¶¶ 3-4). Furthermore, according to Skuce, Precision Drilling Company, LP was "[t]he Precision entity on site on the day of the [Chappell] incident[.]" (Id. ¶ 5).

Precision Drilling Corporation argues that this parent-subsidiary relationship alone does not subject Precision Drilling Corporation to the court's jurisdiction. Plaintiff counters that the court has specific jurisdiction because Precision Drilling Corporation issued corporate policies and procedures, including safety policies and procedures, that were in place at the time of the fatal incident. (Pl. Br. in Opp., Doc. 11 at 7 (citing Doc. 1-1, Compl. at ¶ 38)). As an alternative to her arguments in support of denying the motion, plaintiff requests leave to conduct jurisdictional discovery.

In support of her position, plaintiff relies on documents from an Occupational Safety and Health Administration ("OSHA") investigation into Chappell's death.[2] The OSHA investigation identifies the establishment as "Precision Drilling Corporation." (Pl. Br. in Opp., Doc. 11 at 9). Other inspection data identifies "Precision Drilling (US) Corporation." (Id.) Plaintiff further argues that entities related to Precision Drilling Corporation all use the common name "Precision Drilling" and a common corporate logo as is reflected on a Precision Drilling Corporation website, employees' LinkedIn pages, and on Lock-Out-Tag-Out policies and procedures supplied to OSHA relative to this incident. (Id. at 7-9).

---

[2] The documents relied upon by plaintiff are screen captures pasted into her brief in opposition and not actually attached as exhibits or accompanied by an affidavit or declaration.

8

The court also notes that Precision Drilling Corporation has been involved in extensive litigation in the Middle District of Pennsylvania regarding alleged Fair Labor Standards Act violations related to Pennsylvania employees donning and doffing personal protective equipment ("PPE") at drilling sites. See Tyger v. Precision Drilling Corp., 4:11cv1913. The Supreme Court of the United States recently denied a petition for writ of certiorari in that matter. Precision Drilling Corp. v. Tyger, --- S.Ct. ----, 2024 WL 2805756 (U.S. June 3, 2024). In Tyger, as part of an early motion to challenge service of process, a Precision Drilling Company, LP employee filed a declaration indicating that a particular individual "was employed by Precision Drilling Corporation through a temporary staffing agency and was assigned to work as a front desk receptionist in December 2011." (4:11cv1913, Doc. 5-2, Dec. of B. Lindemann).

Consequently, there is more than a possibility that plaintiff can establish the requisite contacts between Precision Drilling Company and Pennsylvania to establish personal jurisdiction. It is clear to the court, however, that discovery is needed to address this issue. Plaintiff seeks to explore items such as: (1) the contracts between Precision Drilling Corporation and the other parties to this suit; (2) Precision Drilling Corporation's policies and procedures related to drilling operations; (3) whether such policies were in effect at the drilling site; (4) the revenues generated to Precision Drilling Corporation from this and other drilling

9

sites in Pennsylvania; and (5) whether Precision Drilling Company, LP was bound by and/or implemented corporate policies and procedures of Precision Drilling Corporation. (See Pl. Br. in Opp., Doc. 11 at 15–16). Plaintiff has also requested a case management conference pursuant to Federal Rule of Civil Procedure 16. (Doc. 26).

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction. . .courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.' " Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)(citation omitted). The failure to afford a plaintiff jurisdictional discovery into business-related information is potentially an abuse of discretion. See Rocke v. Pebble Beach Co., 541 F. App'x 208, 213 (3d Cir. 2013). This action also appears to involve levels of corporate entities leading back to Precision Drilling Corporation, "with numerous corporate forms, and operations wide in scope." See Marchionda v. Embassy Suites, Inc., 122 F. Supp. 3d 208, 211 (D.N.J. 2015).

Under the circumstances before the court, plaintiff's request for jurisdictional discovery is non-frivolous. Leave to conduct jurisdictional discovery will be granted to explore Precision Drilling Company's contacts with Pennsylvania. Such discovery shall include the areas requested by plaintiff, as well as the relationships between the parent company "Precision Drilling

Corporation," the subsidiary "Precision Drilling Company, LP," and the other entity included in the OSHA inspection, "Precision Drilling (US) Corporation." The motion to dismiss will thus be dismissed without prejudice for Precision Drilling Corporation to refile after the discovery period.

**Conclusion**

For the reasons set forth above, Defendant Precision Drilling Corporation's motion to dismiss will be dismissed without prejudice with the right to refile upon completion of jurisdictional discovery. This matter will be scheduled for a case management conference to set appropriate limits and a deadline for jurisdictional discovery to be completed. An appropriate order follows.

Date: 6/3/24

JUDGE JULIA K. MUNLEY
United States District Court