**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPEL,** | **CIVIL ACTION** |
| *Plaintiff,* <br> v. | **C.A. No. 3:23-cv-00604-RDM** |
| **PRECISION DRILLING CORPORATION, *et al.*** | **HON. JULIA K. MUNLEY** |
| *Defendants.* | |

## JOINT CASE MANAGEMENT PLAN

1.0    **Principal Issues**

    1.1     Separately for each party, please give a statement summarizing the case:

**By plaintiff(s)**: Defendants, Cabot Oil & Gas Corporation and Coterra Energy, Inc. f/k/a Cabot Oil & Gas Company (hereinafter referred to collectively as "Coterra"), were engaged in the development, exploitation and exploration of the subject natural gas reservoir located in Montrose, PA (the "Drilling Site") and contracted with Defendants Precision Drilling Corporation and Precision Drilling, LP (the "Precision Defendants"). The work being performed by Coterra and the Precision Defendants involved the use of a Pipe Wrangler, a piece of heavy machinery that is used to transfer pipes between the ground level and the rig floor of the Drilling Site. The Pipe Wrangler was installed, sold, modified, manufactured, designed, repaired, and/or marketed by Defendants, Forum Energy Technologies, Inc., and Forum Energy Services, Inc. (the "Forum Energy Defendants"). Defendant, Coterra, in conjunction with the Precision Defendants employed the individuals who were responsible for the operations and safety obligations at the Drilling Site, as well as established corporate policies and procedures, including safety policies and procedures, for the Drilling Site.

On April 13, 2021, Mr. Chappell was working within the course and scope of his employment with Frank's International at the Drilling Site. On this date, Mr. Chappell was on the rig floor of the Drilling Site when he was struck with a 40-foot-long pipe which was being transported by the Pipe Wrangler under the control of the Precision Defendants' employees, causing Mr. Chappell's death.

By defendant(s):

**Coterra's Statement of the Case**

Defendant Coterra Energy Inc., formerly known as Cabot Oil & Gas Corporation (collectively, "Coterra"),[1] is engaged in, among other things, the exploration and production of natural gas from the Marcellus Shale formation in northeast Pennsylvania.

As part of its regular and recurring business operations, Coterra enters into agreements with contractors to drill and complete the gas wells. The drilling process itself is also a part of Coterra's regular and recurring business operations, and it consists of the drilling and removal of rock and soil to access the Marcellus Shale formation, thousands of feet below the earth's surface. In addition, casing operations are an integral part of the drilling process, and casing itself is a regular and recurring part of Coterra's operations. As the drilling operations progress, long sections of steel pipes of various diameters, referred to as casing, are installed concentrically within the wellbore to provide structural integrity and stability, among other things.

As part of its operations, Coterra leased property located at 1007 Hoag Hill, Montrose, Pennsylvania 18801. Coterra's subsidiary, GasSearch Drilling Corporation, then constructed Coterra's multi-acre Griffiths J. well pad ("Griffiths Pad"), upon which the Griffiths gas wells were drilled.

To that end, Coterra contracted with Defendant Precision Drilling Company, LP ("Precision") to conduct drilling operations on the Griffiths Pad. Coterra contracted with Precision because of Precision's drilling knowledge and expertise. In providing its drilling services on the Griffiths Pad, Precision was responsible to select, provide, and maintain the equipment used in its operations. Precision was also responsible for providing and training Precision employees to operate the Precision equipment. Although Coterra provided Precision with information pertaining to the depth of the target formation and the direction and length of the planned wells, Coterra did not determine the means or methods by which Precision drilled the wells on the Griffiths Pad. Coterra likewise did not supervise the means and methods by which Precision drilled the wells on the Griffiths Pad.

---

[1] On October 1, 2021, a wholly owned subsidiary of Cabot Oil & Gas Corporation ("Cabot") completed its merger with and into Cimarex Energy Co., as a result of which Cimarex became a subsidiary of Cabot. That same day, Cabot changed its name to Coterra Energy Inc., which is now the legal entity.

