UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
JUDGE JULIA K. MUNLEY

JUSTINA CHAPPELL v PRECISION DRILLING CORPORATION, et al
3:23CV604
CMC- 6/27/24 @ 9:30

| PARTIES | COUNSEL |
|---|---|
| PLAINTIFF: Justina Chappell | Catherine Pastrikos *(Meyner Landis- Newark)* <br> Caroline Caruso |
| DEFENDANT: <br> **Precision Drilling Corporation** <br> **Precision Drilling Company, LP** | Jeffrey Stewart *(Bradley Arant Boult Cummings Houston -TX)* |
| **Cabot Oil & Gas Corporation** <br> **Coterra Energy, Inc,** | Amy Barrett *(Buchanan Ingersol & Rooney-PITTS)* |
| **Forum Energy Technologies** | Christopher Mavros *(Zarwin Baum DeVito Kaplan Schaaer & Toddy- PHILA)* |

## CASE MANAGEMENT ORDER

| | |
|---|---|
| Amended Pleadings  2/10/25 | Joinder of Parties   9/2/24 |
| Discovery Due  3/10/25 | Dispositive motions due  4/4/25 |
| Plaintiff Expert Reports  3/10/25 | Defendant Expert Reports  4/15/25 |

**MOTIONS IN LIMINE:** All motions in limine, including those involving the challenge of expert witness testimony under Daubert v. Merril Dow Pharma., Inc., 509 U.S. 579 (1993), are due fourteen (14) days prior to the pretrial conference. Briefs in opposition to the motions in limine, including Daubert motions, are due seven (7) days prior to the pretrial conference. The court will not accept briefs longer than six (6) pages double-spaced.

Daubert/ expert witness issues: Under Daubert and Federal Rule of Evidence 702, the court has an obligation to evaluate the reliability of expert testimony "where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999). The court, however, will not conduct an evidentiary hearing on every Daubert motion.

The party challenging this evidence must address the issue at the expert's deposition. If the expert has not been deposed, the complaining party must depose the expert. A copy of the deposition transcript, expert report(s),

affidavit(s), if any, and the party's brief outlining the basis for their objection to the testimony, with references to page and line numbers of the deposition transcript, are due fourteen (14) days prior to the pretrial conference. The nonmovant's (respondent) brief in opposition to the Daubert motion is due seven (7) days prior to the pretrial conference. The court will not accept briefs longer than six (6) pages double-spaced.

    As time is of the essence, the court will not address any motion in limine, including those regarding Daubert issues, if they are not timely filed.

**Counsel are directed not to file written discovery motions. In the event of a discovery dispute, counsel shall notify Case Administrator, Sylvia Murphy, who shall schedule a telephonic discovery conference.**

*s/Julia K. Munley*
**Judge Julia K. Munley**