# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPELL,<br><br>*Plaintiff,*<br>v.<br><br>PRECISION DRILLING CORPORATION, *et al.*<br><br>*Defendants*. | CIVIL ACTION<br><br>C.A. No. 3:23-cv-00604-RDM<br><br>HON. JULIA K. MUNLEY |

## PLAINTIFF'S MOTION TO EXTEND CASE MANAGEMENT DEADLINES

Plaintiff, Justina Chappell, as Administer of the Estate of Delyle Walter Chappell, respectfully requests this Honorable Court extend the current case management deadlines by 120 days, for the reasons stated herein.

1. This action arises from the tragic death of Delyle Walter Chappell. On April 13, 2021, Mr. Chappell was killed while performing casing work at a natural gas reservoir located in Montrose, PA (the "Drilling Site").

2. Defendants, Cabot Oil & Gas Corporation and Coterra Energy, Inc. f/k/a Cabot Oil & Gas Company (hereinafter referred to collectively as "Coterra"), leased the Drilling Site and contracted with Defendants Precision Drilling Corporation and Precision Drilling, LP (the "Precision Defendants") to serve as the drilling operator for the Drilling Site.

3. The work being performed by the above-named defendants involved the use of a Pipe Wrangler, a piece of heavy machinery that is used to transfer pipes between the ground level and the rig floor of the Drilling Site.

1

4. The Pipe Wrangler was installed, sold, modified, manufactured, designed, repaired, and/or marketed by Defendants, Forum Energy Technologies, Inc., and Forum Energy Services, Inc. (the "Forum Energy Defendants").

5. On April 13, 2021, Mr. Chappell was on the rig floor working in the course and scope of his employment with Frank's International, the casing contractor on-site. At this time, Mr. Chappell was struck with a 40-foot-long pipe which was being transported by the Pipe Wrangler under the control of the Precision Defendants' employees, causing Mr. Chappell's death.

6. Plaintiff initiated this action by way of Complaint in the Lackawanna County Court of Common Pleas on March 10, 2023. This action was removed to this Court on April 10, 2023. *See* D.E. 1.

7. This Court held the Rule 16 Conference on June 27, 2024. During the time period between the removal of this action and the Rule 16 Conference, the parties engaged in lengthy dispositive motion practice.

8. On June 27, 2024, this Court entered the operative Case Management Order. *See* D.E. 35.

9. Since the entry of the Case Management Order, the parties have been diligently engaging in discovery with thousands of documents being produced by and between the parties.

10. In the beginning, subsequent discovery was delayed due to the need for two separate inspections of the Pipe Wrangler and its component parts, as well as inspection of an exemplar rig floor of the Drilling Site. These inspections were necessary prior to the commencement of depositions.

11. The inspections required significant travel for the parties and their respective representatives.

12. The first inspection was held on August 22, 2024, in Williamsport, Pennsylvania.

13. The second inspection was held on September 19, 2024, in Conroe, Texas.

14. The parties then began working on scheduling the depositions of numerous then-identified former and current employees of the Precision Defendants and Defendant Coterra. The initial scheduled depositions consist largely of individuals identified by Defendants in their initial disclosures.

15. On December 23, 2024, the parties completed the deposition of Shane Brown, a former consultant for Defendant Coterra stationed at the Drilling Site.

16. On January 28, 2025, the parties completed the deposition of Brody Webster, a current employee of Defendant Coterra.

17. On this same date, the parties completed the deposition of Bob Goodwin, a current employee of the Precision Defendants.

18. On January 30, 2025, the parties completed the deposition of Frank Estes, a current employee of Defendant Coterra.

19. In addition to the completed depositions, the parties have scheduled:

- February 18, 2025: Deposition of Troy Holliday;
- February 18, 2025: Deposition of Craig Watts;
- February 19, 2025: Deposition of Matt Wallace;
- February 19, 2025: Deposition of Magella Mainguy;
- February 24, 2025: Deposition of Kingsley Menifee;
- February 24, 2025: Deposition of Jeremi Wagner;
- February 25, 2025: Deposition of Bailey Jeffords;
- February 25, 2025: Deposition of Mark Bennett;

- March 3, 2025: Deposition of Joseph Fox; and

- March 3, 2025: Deposition of Justin Guthrie.

20. Additionally, the parties are working on scheduling the deposition of Plaintiff, Plaintiff's decedent's widow, Justina Chappell for an in-person deposition at the request of Defendant Coterra. Plaintiff is a resident of Wyoming and is currently working on arranging travel to and from Pennsylvania as well as child-care for her four minor children for said deposition.

21. To date, there are numerous depositions that have yet to be scheduled of newly identified witnesses resulting from the depositions conducted in this case to date.

