# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTINA CHAPPELL, AS ADMINISTRATOR OF THE ESTATE OF DELYLE WALTER CHAPPELL, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 3:23-cv-00604-JKM |
| PRECISION DRILLING CORPORATION, PRECISION DRILLING COMPANY, LP, COTERRA ENERGY INC., F/K/A CABOT OIL & GAS CORPORATION, FORUM ENERGY TECHNOLOGIES, INC., AND FORUM ENERGY SERVICES, INC. | ) ) ) ) ) ) ) ) | (Hon. Julia K. Munley) |
| Defendants. | ) | |

## DEFENDANT COTERRA ENERGY INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND CASE MANAGEMENT DEADLINES

Defendant Coterra Energy Inc., formerly known as Cabot Oil & Gas Corporation, ("Coterra"), hereby files its Opposition to Plaintiff's Motion to Extend Case Management Deadlines ("Motion"). The Court should deny Plaintiff's Motion because Plaintiff has not and cannot demonstrate the existence of good cause to warrant modifying the parties' previously negotiated and agreed upon terms in the Joint Case Management Plan ("JCMP") and this Court's Case Management Order establishing the deadlines in this litigation ("CMO").

Contrary to Plaintiff's assertions, Plaintiff has not diligently pursued discovery. By way of example only, Plaintiff's counsel claims that they first learned of additional witnesses who they needed to depose during a January 28, 2024 deposition of Precision witness Bob Goodwin. Pl.'s Motion, ¶¶ 22–23. In reality, however, all of the "additional witnesses" and their roles in relation to this case were disclosed to Plaintiff and all other parties **over a year ago, on December 21, 2023**, in the Precision Defendants' responses to Plaintiff's interrogatories. *See* Ex. 1 at 6–7. Plaintiff's and the Forum Defendants' (to the extent they are joining a request to extend the CMO deadlines) failure to diligently pursue discovery within the eight months afforded by the Court does not justify extending the CMO deadlines.

I.  **BACKGROUND**

On March 10, 2023, Plaintiff initiated this action in the Court of Common Pleas of Lackawanna County, Pennsylvania, and it was removed to this Court on April 10, 2024. *See* ECF No. 1. This case is rather straightforward, despite Plaintiff's efforts to now portray it as a "complex products liability case" for the purpose of extending discovery. Indeed, Plaintiff's counsel was able to summarize the case in just four paragraphs. Pl.'s Motion, ¶¶ 2-5.[1]

---

[1] Plaintiff's statement of the case contained in the filed Joint Case Management Plan is equally simplistic, with no mention whatsoever of this being a "complex products liability case" that would require a protracted discovery period.

On November 7, 2023, Plaintiff served document requests and interrogatories on all Defendants. Coterra and Precision provided timely responses to Plaintiff's written discovery requests. To this day—**more than a year and three months later**—the Forum Defendants have not served responses to Plaintiff's discovery requests. Ex. 2. Importantly, Plaintiff never moved to compel Forum's responses. And, even now, Plaintiff is unable to advise the Court of a date certain when Forum would serve responses, stating only that "Forum has represented that it will provide responses shortly." *Id.*, ¶ 25. Plaintiff's counsel further claims that they cannot conduct a deposition of Forum's corporate designee because Plaintiff does not have Forum's discovery responses. *Id.*, ¶ 26. Forum's lack of compliance with the rules and Plaintiff's lack of diligence in seeking Forum's compliance with them does not constitute good cause to warrant extending the CMO deadlines.

As for the parties that have complied with their discovery obligations, Precision produced approximately 476 pages and Coterra produced another 686 pages, all before January 10, 2024. Precision recently produced approximately 500 additional pages, the majority of which were photographs. For her part, Plaintiff produced approximately 1,156 pages on February 16, 2024. Thus, the parties have been in possession of a majority of these documents for well over a year, and as the Court can see, this is not a document-intensive case.

