# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL, ) <br> AS ADMINISTER OF THE ESTATE ) <br> OF DELYLE WALTER CHAPPELL, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> PRECISION DRILLING ) <br> CORPORATION, PRECISION ) <br> DRILLING COMPANY, LP, ) <br> CABOT OIL & GAS CORPORATION, ) <br> COTERRA ENERGY, INC., ) <br> FORUM ENERGY ) <br> TECHNOLOGIES, INC., AND FORUM ) <br> ENERGY SERVICES, INC. ) <br> ) <br> *Defendants*. ) | C.A. No. 3:23-cv-00604-RDM |

## PRECISION DRILLING COMPANY, LP'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

TO: Justina Chappell, as Administrator of the Estate of Delyle Walter Chappell, by and through her counsel of record, Michael A. Budner, Robert J. Mongeluzzi and Andrew R. Duffy, Saltz Mongeluzzi Bendesky, One Liberty Place, 52nd Floor, 1650 Market Street, Philadelphia, PA 19103.

Defendant, Precision Drilling Company, LP ("Defendant"), serves these Answers to Plaintiff's First Set of Interrogatories pursuant to the Federal Rules of Civil Procedure.

Plaintiffs' discovery requests were also directed to Precision Drilling Corporation. As set forth in its Motion to Dismiss, Precision Drilling Corporation is not a proper party and, accordingly, has no responsive documents. Out of an abundance of caution, Precision Drilling Corporation adopts and incorporates the objections set forth herein and responds that it has no responsive information.

Respectfully submitted,

   */s/ Jeffrey S. Davis*
Ty E. Howard (PA Bar No. 86603)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, Tennessee 37203
615.252.2376
thoward@bradley.com


Jeffrey S. Davis (Admitted Pro Hac Vice)
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 5600
Houston, Texas 77002
713.576-0370
jsdavis@bradley.com

ATTORNEYS FOR PRECISION DRILLING
COMPANY, LP

## **CERTIFICATE OF SERVICE**

I certify that on December 21, 2023, served the foregoing via email on counsel of record.


   */s/ Jeffrey S. Davis*
Jeffrey S. Davis

# ANSWERS TO INTERROGATORIES

1. Identify the person or persons answering these Interrogatories.

**ANSWER**:

Defendant compiled the information for the answers to these interrogatories with assistance of counsel.

2. Identify all persons witnessing the accident and all persons with knowledge of the accident as described in Plaintiff's Complaint by name, address and job title.

**ANSWER**:

Defendant objects to this interrogatory seeking the identification of "all persons with knowledge of the accident" because it is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Instead, the proper inquiry would be persons with knowledge of relevant facts.

Subject thereto and without waiving same, Defendant answers as follows:

Troy Herron Holliday, Rig Manager
Matt Wallace, Rig Manager
Magella G. Mainguy, Driller
Kingsley W. Menifee, Derrickhand
Jeremi M. Wagner, Motorhand
Bailey Mackenzie Jefferds, Floorhand
Mark Phillip Bennett, Floorhand
Joseph Blair Fox, Extra Floorhand
Precision Drilling Company, L.P.
c/o 10350 Richmond Avenue, Suite 700
Houston, Texas 77042
713-435-6100
- Precision Drilling personnel on duty at the time of the incident.

Justin Guthrie, Supervisor
Frank's International
153 Dora Village Main Street
Greensboro, PA  15338
724-943-3243
- Frank's supervisor involved in operation.

3.      Have you, or has anyone acting on your behalf, obtained from any person or persons any statement or statements concerning this action or its subject matter, and, if so, identify each person by name, address and job title, when, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded, any person who has custody of any such statements that were reduced to writing or otherwise recorded, and the exact nature and the content of every statement?

**ANSWER**:

None.

4.      Do you, or does anyone acting on your behalf, know of the existence of any job photographs and/or any photographs, motion pictures, video recordings, maps, diagrams or models of the accident scene, the parties or any other subject matter involved in this accident, and, if so, identify the date on which they were made, the medium, the name and address of the creator, and the subject that each represents or portrays?

**ANSWER**:

Defendant objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client and work product privileges. Defendant is withholding documents based upon these privileges.

Subject thereto and without waiving same, Defendant will produce the responsive photos and videos.

5.  Did you, or did anyone acting on your behalf, perform any investigation into the accident or surrounding circumstances as described in Plaintiffs' Complaint? This Interrogatory does not seek and does not cover investigation performed by Answering Defendant's counsel, but rather by Answering Defendant itself.

**ANSWER**:

Yes, Defendant conducted an investigation of the underlying incident.