Coterra also contracted with Defendant Frank's International, LLC, now known as Expro ("Frank's") to provide casing services in conjunction with Precision's drilling operations on the Griffiths Pad. Coterra contracted with Frank's because of Frank's knowledge and expertise in casing operations. In providing its casing services on the Griffiths Pad, Frank's was responsible to select, provide, and maintain the equipment used by Frank's in connection with Frank's casing services. Frank's was also responsible for providing and training Frank's employees on how to operate the Frank's equipment. Although Coterra provided information to Frank's concerning the depth of segments of casing, Coterra did not determine the means or methods by which Frank's conducted casing services on the Griffiths Pad. Coterra likewise did not supervise the means and methods by which Frank's conducted casing services on the Griffiths Pad.

For its drilling operations, Precision mobilized and set up a drill rig and other equipment on the Griffiths Pad, including a Pipe Wrangler that was manufactured and sold by Defendants Forum Energy Technologies, Inc. and/or Forum Energy Services, Inc. (collectively "Forum") The Pipe Wrangler, which was used to move the 40-foot pieces of casing from the ground to the rig floor, approximately thirty feet above ground level, was owned and operated by Precision. Likewise, Frank's mobilized and set up casing equipment on the Precision drill rig. During the drilling and casing operations, Precision and Frank's were in possession of and controlled the necessary area on the Griffiths Pad occupied by them as they completed the work contemplated by their respective contracts, which included but was not limited to, the area utilized by Precision's drilling rig and Pipe Wrangler. Precision and Frank's were responsible to hold safety meetings related to their respective drilling and casing operations. The risks associated with Precision's and Frank's operations were no different from the usual and ordinary risks associated with drilling and casing operations.

In April 2021, Delyle Chappell was employed by Frank's and was present on the Griffiths Pad. As a Frank's employee, Mr. Chappell was assisting with Frank's casing operations. On April 12, 2021, at approximately 9:30 pm, Precision and Frank's participated in a safety meeting before commencing casing operations. When the casing operations commenced, Mr. Chappell was working with two other Frank's employees on Precision's drill rig floor. At that time, a Precision employee was on the drill rig floor, operating the Pipe Wrangler, which Precision was using to raise the pieces of casing from the ground to the rig floor. Shortly after the safety meeting, a Precision employee determined that the Pipe Wrangler's controls located on the rig floor were not working properly and instructed the Pipe Wrangler operator to operate the Pipe Wrangler using the controls located at ground level. Neither Precision nor Frank's advised Coterra about the Pipe Wrangler's purported malfunction or the change in the location of the operator of the Pipe Wrangler. In the early morning of April 13, 2021, at approximately 1:30 am, just hours after the April 12, 2021 safety meeting held by Precision and Frank's, Mr. Chappell was caught in a pinch point between two pieces of casing and was fatally injured (the "Incident"). OSHA conducted an investigation immediately following the Incident and determined that no violations of health and safety standards occurred, and no OSHA violations were issued related to Mr. Chappell's death. No Coterra employees were present on the Griffiths Pad at the time of the Incident.

Plaintiff brought a negligence claim against Coterra, alleging that Coterra breached a duty to provide Mr. Chappell a reasonably safe environment, free of unreasonable hazards, within which to perform his work. Plaintiff specifically alleges that Coterra failed to warn of hazards,

failed to supervise, failed to monitor, failed to hold safety meetings, and failed to train Precision's and Frank's employees, among other things. Plaintiff further brought a wrongful death and survival action against Coterra.

Coterra is not liable to Plaintiff because Coterra did not breach any duty owed to Mr. Chappell. Precision and Frank's were in control of the portion of the Griffiths Pad upon which they were working. The "retained control" and "peculiar risk" exceptions do not apply here. Coterra also is not liable as Coterra was Mr. Chappell's statutory employer pursuant to Sections 302(a) and (b) of the Pennsylvania Workers' Compensation Act, 77 P.S. §§ 461–62.