22. For example, during the deposition of Mr. Goodwin, the parties learned the identities of Matt Heaton, Health and Safety Director for the Precision Defendants, as well as Jeremiah Brosser, Jordan Bass, and Mike Skuce, who were involved in the investigation of the accident. Plaintiff has requested the depositions of these individuals and is working cooperatively with counsel for the Precision Defendants to schedule these depositions and whom is most appropriate to produce.

23. Furthermore, during the deposition of Mr. Goodwin, the parties learned the identity of Derek Coffey, the field superintendent for the Precision Defendants who was present at the Drilling Site on the date of the accident. Plaintiff has requested the deposition of Mr. Coffey and is working cooperatively with counsel for the Precision Defendants to schedule his deposition.

24. Additionally, during the depositions of Mr. Estes and Mr. Webster, the parties learned the identity of Steve Novikowski, who, according to Mr. Estes and Mr. Webster, was the "Manager" for Defendant Coterra assigned to the Drilling Site. Plaintiff has requested the deposition of Mr. Novikowski. Defendant Coterra has represented to Plaintiff that Mr. Novikowski

is no longer employed by Defendant Coterra and will provide Plaintiff with his last known address in order to issue a subpoena.

25. Lastly, as of the date of this filing, Defendant Forum has yet to provide discovery responses to Plaintiff or the other named parties in this case. Defendant Forum has represented that it will provide responses shortly.

26. Plaintiff intends to take the deposition of a corporate representative of Defendant Forum in relation to the design, manufacture, and distribution of the Pipe Wrangler and is unable to do so until receipt of written discovery and responsive documents. Plaintiff has served Defendant Forum with a 30(b)(6) notice in relation to the above.

27. In sum, Plaintiff has requested the depositions of multiple additional witnesses and fully anticipates the identities of additional witnesses being uncovered during the ten depositions scheduled as of the date of this filing.

28. This is a complex products liability lawsuit involving multiple out-of-state parties with liability hotly contested by all Defendants. The testimony of these witnesses is critical to evaluate the conditions of the Drilling Site, the responsibilities of the parties, as well as the relationship between the parties.

29. Additionally, Plaintiff's experts will require additional time to rely on the testimony of these witnesses who have yet to be deposed, as well as the testimony of the witnesses whose depositions are scheduled on the eve of the operative fact discovery deadline.

30. Plaintiff submits that she, along with the help of Defendants, have been working diligently to locate, produce, schedule, and depose the witnesses that possess relevant information to the facts of this case.

31. Requests and motions for extension of time are governed by Federal Rule of Civil Procedure 6(b). Rule 6 provides, in relevant part:

**(b) Extending Time.**

> **(1)** *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

F.R.C.P. 6(b).

32. Under Rule 6, a party requesting an extension of time prior to the expiration of the original time period is required to show "*good cause*." F.R.C.P. 6(b).

33. Here, there is good cause to extend the case management deadlines as discovery issues, witness location and availability, scheduling of inspection(s), and counsels' schedules delayed discovery in this matter, along with the inherent complexity of this wrongful death dual negligence and products liability case with multiple named defendants.

34. Thus, in consideration of the above-identified issues, it is respectfully requested that this Honorable Court extend the current case management deadlines by 120 days.

35. A copy of the proposed order has been attached at the end of this instant Motion.

36. Further, there would be no substantial or undue prejudice to any party by extending the deadlines by the requested timeframe.

37. Plaintiff is joined in submission of the instant Motion by Defendant Forum.

38. Defendant Coterra does not join and the Precision Defendants have not stated their position.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant her Motion extending the case management deadlines in this matter by 120 days.

>Respectfully submitted,
>
>**SALTZ MONGELUZZI BENDESKY**
>
>*/s/ Michael A. Budner*
>Robert J. Mongeluzzi, Esquire
>Andrew R. Duffy, Esquire
>Michael A. Budner, Esquire
>Max H. Dehon, Esquire
>*Attorneys for Plaintiff*

Dated: February 10, 2025

**CERTIFICATE OF SERVICE**

I hereby certify a copy of this Motion requesting an extension of the case management deadlines was filed with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

**SALTZ MONGELUZZI BENDESKY**

*/s/ Michael A. Budner*

| | |
|---|---|
| JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPELL, <br><br> *Plaintiff,* <br> v. <br><br> PRECISION DRILLING CORPORATION, *et al.* <br><br> *Defendants*. | CIVIL ACTION <br><br><br> C.A. No. 3:23-cv-00604-RDM <br><br><br> HON. JULIA K. MUNLEY |

### REVISED CASE MANAGEMENT ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the Plaintiff's Motion to Extend Case Management Deadlines, IT IS ORDERED that said motion is GRANTED, and the following amended pre-trial schedule shall apply:

| | |
|---|---|
| Discovery Due: | July 8, 2025 |
| Plaintiff Expert Reports: | July 8, 2025 |
| Dispositive Motions Due: | August 4, 2025 |
| Defendant Expert Reports: | August 13, 2025 |

 

                                                                                                      _____
                                                                                                      HON. JULIA K. MUNLEY