On June 14, 2024, the parties held a joint case management conference, during which the parties negotiated and agreed upon deadlines that worked for the parties given their respective schedules. At that time, Plaintiff's counsel had been in possession of the majority of documents produced to date and the identify of all witnesses they are currently seeking to depose. Armed with that knowledge, Plaintiff filed the parties' JCMP on June 21, 2024, which provided, among other things, that all fact discovery must be completed by March 10, 2025. *See* ECF No. 34 at 16, 18. The Court then held a case management conference, during which Your Honor noted that the parties requested a substantial length of time (approximately eight months) to complete fact discovery. The parties advised the Court this was needed as the parties intended to conduct two equipment inspections as well as conduct approximately fifteen depositions. On June 27, 2024, the Court granted the parties' request for an extended discovery period and entered the CMO, which required, *inter alia*, that fact discovery be completed no later than March 10, 2025. ECF No. 35 at 1.

The parties' counsel and their experts then participated in two visual only equipment inspections: (1) a visual inspection of the Pipe Wrangler in Williamsport, Pennsylvania, on August 22, 2024; and (2) a visual inspection of certain parts of the Pipe Wrangler in Conroe, Texas, on September 19, 2024. Contrary to Plaintiff's assertions, there was no need for the parties' experts to conduct the equipment inspections before the parties conducted fact witness depositions. Indeed, there has

been no mention of the inspections during any of the depositions to date and Plaintiff represented that the experts will rely on fact witness testimony. Pl.'s Motion, ¶ 29.

On October 31, 2024, six weeks after the equipment inspections—and four months after the Court's CMO—Forum's counsel requested deposition dates in December for two witnesses, Mr. Estes and Mr. Brown, who were identified in Coterra's August 3, 2023 Rule 26 disclosures. Ex. 3. Coterra's counsel immediately proposed potential dates in mid-December for Mr. Estes' deposition, which were rejected by Plaintiff's counsel. Ex. 3. Coterra's counsel also provided dates in late-December for Mr. Brown's deposition and then also did the follow up work with all counsel confirming all parties' availability in order to facilitate Mr. Brown's deposition. Ex. 3. In response to Forum's request for new dates for Mr. Estes' deposition in late-January, Coterra's counsel immediately responded with potential dates. Ex. 3.

More than a month later, on December 16, 2024, Forum requested dates to conduct eleven additional depositions in late-January, or February, **all of whom were disclosed and known to all parties no later than December 21, 2023**: Mr. Webster, a current Coterra employee, along with ten Precision witnesses. Ex. 4. That same day, Coterra's counsel responded with Mr. Webster's availability and counsel's availability to participate in the other depositions, which included all of February but for three days, and all of March. Ex. 4. There is no question that Coterra has been

5

diligent and responsive in facilitating the requested depositions and making its counsel available throughout the discovery period. Likewise, Precision's counsel provided their availability, which included the last two weeks in February and the remaining discovery period in March. Ex. 5.

After two more weeks, on January 3, 2025, Forum requested dates to depose Mr. Watts, an individual Coterra disclosed in its August 3, 2023 Rule 26 Disclosures. Ex. 6. Coterra immediately provided Mr. Watts' last known address. Ex. 6. On January 9, 2025, Forum's counsel requested dates for the Plaintiff's deposition. Ex. 7. Seeing no response from Plaintiff's counsel, Coterra then followed up with Plaintiff's counsel on January 22, 2025, and offered Coterra's counsel's offices in Harrisburg and Pittsburgh as potential locations to conduct Plaintiff's deposition. Ex. 7.

On January 28, 2025—more than four months after the visual equipment inspections and a little over a month before the close of discovery—Plaintiff's counsel **for the first time** requested depositions of six additional witnesses—witnesses that were disclosed by Precision in its December 21, 2023 interrogatory responses. Ex. 5. A week later, on February 7, 2025, Plaintiff's counsel: (1) served a corporate deposition notice on Forum; (2) advised that they also wanted to depose a Precision corporate designee (but to date has not provided a notice); and (3) requested the deposition of Mr. Novakowski, a former Coterra employee. Ex. 8. Plaintiff's counsel

6

states that they first learned the identity of Mr. Novakowski during Mr. Webster's and Mr. Estes' depositions. However, Mr. Novakowski was identified as a drilling manager for the wells drilled by Precision in Coterra's daily drilling reports, produced by Coterra in January of 2024, more than a year before those depositions occurred.