6.  If the answer to the preceding Interrogatory is in the affirmative, please identify:

    (a) the person or persons whom conducted the investigation by name, address and job title;

    (b) the date or dates on which the investigation was performed;

    (c) the results of the investigation, excluding information that is protected from discovery by the Federal Rules of Civil Procedure;

    (d) in the event you contend a portion or portions of the investigation are privileged; please indicate the general subject matter as well as those facts upon which your claim of privilege rest.

**ANSWER**:

Defendant responds as follows:

- (a) The following individuals were members of the investigation team:
    - Tom Bowes, Associate General Counsel
    - Mike Skuce, Vice President-Operations
    - Jordan Buss, Director, HSE Assurance
    - Jay Brousseau, Sr. HSE Manager
    - Nathan Reese, HSE Assurance Specialist
    - Matt Heaton, HSE Superintendent
    - Derek Coffey, Field Superintendent
    - Bob Goodwin, Operations Manager – Appalachia Division
    - William Hurd, Electrical Foreman – Appalachian Division

- Roger Boleen, Electrician

(b) The investigation began the date of the underlying incident.

(c) The basic finding of what occurred is that during a casing operation the catwalk functioned causing a joint of casing to move horizontally and caught Mr. Chappell between the moving joint of casing and the casing protruding vertically on the rig floor.

(d) Defendant does contend that the investigation materials are privileged based upon the anticipation of litigation given the severity of the incident.

7. State all of the coverage limits and policy numbers (including both primary and excess coverage limits) of all insurance policies in effect at the time of the accident as described in Plaintiff's Complaint?

**ANSWER**:

Defendant objects to this interrogatory because it is not reasonably limited in scope.

Subject thereto and without waiving same, Defendant will supplement based upon a reasonable interpretation of this interrogatory.

8. State the name, address, occupation and field of specialization, if any, of each person whom you expect to call as an expert witness at trial, and state as to each the subject matter on which the expert is expected to testify, the facts to which each expert you have listed is expected to testify, and the opinions to which each such expert is expected to testify.

**ANSWER**:

None at this time. Defendant will comply with the Court's scheduling order and the Federal Rules of Civil Procedure regarding the disclosure of experts and their opinions.

9. State in detail the factual information supplied to each expert which was used as a basis for forming his or her opinion(s), including all documents, reports or records furnished, all testimony, statements and reference material reviewed, all physical evidence, objects, test results, inspection reports, photographs, plans or other tangible things provided to each expert for review or inspection.

**ANSWER**:

None at this time. Defendant will comply with the Court's scheduling order and the Federal Rules of Civil Procedure regarding the disclosure of experts and their opinions.

10. Please identify each person you intend to call as a witness to the trial of this matter.

**ANSWER**:

Defendant has not determined who it intends to call at trial of this matter. Defendant will comply with the Court's scheduling order and the Federal Rules of Civil Procedure and supplement accordingly.

11. Please identify every writing, photograph, videotape, map, blueprint, drawing or any other tangible item you intend to offer into evidence at the trial of this matter.

**ANSWER**:

Defendant has not determined the exhibits it intends to offer. Defendant will comply with the Court's scheduling order and the Federal Rules of Civil Procedure and supplement accordingly.

12. Do you contend that Plaintiff was contributorily negligent, and, if so, set forth all facts supporting your contention that Plaintiff was contributorily negligent?

**ANSWER**:

Defendant objects to this interrogatory because it is premature insofar as discovery has just commenced. Subject thereto and without waiving, Defendant has not determined its contentions at this time and will supplement accordingly.

13. Do you contend that Plaintiff assumed the risk, and, if so, set forth all facts supporting your contention that Plaintiff assumed the risk?

**ANSWER**:

Defendant objects to this interrogatory because it is premature insofar as discovery has just commenced. Subject thereto and without waiving, Defendant has not determined its contentions at this time and will supplement accordingly.

14. Did Precision Drilling's or Cabot's activities cause this incident? If so, explain how.

**ANSWER**:

Defendant objects to this interrogatory because it is premature insofar as discovery has just commenced. Subject thereto and without waiving, Defendant has not determined its contentions at this time and will supplement accordingly.

15. Did Forum Energy's activities cause this incident? If so, explain how.

**ANSWER**:

Defendant objects to this interrogatory because it is premature insofar as discovery has just commenced. Subject thereto and without waiving, Defendant has not determined its contentions at this time and will supplement accordingly.

16. Identify the owner of the Accident Site at the time of the Accident.

**ANSWER**:

Defendant does not have sufficient information to answer this interrogatory.