**Precision Defendants' Statement of Case**  Precision Drilling Company, L.P. ("Precision") is a drilling contractor that provides contract oil & gas drilling services to oil & gas companies such as Coterra. Precision Drilling Corporation is a parent company of Precision and had not involvement in any aspect of the operations undertaken on the subject wellsite. Precision Drilling Corporation challenges personal jurisdiction in this matter and reserves all rights. Precision and Precision Drilling Corporation will sometimes be referred to collectively as "Precision Defendants". Precision Drilling Corporation's participation in this Joint Case Management Plan is subject to challenge to the assertion of personal jurisdiction over it.

On or about October 12, 2016, Coterra and Precision entered into a Master Daywork Drilling Contract that set forth the rights and obligations of the parties and had several amendments.

In April of 2021, Precision was providing a drilling rig and personnel to assist in the drilling of the well known as the Griffith J 10 (the "Well").

In April 2021, Delyle Chappell was employed by Frank's and was present on the Griffiths Pad. As a Frank's employee, Mr. Chappell was assisting with Frank's casing operations.

On April 12, 2021, at approximately 9:30 pm, Precision and Frank's participated in a safety meeting before commencing casing operations. When the casing operations commenced, Mr. Chappell was working with two other Frank's employees on Precision's drill rig floor. At that

4

time, a Precision employee was on the drill rig floor, operating the Pipe Wrangler, which Precision was using to raise the pieces of casing from the ground to the rig floor. Shortly after the safety meeting, a Precision employee determined that the Pipe Wrangler's controls located on the rig floor were not working properly and instructed the Pipe Wrangler operator to operate the Pipe Wrangler using the controls located at ground level.

In the early morning of April 13, 2021, at approximately 1:30 am, just hours after the April 12, 2021 safety meeting held by Precision and Frank's, Mr. Chappell was caught in a pinch point between two pieces of casing and was fatally injured (the "Incident").

**Forum Tech's Statement of the Case**

Defendant, Forum Tech, was involved in the distribution of the subject Pipe Wrangler over ten (10) years before the subject accident. Distribution included participating in an initial commissioning process with Precision employees with respect to the subject machine, which was a few days in duration. After this initial commissioning process was completed, Forum Tech did not service or maintain the subject machine at any relevant time. Moreover, Forum Tech has no knowledge of how the accident occurred other than from what has been provided by the other parties that were on the scene at the time it occurred.

     1.2     The facts the parties <u>dispute</u> are as follows:

2. Coterra disputes that it was organized and exists under the laws of the State of Texas.

3. Coterra disputes that it controlled the portion of the Griffiths Pad where the Incident occurred.

4. Coterra disputes that it contracted with Precision Drilling Corporation or Precision Drilling Company, LP, to be the drilling manager, construction manager, prime contractor, or general contractor for the Griffiths Pad, including the work performed by Mr. Chappell.

5. Coterra disputes that Mr. Chappell was not performing work involving the removal, excavation, or drilling of solid rock or minerals.

6.  Coterra disputes that it contracted with Frank's to perform cement operations at the Griffiths Pad.

7.  Coterra disputes that it used the Pipe Wrangler in its work.

8.  Coterra disputes that it employed individuals who were responsible for the operations and safety obligations of Precision and Frank's on the Griffiths Pad.

9.  Coterra disputes that it established policies and procedures that were specific to the Griffiths Pad.

10. Coterra disputes that it endangered employees of Precision and Frank's at the Griffiths Pad.

11. Coterra disputes that it should have trained employees of Precision and Frank's to ensure they performed their jobs in a safe manner.

12. Coterra disputes that it must train employees of Precision and Frank's to ensure a safe work environment.

13. Coterra disputes that it was required to ensure that employees of Precision and Frank's complied with rules and procedures designed to ensure a safe work environment.

14. Coterra disputes that it employed individuals, foremen, superintendents, or managers who were responsible for the operations or safety obligations of Precision and Frank's at the Griffiths Pad.