## II. LEGAL STANDARDS

In the Middle District, modifications to scheduling orders are governed by Federal Rule of Civil Procedure 16—not Federal Rule of Civil Procedure 6, as Plaintiff suggests. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "This 'good cause' inquiry 'focuses on the moving party's burden to show due diligence.'" *Cramer v. Kerestes*, No. 15-1360, 2020 WL 1233630, at *2 (M.D. Pa. Mar. 13, 2020) (citation omitted). And "[i]n the context of requests to extend deadlines, courts have defined 'good cause' to include 'circumstances beyond the control' of a party." *Id.* (citation omitted).

"Notably, 'the "good cause" standard is not a low threshold.'" *Tracey v. Fabian*, No. 22-189, 2024 WL 665926, at *11 (W.D. Pa. Feb. 16, 2024) (citation omitted). A "failure on the part of counsel to proceed promptly with the normal process of discovery," for example, "should not be considered good cause." *Id.* "The stringency of the good cause standard is justified because 'scheduling orders are at the heart of case management[,]' and their 'utility w[ould] be severely impaired' if they were disregarded 'without a specific showing of good cause.'" *Id.* (citation omitted).

7

## III. ARGUMENT

The Court should deny Plaintiff's Motion because Plaintiff has not and cannot demonstrate the existence of good cause to warrant modifying the parties' negotiated and Court-ordered deadlines. Here, Plaintiff had the burden to demonstrate her due diligence, which she has not and cannot do.

*First*, Plaintiff has not diligently pursued written discovery in this matter. Although Coterra and Precision provided timely, written objections and responses to Plaintiff's November 7, 2023 discovery requests, Forum failed to respond for over fifteen months. Plaintiff could have moved to compel responses at any time, but acquiesced in Forum's noncompliance with the discovery rules. Plaintiff and Forum cannot now rely on their own, self-inflicted failures to support their position that the CMO deadlines should be extended. To the extent Plaintiff claims she cannot depose a Forum corporate designee within the current discovery period because she did not receive Forum's discovery responses, the fault lies with the Plaintiff for failing to compel Forum's responses. No good cause exists on this basis.

*Second*, Plaintiff's contention that the CMO deadlines should be extended because additional witnesses that Plaintiff wishes to depose were only recently identified during depositions is inaccurate. The six witnesses Plaintiffs sought dates for depositions on January 28, 2025, were all previously identified by Precision, along

8

with their respective roles, in response to Plaintiff's interrogatories on December 21, 2023, more than a year prior. Again, Plaintiff's lack of diligence in reading Precision's responses does not demonstrate good cause to warrant an extension of the CMO deadlines.

*Third*, Plaintiff's claim that the equipment inspections delayed discovery is equally untrue. It was not necessary for experts to complete the visual inspections prior to scheduling fact witness depositions. Moreover, the visual inspections were completed by September 19, 2024 (and confirmed weeks earlier). Even if Plaintiff's claim concerning sequencing was true, Plaintiff and Forum could have scheduled depositions for the last two weeks of September, and all of October, and November. This, of course, did not occur. And while Forum did attempt to schedule a few depositions in December and a few more for late January and February, Plaintiff waited until January 28, 2025, just over a month and a half before the close of discovery, to attempt to schedule eight additional fact witness depositions. Plaintiff's delay in scheduling depositions shows a complete lack of diligence in pursuing discovery and does not demonstrate good cause to warrant an extension of the CMO deadlines.