17. Identify all persons and/or companies hired by you to perform drilling work at the Accident Site prior to and including the date of the Accident.

**ANSWER**:

Defendant objects to this interrogatory because it is overbroad in seeking the identity of all Defendant's employees that work at the Accident site.

Subject thereto and without waiving same, Defendant responds as follows:

Troy Herron Holliday, Rig Manager
Matt Wallace, Rig Manager
Magella G. Mainguy, Driller
Kingsley W. Menifee, Derrickhand
Jeremi M. Wagner, Motorhand
Bailey Mackenzie Jefferds, Floorhand
Mark Phillip Bennett, Floorhand
Joseph Blair Fox, Extra Floorhand
Precision Drilling Company, L.P.
c/o 10350 Richmond Avenue, Suite 700
Houston, Texas 77042
713-435-6100
- Precision Drilling personnel on duty at the time of the incident.

18. Identify and describe any and all contracts entered into by you concerning or in any way related to drilling work at the Accident Site.

**ANSWER**:

Defendant will produce the drilling contract by and between Precision Drilling and Cabot.

19. Identify any and all documents provided to Plaintiff regarding the work being performed at the time of the Accident, including but not limited to any project manuals, safety manuals, site specific safety documents, and/or any other policy or procedure regarding the work.

**ANSWER**:

Defendant objects to this interrogatory because it is overbroad and not reasonably tailored to seek information that is likely to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because it does not set forth with reasonable particularity what it is being called upon to provide. Defendant further objects to this request to the extent that it seeks confidential and proprietary documents.

Subject thereto and without waiving same, see the documents produced in response to Plaintiffs' Request for Production.

20. Did you or anyone acting on your behalf conduct surveillance or otherwise video-record the Accident Site from the inception of the drilling work through the date of the Accident? If yes, please state:

    a. The person or persons conducting said surveillance;

    b. The date or dates of such surveillance; and

    c. The results of such surveillance.

**ANSWER**:

There was no surveillance or video record of the operations taking place at the time of the underlying incident. There were videos taken during the investigation, which will be produced.

21. State the nature of the work performed by your company at the Accident Site on or before the date of the Accident.

**ANSWER**:

Defendant objects to this interrogatory because it is overbroad and not reasonably tailored to seek information that is likely to lead to the discovery of admissible evidence.

Subject thereto and without waiving same, Defendant was engaged to perform drilling operations pursuant to the Drilling Contract by and between Defendant and Cabot. The general nature of the work at the time of the accident was the running of casing into the subject well.

22. State the names, job titles, and last known addresses of all employees and/or representatives of your company who performed work on the Accident Site prior to the Accident.

**ANSWER**:

*See* Objection and Answer to Interrogatory No. 17.

23. Describe in complete detail how you determined the means and methods of drilling, as described in Plaintiffs' Complaint, would be accomplished.

**ANSWER**:

Defendant objects to this interrogatory because it is overbroad and not reasonably tailored to seek information that is likely to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because it does not set forth with particularity the information that Defendant is being asked to provide.

Subject thereto and without waiving same, Defendant provided the drilling rig and drilling crew to drill the subject well.

24. Please state whether in connection with the drilling work at the Accident Site, you were responsible for the following. To the extent that you claim to not be responsible for the following, identify the person or party whom you contend was responsible:

   a. Inspecting the Accident Site for hazardous conditions;

   b. Warning workers of any hazards or dangerous conditions on the Accident Site

   c. Conducting and/or supervising safety meetings and/or toolbox meetings; and

   d. Selecting the means and methods of drilling.

**ANSWER**:

Defendant objects to this interrogatory because it is overbroad and not reasonably tailored to seek information that is likely to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because it does not set forth with particularity the information that Defendant is being asked to provide.

Subject thereto and without waiving same, Defendant answers as follows:

   a. Defendant does have the responsibility to inspect its equipment and work area for hazardous conditions.

   b. To the extent that hazards or dangerous conditions are identified, Defendant has the responsibility to either remedy the hazard or dangerous condition, or warn of its existence.

   c. Defendant does conduct safety meetings.

   d. Defendant selects the means and methods on how to carry out the tasks assigned to Defendant under the drilling plan provided by Cabot. Defendant does not select or control the means and methods of other contractors on the Accident Site, including Frank's International.

25. Have you ever been named in a lawsuit stemming from or related to any accident causing property damage or personal injuries which occurred on property which you owned or managed, or stemming from or related to any drilling work? If yes, please state the caption, court, court term, and number for any such lawsuit.

**ANSWER**:

Defendant objects to this interrogatory because it seeks information that is not likely to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because it constitutes an impermissible fishing expedition.