15. Coterra disputes that it employed individuals, foremen, superintendents, or managers who worked at or continuously visited the Griffiths Pad.

16. Coterra disputes that it established policies for purchasing, using, or replacing Precision and Frank's equipment and supplies of at the Griffiths Pad.

17. Coterra disputes that it provided machinery and equipment that employees of Frank's and Precision were required to use at the Griffiths Pad.

18. Coterra disputes that it was required to train employees of Precision and Frank's.

19. Coterra disputes that it was responsible for providing and implementing adequate and proper training, including safety training, and implementing safety policies and procedures for the work performed by employees of Precision and Frank's at the Griffiths Pad.

20. Coterra disputes that it owned, operated, supervised, leased, or controlled the equipment used by employees of Precision and Frank's at the Griffiths Pad.

21. Coterra disputes that it was responsible for the work and supervision of work performed by employees of Precision and Frank's at the Griffiths Pad.

22. Coterra disputes that it had knowledge of the Pipe Wrangler's malfunction.

23. Coterra disputes that the operator of the Pipe Wrangler was acting under the direction or control of Coterra.

24. Coterra disputes that it directed or controlled the means and methods of work conducted by Precision's and Frank's respective employees.

25. Coterra disputes that it directed or controlled the activities associated with the casing that fatally struck Mr. Chappell.

26. Precision Drilling Corporation disputes that it is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business in Pennsylvania.

27. Precision Drilling Corporation disputes that it purposely established significant contacts in Pennsylvania or carried out or continues to carry out, substantial, continuous and systematic contracts in the Commonwealth of Pennsylvania or regularly conducted business in Lackwanna Couunty, Pennsylvania.

28. Precision Drilling Corporation disputes that it owned any equipment, employed any personnel or had any involvement with the operations taking place at the subject wellsite.

29. Precision Defendants dispute that Plaintiff was not performing work involving the removal, excavation or drilling of solid rock or minerals.

30. Precision Defendants dispute that they had any responsibility for training or supervision of Mr. Chappell or Mr. Chappell's co-workers.

31. Precision disputes that any policies and procedures promulgated by Precision applied to Mr. Chappell or Mr. Chappell's co-workers.

32. Precision disputes that it was responsible for any work of personnel other than Precision personnel.

33. Precision disputes that it was responsible to supervise any personnel other than Precision personnel.

34. Precision disputes that Mr. Chappell was not assisting in the casing operation taking place at the time of the Incident.

35. Precision Defendants dispute the factual allegations set forth in Plaintiff's Complaint.

36. Precision Defendants dispute the claims of negligence in Plaintiff's Complaint.

37. Forum Tech disputes that the subject Pipe Wrangler was in the same condition and functionality that it was when it left possession of Forum Tech

38. Forum Tech disputes that this accident occurred during normal use of the subject Pipe Wrangler,

39. Forum Tech disputes that the subject Pipe Wrangler was being used as intended at the time of the subject accident.

    The facts the parties <u>agree</u> upon are as follows:

    A.    Mr. Chappell sustained a fatal injury on April 13, 2021, at approximately 1:30 am, while working on the rig floor.

    B.    At the time of the Incident, Mr. Chappell was providing casing services on the Precision drill rig floor.

    C.    Coterra is the owner of the Griffiths Pad, situated on leased property located at 1007 Hoag Hill, Montrose, Pennsylvania 18801.

    D.    Coterra contracted with Precision to conduct drilling operations on the Griffiths Pad.

    E.    In connection with Precision's drilling services on the Griffiths Pad, Precision was responsible to select, provide, and maintain equipment used in Precision's operations.

    F.    Mr. Chappell was employed by Frank's.

    G.    In connection with its casing services on the Griffiths Pad, Frank's was responsible to select, provide, and maintain the equipment used by Frank's in connection with Frank's casing services.