*Finally*, Plaintiff argues that an extension is warranted because the parties will not be prejudiced by an extension. But that is not the standard. As the United States District Court for the Middle District of Pennsylvania has stated, "the good cause

9

standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Ballard v. Navient Corporation*, No. 18-121, 2023 WL 3431247, at *8 (M.D. Pa. May 2, 2023). *See also Hardy v. Shaikh*, No. 18-1707, 2021 WL 5937664, at *4 (M.D. Pa. Dec. 16, 2021) (same).

Accordingly, the Court should deny Plaintiff's Motion in its entirety because she has not and cannot demonstrate that she acted with the diligence necessary to demonstrate the existence of good cause to warrant modifying the parties' negotiated and Court-ordered CMO deadlines. Alternatively, to the extent the Court is inclined to grant an extension, the 120 days proposed by Plaintiff is extremely excessive and should be limited to 30-days, which would be more than adequate for the remaining depositions. The fact that this case involves out-of-state Defendants does not impact the discovery period as all depositions but for the Plaintiff's have been scheduled via videoconference, and all but two scheduled for two depositions per day. More specifically, the parties have completed four depositions, and have two depositions scheduled each day on February 18, 19, 24, 25 and March 3. There is no reason that it should take four additional months as Plaintiff is requesting to conduct the remaining depositions Plaintiff now proposes.

## IV. CONCLUSION

For the reasons set forth above, Coterra respectfully requests that the Court deny Plaintiff's Motion in its entirety or, in the alternative, limit the extension to no more than thirty (30) days.

Date: February 12, 2025

Amy L. Barrette
PA ID No. 87318
amy.barrette@bipc.com

Matthew C. Pilsner
PA ID No. 314606
matthew.pilsner@bipc.com

Buchanan Ingersoll & Rooney, PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
Telephone: 412-562-1626/3921

Counsel for Defendant *Coterra Energy Inc., F/K/A Cabot Oil & Gas Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Coterra Energy Inc.'s Opposition to Plaintiff's Motion to Extend Case Management Deadlines was filed through the Court's CM/ECF system, which sent notification the following counsel of record:

Andrew R Duffy, Esquire
Michael A. Budner, Esquire
Robert J. Mongeluzzi, Esquire
Max H. Dehon, Esquire
Saltz Mongeluzzi Barrett & Bendesky, PC
One Liberty Place
1650 Market Street, 52ND Floor
Philadelphia, PA 19103
aduffy@smbb.com
mbudner@smbb.com
rjmongeluzzi@smbb.com
mdehon@smbb.com
*Counsel for Plaintiff, Justina Chappell*

Jeffrey S. Davis, Esquire
Ty E. Howard, Esquire
Andrew W. Bell, Esquire
Bradley Arant Boult Cummings
600 Travis Street, Suite 5600
Houston, TX 77002
jsdavis@bradley.com
thoward@bradley.com
abell@bradley.com
*Counsel for Defendant, Precision Drilling Corporation and Precision Drilling Company, LP*

Christopher G. Mavros
Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C.
1818 Market Street
13th Floor
Philadelphia, PA 19103
cgmavros@zarwin.com
*Counsel for Defendants, Forum Energy Technologies, Inc. and Forum Energy Services, Inc.*

_____
Amy L. Barrette

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTINA CHAPPELL, AS ADMINISTRATOR OF THE ESTATE OF DELYLE WALTER CHAPPELL, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 3:23-cv-00604-JKM |
| PRECISION DRILLING CORPORATION, PRECISION DRILLING COMPANY, LP, COTERRA ENERGY INC., F/K/A CABOT OIL & GAS CORPORATION, FORUM ENERGY TECHNOLOGIES, INC., AND FORUM ENERGY SERVICES, INC. | ) ) ) ) ) ) ) ) | (Hon. Julia K. Munley) |
| Defendants. | ) | |

## **PROPOSED ORDER**

AND NOW, this ____ day of February, 2025, upon consideration of Plaintiff's Motion to Extend Case Management Deadlines ("Motion") and Defendant Coterra Energy Inc.'s Opposition thereto, it is hereby ORDERED that Plaintiff's Motion is DENIED. The parties must complete fact discovery by March 10, 2025.

_____
The Honorable Julia K. Munley