    H.    Frank's was responsible for providing and training Frank's employees to operate Frank's equipment.

    I.    Precision mobilized and set up a drilling rig and other equipment on the Griffiths Pad, including the Pipe Wrangler.

    J.    Frank's mobilized and set up casing equipment on the Precision drill rig.

    K.    Precision owned and maintained the drilling rig and the Pipe Wrangler.

    L.    Frank's owned and maintained the casing equipment brought by Frank's to the Griffiths Pad.

    M.    Frank's set up the casing equipment on the Precision drilling rig.

    N.    During the drilling and casing operations, Precision and Frank's were in possession of and controlled the area utilized by Precision's drill rig and the Pipe Wrangler.

    O.    The risks associated with Precision's and Frank's operations were no different from the usual and ordinary risks associated with drilling and

casing operations.

P.  The work being performed at the time of the Incident involved the use of the Pipe Wrangler.

Q.  The Pipe Wrangler is a piece of heavy equipment that is used to transfer pipes between the ground level and the rig floor.

R.  Mr. Chappell was working in the ordinary scope of his employment with Frank's.

S.  The Pipe Wrangler had two sets of controls, the pedestal controls on the rig floor and the ground level controls.

T.  The operator of the Pipe Wrangler was an employee of Precision.

U.  The operator of the Pipe Wrangler ceased using the pedestal controls and switched to the ground level controls.

V.  Mr. Chappell, along with employees of Precision and Frank's, were in the process of installing casing when Mr. Chappell was fatally injured.

W.  Mr. Chappell was fatally injured when he was caught in a pinch point between two pieces of casing.

X.  At the time of the Incident, Mr. Chappell was working on Precision's drilling rig floor with two other Frank's employees and one Precision employee.

1.3 The legal issues the parties dispute are as follows:

A.  The parties dispute whether personal jurisdiction exists as to Defendant Precision Drilling Corporation.

B.  Coterra disputes that it was careless, reckless, grossly negligent, or negligent.

C.  Coterra disputes that Mr. Chappell's fatal injury was a direct and proximate result of Coterra's alleged negligence, carelessness, gross negligence, or recklessness.

D.  Coterra disputes that its alleged actions or inactions were substantial factors or factual causes or increased the risk of Mr. Chappell's death.

E.    Coterra disputes that it breached any duty owed to Mr. Chappell.

F.    Coterra disputes that it breached any duty to employees of Precision and Frank's who were engaged in work at the Griffiths Pad.

G.    Coterra disputes that it breached any alleged duty to warn employees of Precision and Frank's working at the Griffiths Pad from unsafe work conditions or work practices.

H.    Coterra disputes that it breached any alleged duty to safeguard employees of Precision and Frank's working at the Griffiths Pad from unsafe work conditions or work practices.

I.    Coterra disputes that it owed or breached a duty to train employees of Precision or Frank's at the Griffiths Pad in the proper and safe use of machinery and equipment.

J.    Coterra disputes that it owed or breached a duty to ensure that only trained employees of Precision and Frank's were permitted to work at the Griffiths Pad.

Coterra disputes that Plaintiff is entitled to any damages for her claims against Coterra.

Forum Tech disputes that this accident was caused by any design or manufacturing defect of the subject Pipe Wrangler.

Forum Tech disputes that this accident was caused by any failure to warn of the subject Pipe Wrangler.


The legal issues the parties agree upon are as follows:

None

39.0    Identify any unresolved issues as to service or process, personal jurisdiction,

subject matter jurisdiction, or venue:

On June 3, 2024, this Honorable Court entered an Order dismissing the Motion to

Dismiss for Lack of Personal Jurisdiction filed by Defendant Precision Drilling Corporation

without prejudice to allow for re-filing after the parties have conducted jurisdictional discovery.

39.1    Identify any named parties that have not yet been served:

None

39.2    Identify any additional parties that:

plaintiff(s) intends to join: None at this time.

Coterra:        None at this time.

Precision Defendants:  None at this time.

defendant(s) intends to join:

39.3    Identify any additional claims that:

plaintiff(s) intends to add: None at this time.

defendant(s) intends to add:

Coterra:        None at this time.

Precision Defendants: None at this time.

Forum Tech: None at this time

2.0    **<u>Disclosures</u>**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**<u>2.1</u>** Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by   Plaintiff                   :

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Jonathan | District Manager, Frank's International |
| Marshal Crawford | Unknown, Frank's International |
| Craig Watts | Offsite General Supervisor |

Matt Wallace                    Rig Manager, Precision Drilling

Bob Goodwin                    Operations Manager, Precision Drilling

Joseph Bissol                    PA State Police/Police Officer Trooper

Disclosed by   Coterra                    :

Name                    Title/Position


Craig Watts                    (Contractor) Drill Site Supervisor

Shane Brown                    (Contractor) Drill Site Supervisor

Frank Estes                    (Coterra) Drilling and Completions Engineer

Brody Webster                    (Coterra) EHS Manager

Disclosed by Precision:

Name                    Title/Position

Troy Herron HolidayRig Manager

Matt Wallace                    Rig Manager

Magella G. Mainguy                    Driller

Kingsley M. Wagner                    Derrickhand

Jeremi M. Wagner                    Motorman

Bailey Mackenzie Jefferds    Floorhand

Mark Phillip Bennett                    Floorhand

Joseph Blair Fox                    Floorhand

Disclosed by Forum Tech_____:

<u>Name</u>                    <u>Title/Position</u>

Brian Winter, Vice President of Drilling Products

2. Gerardo Guerra, Lead Mechanical Engineer

3. Jeffrey Goff, US CAPAM Aftermarket Manager

4. Jim Vogt, Global Director of Business Development & Sales_____

3.0    **Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant

effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>                    <u>Moving Party</u>        <u>Anticipated Filing Date</u>

None for plaintiff

Coterra:        None.

Precision Defendants:  Precision Drilling Corporation's motion to dismiss.

Forum Tech: None at this time

4.0    **Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): Plaintiff has served written discovery on all defendants and has

received voluminous responsive documentation from the defendants with some discovery

13

outstanding. Plaintiff has also been served with written discovery requests by defendants, which plaintiff has responded to with the exception of one set received in the last 1-2 weeks, which plaintiff is in the process of responding to.

By defendant(s):

Coterra:

Coterra served its Rule 26(a)(1)(A) Initial Disclosures on August 3, 2023. Coterra timely served its Objections and Answers to Plaintiff's First Set of Interrogatories and Objections and Responses to Plaintiff's First Request for Production of Documents on January 5, 2024.  In response to Plaintiff's document requests, Coterra made two document productions.  Coterra served its First Set of Interrogatories Directed to Plaintiff and First Requests for Production of Documents Directed to Plaintiff on May 29, 2024.

Precision:

Precision Defendants will serve its Rule 26(a)(1)(A) Initial Disclosures on or before June 24, 2014.
Precision timely served its Objections and Answers to Plaintiff's First Set of Interrogatories and Objections and Responses to Plaintiff's First Request for Production of Documents on December 21, 2023.  In response to Plaintiff's document requests, Precision made its document production on January 23, 2024. Precision served its First Set of Interrogatories Directed to Plaintiff and First Requests for Production of Documents Directed to Plaintiff on November 27, 2023.  Plaintiff responded on February 16, 2024.

**Forum Tech: Forum Tech has served its Initial Disclosures on September 8, 2023.  The parties have been in discussions to schedule an inspection of the subject Pipe Wrangler and its component parts, which are in two separate locations.  The inspections are necessary for Forum Tech to determine necessary discovery it will require from the parties, at which point appropriate Interrogatories and Request for Documents will be issued.**

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what

defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

All parties agree that at least two (2) separate inspections must take place, which the parties are in the process of working together to schedule. The first inspection includes the internal components, controls, and hydraulics of the equipment involved in the accident, which have been preserved at a facility in Conroe, TX. The second inspection is of the rig itself, which is currently located in Lycoming County, PA.

All parties also agree that the depositions of all identified individuals and potentially a 30(b)(6) witness for each Defendant, above, will be required to learn about the accident, operations on the day of the accident, and operations at the Griffiths Pad in general. Additionally, depositions of Forum Energy representatives will be necessary as they relate to plaintiff's product liability claims.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Not applicable.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

Not applicable.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed subject to later modification by a stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s):

4.5.1    depositions (excluding experts) to be taken by:

plaintiff(s): ___15___          defendant(s): _____

Forum Tech: 10-15

Precision agrees that 10-15 is a reasonable

number of fact witnesses that will need to be

deposed.

4.5.2    interrogatories to be served by:

plaintiff(s): ___40___          defendant(s): _____

Coterra:  35

Precision Defendants:  35

Forum Tech: 35

4.5.3    document production requests to be served by:

plaintiff(s): ___50___          defendant(s): _____

Coterra:          50

Precision Defendants:  50

Forum Tech: 50

4.5.4    requests for admission to be served by:

plaintiff(s): ___25___          defendant(s):  _25___

Precision Defendants:  25

Forum Tech: 25

4.6     Discovery of Electronically Stored Information 9

[X] Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

[  ] Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

5.0    **Protective Order**

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

The parties have already agreed to a Confidentiality Agreement, which has been submitted to and approved by this Honorable Court (ECF Doc. No. 27 and 28).

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

None.

6.0    **Scheduling**

6.1    Final date for joining additional parties

_____9/2/24_____ Plaintiff(s)

_____9/2/24_____ Defendant(s)

6.2    Final date for amending pleadings:

_____2/10/25_____ Plaintiff(s)

_____2/10/25_____ Defendant(s)

6.3     All fact discovery commenced in time to be completed by:

_____ March 10, 2025 _____

6.4     All potentially dispositive motions should be filed by:  June 10, 2025 _____

6.5     Reports from retained experts due:

from plaintiff(s) by __ April 25, 2025 _____

from defendant(s) by _ June 10 2025 _____

6.6     Supplementations due June 26, 2025 _____

6.7     All expert discovery commenced in time to be completed by August 25, 2025 _____

_____

6.8     This case may be appropriate for trial in approximately:

_____ 240 Days from the filing of the action in this court

_____ 365 Days from the filing of the action in this court

_____ Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference:

_____ 9/15/25 _____ (month/year)

6.10    Trial

6.10.1  Suggested Date for Trial:

_____ 10/2025 _____ (month/year)

7.0     **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

_____ Justina Chappell _____
Name

_____ Plaintiff/Administratrix _____

Title

165 Simpson Avenue, Evanston, WY 82930

Address

( ) ____-_____ - Daytime Telephone

I hereby certify that the following individual(s) have settlement authority.

Cole DeLancey

Name

Assistant General Counsel

Title

Coterra Energy Inc
840 Gessner Road, Suite 1400
Houston, TX 77024

Address

( ) ____-_____ - Daytime Telephone

I hereby certify that the following individual(s) have settlement authority.

Tom Bowes

Name

Deputy General Counsel

Title

10350 Richmond Avenue, Suite 700, Houston, Texas  77042

Address

(713) _-713-435-6210_____ - Daytime Telephone

I hereby certify that the following individual(s) have settlement authority.

Sharlenn Pratt Tobin

Name

Adjuster/Claims Rep – Zurich (Forum Technology)

Title

Address

( ) ____-_____ - Daytime Telephone

8.0    **Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or

which the parties have agreed to use.

    ADR Procedure _____ The parties are open to private mediation at the close of

discovery. _____

    Date ADR to be commenced _____

    Date ADR to be completed _____

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more of

the parties believe that the case is appropriate for such a procedure, identify the

party or parties that recommend ADR and the specific ADR process

recommended:

    8.3    If all parties share the view that no ADR procedure should be used in this case, set

forth the basis for that view:

9.0    **Consent to Jurisdiction by Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate

judge preside as the judge of the case with appeal lying to the United States Court of

Appeals for the Third Circuit:

All parties agree to jurisdiction by magistrate judge of this court: ___ Y  X_ N

If parties agree to proceed before a magistrate judge, please indicate below which

location is desired for the proceedings:

_____ Scranton/Wilkes-Barre

_____ Harrisburg

_____ Williamsport

## 10.0   **Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## 11.0   **Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request. Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Michael Budner_____   Dated:
Attorney(s) for Plaintiff(s)

[ X ] ECF User(s)

[  ] Waiver requested (as separate document)

[  ] Fed.R.C.P.7.1 (statement filed if necessary)

_____   Dated:
Attorney(s) for Defendant(s)
     Amy L. Barrette
     Buchanan Ingersoll & Rooney, PC
     Union Trust Building
     501 Grant Street, Suite 200
     Pittsburgh, PA 15219-4413

[ X ] ECF User(s)

[  ] Waiver requested (as separate document)

[ X ] Fed.R.C.P.7.1 (statement filed if necessary)

<u>       6/13/24                       </u>     Dated:
Attorney(s) for Defendant(s)

[  ] ECF User(s)

[  ] Waiver requested (as separate document)

[  ] Fed.R.C.P.7.1 (statement filed if necessary)

<u>       Jeffrey S. Davis           </u>
<u>       Bradley Arant Boult Cummings, LLP </u>
<u>       600 Travis, Suite 5600     </u>
<u>       Houston, Texas 77002     </u>
<u>                       </u>   Dated:
Attorney(s) for Defendant(s)

[ X ] ECF User(s)

[  ] Waiver requested (as separate document)

[ X ] Fed.R.C.P.7.1 (statement filed if necessary)

Christopher G. Mavros, Esq.
Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C.
1818 Market Street
13th Floor
Philadelphia, PA 19103

Respectfully submitted,

| | |
|---|---|
| <u>/s/ Michael Budner</u><br>Michael Budner, Esq. | <u>/s/ Jeffrey Davis</u><br>Jeffrey Stewart Davis, Esq. |

| | |
|---|---|
| Saltz Mongeluzzi Bendesky, P.C.<br>One Liberty Place<br>1650 Market Street, 52nd Floor<br>Philadelphia, PA 19103<br>215-575-3875 (phone)<br>mbudner@smbb.com<br>*Attorney for Plaintiff, Justina Chappell, as*<br>*Administratrix of the Estate of Delyle Walter*<br>*Chappell, deceased*<br><br>Date: June 21, 2024 | Bradley Arant Boult Cummings<br>600 Travis Street<br>Ste. 5600<br>Houston, TX 77002<br>713-576-0370<br>jdavis@bradley.com<br>*Attorney for Defendants, Precision Drilling*<br>*Corporation and Precision Drilling*<br>*Company, LP*<br><br>Date: June 21, 2024 |
| Amy L. Barrette /s/<br>Amy L. Barrette Esq.<br>Buchanan Ingersoll & Rooney, P.C.<br>Union Trust Building<br>501 Grant Street, Suite 200<br>Pittsburgh, PA 15219<br>412-562-1626 (phone)<br>amy.barrette@bipc.com<br>*Attorney for Defendants, Cabot Oil & Gas*<br>*Corporation and Coterra Energy, Inc.*<br><br>Date: June 21, 2024 | */s/ Christopher Mavros*<br>Christopher G. Mavros, Esq.<br>Zarwin, Baum, DeVito, Kaplan, Schaer &<br>Toddy, P.C.<br>1818 Market Street<br>13th Floor<br>Philadelphia, PA 19103<br>215-569-1606 (phone)<br>cgmavros@zarwin.com<br>*Attorney for Defendants Forum Energy*<br>*Technologies, Inc. and Forum Energy*<br>*Services, Inc.*<br><br>Date:   June 21, 2024 |