# EXHIBIT 2



DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053
VOICE 856.751.8383
FAX 856.751.0868

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR RD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.754.4443

MICHELLE DIANE RUBINSON
DIRECT LINE: (215) 399-9293 WORK NUMBER
MRUBINSON@SMBB.COM
PARALEGAL TO MICHAEL A. BUDNER ESQ.

**January 22, 2025**

Christopher Mavros, Esq.
*Counsel for Forum Energy Technologies, Inc.*
*Via electronic correspondence only to:* cgmavros@zarwin.com

*Re: Justina Chappell, as administer of the Estate of Delyle Walter Chappell v. Precision Drilling Corporation, et al. USDC Middle District of PA; 3:23-cv-00604*

Dear Counsel:

Plaintiffs' Interrogatories and Requests for Production of Documents directed to Forum Energy Technologies, Inc. were served November 7, 2023 and replies have not been received.

Kindly provide responses within 10 days to avoid Motion practice.

Thank you for your courtesy and cooperation in this regard.

Very Truly Yours,

SALTZ MONGELUZZI BENDESKY

\s\ Michelle D. Rubinson
MICHELLE DIANE RUBINSON
*Paralegal to Andrew Duffy, Michael Budner & Max Dehon*

/mdr/mab/ard/md



Delaware County Office
20 West Third Street
P.O. Box 1670
Media, PA 19063
Voice 610.627.9777
Fax 610.627.9787

One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Voice 215.496.8282
Fax 215.496.0999

New Jersey Office
8000 Sagemore Drive
Suite 8303
Marlton, NJ 08053
Voice 856.751.8383
Fax 856.751.0868

Montgomery County Office
120 Gibraltar Rd
Suite 218
Horsham, PA 19044
Voice 215.496.8282
Fax 215.754.4443

Michelle Diane Rubinson
Direct Line: (215) 399-9293 Work Number
MRUBINSON@SMBB.COM
Paralegal to Michael A. Budner esq.

**November 7, 2023**

Christopher Mavros, Esq.
*Counsel for Forum Energy Technologies, Inc.*
*Via electronic correspondence only to:* **cgmavros@zarwin.com**

*Re: Justina Chappell, as administer of the Estate of Delyle Walter Chappell v. Precision Drilling Corporation, et al. USDC Middle District of PA; 3:23-cv-00604*

Dear Counsel:

Enclosed please find Plaintiffs' Interrogatories and Requests for Production of Documents directed to Forum Energy Technologies, Inc.

Kindly provide responses within 30 days.

Thank you for your courtesy and cooperation in this regard.

Very Truly Yours,

SALTZ MONGELUZZI BENDESKY

\s\ Michelle D. Rubinson
MICHELLE DIANE RUBINSON

/mdr: enclosures

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPEL,<br><br>*Plaintiff,*<br>v.<br><br>PRECISION DRILLING CORPORATION, *et al.*<br><br>*Defendants*. | CIVIL ACTION<br><br>C.A. No. 3:23-cv-00604-RDM |

**PLAINTIFF'S INTEROGATORIES ADDRESSED TO DEFENDANTS FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES**

Plaintiff, Justina Chappell, as Administer of the Estate of Delyle Walter Chappell, by and through her attorneys, Saltz Mongeluzzi Bendesky P.C., hereby propounds the following interrogatories on Defendants Forum Energy Technologies, Inc., and Forum Energy Services (collectively "Forum Energy"). These interrogatories are continuing and any information secured subsequent to the filing of your Answers, which would have been included in the Answers had it been known or available, is to be supplied by Supplemental Answers thereto, pursuant to the Federal Rules of Civil Procedure.

**DEFINITIONS**

As used in these Interrogatories, the words and terms set forth below are defined as follows:

(a) "Describe" and "Specify" and/or "State" shall mean to set forth fully and unambiguously, using technical terms and words of art, if necessary, each and every fact relevant to the answer called for by the Interrogatory of which the answering party or the answering party's agents, employees or representatives have knowledge.

(b) "Identify" when referring to an individual means to state:

(i) his or her name;

(ii) his title or job classification at the time of the events referred to in the Interrogatory;

(iii) present address, if known, and/or the last known address and current address of last known employer.

(c) "Identify" when referring to a document means to state:

(i) the type of document (e.g., letter, journal, records, memorandum); its date, title and identifying number, if any, general subject matter and its present location;

(ii) each person who prepared it, each person for whom it was prepared, the last known address of each person who presently has custody of the original or copies thereof.

(d) "Documents" shall mean the original or any identical copy of any written, printed, typed, photographed or other graphic or recorded matter of any kind or nature prepared or received, by or in the possession, custody or control of the answering party, or the party's agents, servants, employees or other representatives. **"Documents" shall include all emails, text messages, social media posts and all electronic information in the custody and control of answering party's agents.**

(e) "You" or "Your" shall include each and every above-named Defendant and each of the said party's representatives, and where appropriate, the directors, agents, officers and employees and all other persons acting for or on behalf of the answering party.

(f) "Person" or "Persons" as used herein shall include, without limitation, individuals, associations, partnerships and corporations.

(g) "Accident" or "Incident" shall mean the incident in which Delyle Walter Chappell was killed on April 13, 2021, as described in Plaintiff's Complaint.

(h) "Precision" shall mean Defendants Precision Drilling Corporation and Precision Drilling Company, LP.

(i) "Cabot" shall mean Defendants Cabot Oil & Gas Corporation and Coterra Energy, Inc., f/k/a Cabot Oil & Gas Company.

(j) "Forum Energy" shall mean Defendants Forum Energy Technologies, Inc., and Forum Energy Services

(k) "Subject Pipe Wrangler" shall mean the Pipe Wrangler involved in this accident and which killed Plaintiff, as described in Plaintiff's Complaint.

(l) "Drilling Site" shall mean the location where Plaintiff was injured on April 13, 2021, as described in Plaintiff's Complaint.

**INTERROGATORIES**

1. Identify the person or persons answering these Interrogatories.

2. Identify all persons witnessing the accident and all persons with knowledge of the accident as described in Plaintiff's Complaint by name, address and job title.

3. Have you, or has anyone acting on your behalf, obtained from any person or persons any statement or statements concerning this action or its subject matter, and, if so, identify each person by name, address and job title, when, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded, any person who has custody of any such statements that were reduced to writing or otherwise recorded, and the exact nature and the content of every statement?

4. Do you, or does anyone acting on your behalf, know of the existence of any job photographs and/or any photographs, motion pictures, video recordings, maps, diagrams or models of the accident scene, the parties or any other subject matter involved in this accident, and, if so, identify the date on which they were made, the medium, the name and address of the creator, and the subject that each represents or portrays?

5. Did you, or did anyone acting on your behalf, perform any investigation into the accident or surrounding circumstances as described in Plaintiffs' Complaint? This Interrogatory does not seek and does not cover investigation performed by Answering Defendant's counsel, but rather by Answering Defendant itself.

6. If the answer to the preceding Interrogatory is in the affirmative, please identify:

    (a)     the person or persons whom conducted the investigation by name, address and job title;

    (b)     the date or dates on which the investigation was performed;

    (c)     the results of the investigation, excluding information that is protected from discovery by the Federal Rules of Civil Procedure;

    (d)     in the event you contend a portion or portions of the investigation are privileged; please indicate the general subject matter as well as those facts upon which your claim of privilege rest.

7. State all of the coverage limits and policy numbers (including both primary and excess coverage limits) of all insurance policies in effect at the time of the accident as described in Plaintiff's Complaint?

8. State the name, address, occupation and field of specialization, if any, of each person whom you expect to call as an expert witness at trial, and state as to each the subject matter on which the expert is expected to testify, the facts to which each expert you have listed is expected to testify, and the opinions to which each such expert is expected to testify .

9. State in detail the factual information supplied to each expert which was used as a basis for forming his or her opinion(s), including all documents, reports or records furnished, all testimony, statements and reference material reviewed, all physical evidence, objects, test results, inspection reports, photographs, plans or other tangible things provided to each expert for review or inspection.

10. Please identify each person you intend to call as a witness to the trial of this matter.

11. Please identify every writing, photograph, videotape, map, blueprint, drawing or any other tangible item you intend to offer into evidence at the trial of this matter.

12. Do you contend that Plaintiff was contributorily negligent, and, if so, set forth all facts supporting your contention that Plaintiff was contributorily negligent?

13. Do you contend that Plaintiff assumed the risk, and, if so, set forth all facts supporting your contention that Plaintiff assumed the risk?

14. Did Precision Drilling's or Cabot's activities cause this incident? If so, explain how.

15. Identify the make, model, and serial number of the subject Pipe Wrangler involved in the accident.

16. State the year, where, and when the subject Pipe Wrangler was manufactured and designed.

17. Identify the employee(s) and/or person(s) with the most knowledge regarding the design process for the subject Pipe Wrangler.

18. Did you ever modify the design or engineering of the subject Pipe Wrangler from the date it was first designed and/or produced until present? If yes, please identify the date(s) of the design modification(s), the person(s) responsible for the design modification(s), and a description of the design modification(s).

19. Are you aware or do you contend that the subject Pipe Wrangler was modified and/or altered in any way by someone other than Forum Energy prior to the accident? If yes, please thoroughly describe any such modification and/or alteration and the party or person who made any such modification and/or alteration.

20. State the price and when and to whom the subject Pipe Wrangler was first sold and when it was sold to Precision Drilling and/or Cabot Oil.

21. Identify each and every document, manual, brochure, instruction, and/or item of literature provided with the subject PIPE WRANGLER upon its initial sale.

22. Identify each and every warning which accompanied the subject Pipe Wrangler when it was sold, either posted or affixed directly on the subject Pipe Wrangler itself or otherwise provided with the subject Pipe Wrangler by way of accompanying paperwork or literature.

23. Identify the entity and/or person responsible for the installation and set up of the subject Pipe Wrangler at the accident site as it was arranged/installed at the time of the accident.

24. Did Terex ever receive any inquiries or requests from any customer or owner of the subject Pipe Wrangler regarding any control panels of the subject Pipe Wrangler, and, if so, please state each and every time that any such inquiry or request was made, whom it was made from, and what the request and/or inquiry concerned?

25. If the answer to the preceding Interrogatory is in the affirmative, please state each and every time that any such inquiry or request was made, whom it was made from, and what the request and/or inquiry concerned.

**SALTZ MONGELUZZI BENDESKY**

BY: _/s/ Michael A. Budner_
     ROBERT J. MONGELUZZI
     ANDREW R. DUFFY
     MICHAEL A. BUDNER

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPEL,** | CIVIL ACTION |
| *Plaintiff,* <br> v. | C.A. No. 3:23-cv-00604-RDM |
| **PRECISION DRILLING CORPORATION,** *et al.* | |
| *Defendants.* | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANTS FORUM ENERGY TECHNOLOGIES, INC. AND FORUM ENERGY SERVICES

Plaintiff, Justina Chappell, as Administer of the Estate of Delyle Walter Chappell, by and through her attorneys, Saltz Mongeluzzi Bendesky P.C., hereby propounds the following requests for production of documents on Defendants Forum Energy Technologies, Inc., and Forum Energy Services (collectively "Forum Energy"). These requests are continuing and any information secured subsequent to the filing of your Answers, which would have been included in the Answers had it been known or available, is to be supplied by Supplemental Answers thereto, pursuant to the Federal Rules of Civil Procedure.

## INSTRUCTIONS

In accordance with the Federal Rules of Civil Procedures, the following protocols shall apply to the production of documents:

1. All documents shall be BATES Numbered;

2. An index shall be provided setting forth the BATES numbers where each document begins and ends;

3. All responses below shall identify the specific BATES numbered documents which are being produced in response to the corresponding request;

4. These responses shall be verified under oath as true and accurate by a corporate officer with knowledge of the provided information;

5. Documents from electronically stored information shall be produced as Native Files.

6. Nothing within these requests shall be construed to request information protected by Attorney-Client or Attorney Work-Product privilege. To the extent that privileged information is responsive to a request, the privileged information need not be produced, however defendant must create a privilege log.

## DEFINITIONS

As used in these Interrogatories, the words and terms set forth below are defined as follows:

(a) "Describe" and "Specify" and/or "State" shall mean to set forth fully and unambiguously, using technical terms and words of art, if necessary, each and every fact relevant to the answer called for by the Interrogatory of which the answering party or the answering party's agents, employees or representatives have knowledge.

(b) "Identify" when referring to an individual means to state:

(i) his or her name;

(ii) his title or job classification at the time of the events referred to in the Interrogatory;

(iii) present address, if known, and/or the last known address and current address of last known employer.

(c) "Identify" when referring to a document means to state:

(i) the type of document (e.g., letter, journal, records, memorandum); its date, title and identifying number, if any, general subject matter and its present location;

(ii) each person who prepared it, each person for whom it was prepared, the last known address of each person who presently has custody of the original or copies thereof.

(d) "Documents" shall mean the original or any identical copy of any written, printed, typed, photographed or other graphic or recorded matter of any kind or nature prepared or received, by or in the possession, custody or control of the answering party, or the party's agents, servants, employees or other representatives. **"Documents" shall include all emails, text messages, social media posts and all electronic information in the custody and control of answering party's agents.**

(e) "You" or "Your" shall include each and every above-named Defendant and each of the said party's representatives, and where appropriate, the directors, agents, officers and employees and all other persons acting for or on behalf of the answering party.

(f) "Person" or "Persons" as used herein shall include, without limitation, individuals, associations, partnerships and corporations.

(g) "Accident" or "Incident" shall mean the incident in which Delyle Walter Chappell was killed on April 13, 2021, as described in Plaintiff's Complaint.

(h) "Precision" shall mean Defendants Precision Drilling Corporation and Precision Drilling Company, LP.

(i) "Cabot" shall mean Defendants Cabot Oil & Gas Corporation and Coterra Energy, Inc., f/k/a Cabot Oil & Gas Company.

(j) "Forum Energy" shall mean Defendants Forum Energy Technologies, Inc., and Forum Energy Services

(k) "Subject Pipe Wrangler" shall mean the Pipe Wrangler involved in this accident and which killed Plaintiff, as described in Plaintiff's Complaint.

(l) "Drilling Site" shall mean the location where Plaintiff was injured on April 13, 2021, as described in Plaintiff's Complaint.

**DOCUMENT REQUESTS**

1. All documents referred to and/or relied upon for purposes of answering Plaintiffs' Interrogatories addressed to you.

2. All design drawings for the subject Pipe Wrangler.

3. All documents provided with the sale of the subject Pipe Wrangler.

4. All manuals, owners manuals, and/or user manuals pertaining to the subject Pipe Wrangler.

5. All documents evidencing, showing, reflecting, or identifying any and all equipment and/or components provided with or included as a part of the subject Pipe Wrangler, including but not limited to control systems and/or control panels.

6. Copies of all warnings provided with the subject Pipe Wrangler, either affixed to the Pipe Wrangler itself or provided in any type of document or literature accompanying the subject Pipe Wrangler upon its sale.

7. Copies of any instructions provided with the subject Pipe Wrangler concerning or in any way related to control systems and/ control panels included in and a part of the subject Pipe Wrangler at the time of the accident.

8. Any and all documents reflecting or related to the initial sale of the subject Pipe Wrangler.

9. Reports of all experts who you expect to call as an expert witness at the trial of this case.

10. All certificates of insurance, declaration sheets, and/or policies of primary and excess liability insurance in effect at the time of the accident and which covered you for this

accident and/or the claims brought by Plaintiff in this action.

11. Any and all accident reports, depositions, expert reports, answers to written discovery, correspondence, pleadings, or other documents regarding injuries allegedly caused by any type of your products in relation to drilling.

12. Any and all contracts, purchase orders, and/or agreements between you and any other party to this litigation with respect to the subject product.

13. All documents evidencing and/or showing ownership rights for any and all intellectual property pertaining to the subject Pipe Wrangler, including but not limited to patents and trademarks, from the time the subject Pipe Wrangler was originally manufactured and sold up until today.

14. Documents identifying the make, model, and serial number of the subject Pipe Wrangler.

15. Documents reflecting when and where the subject Pipe Wrangler was manufactured.

16. Documents reflecting when and where the subject Pipe Wrangler was designed.

17. Documents identifying all persons involved in the design process for the subject Pipe Wrangler.

18. Documents identifying or reflecting who had final approval authority regarding the design of the subject Pipe Wrangler.

19. All documents evidencing or reflecting the manufacturer of the control systems and/or control panels that was included in and a part of the subject Pipe Wrangler at the time it was sold.

20. All documents evidencing or reflecting the manufacturer of the control systems and/or control panels that was included in and a part of the subject Pipe Wrangler at the time of the accident.

21. All documents evidencing or reflecting inclusion of the control systems and/or control panels in the design of the subject Pipe Wrangler.

22. All documents discussing or in any way referencing maintenance and repairs related to the control systems and/or control panels in the subject Pipe Wrangler.

23. All documents regarding, reflecting, describing, discussing, and/or otherwise relating to any modification to the design and/or engineering of the subject Pipe Wrangler from the date the subject Pipe Wrangler was first designed and/or produced until present.

24. Any and all documents and communications regarding, reflecting, describing, discussing, and/or otherwise relating to any modification and/or alteration made to the subject Pipe Wrangler by someone other than you prior to the accident.

25. Any and all product manuals, brochures, leaflets, pamphlets, flyers, and/or other marketing material pertaining to the subject Pipe Wrangler.

26. All documents and information regarding the subject Pipe Wrangler made available to customer and/or users through any type of online repository and/or customer portal or any type of website.

27. All marketing materials related to the subject Pipe Wrangler.

28. Any and all educational materials related to the subject Pipe Wrangler.

29. All documents related to recommended uses of the product.

30. Your company's safety program or safety manual in effect at the time the subject Pipe Wrangler was manufactured and sold.

**SALTZ MONGELUZZI BENDESKY**

BY: */s/ Michael A. Budner*
ROBERT J. MONGELUZZI

ANDREW R. DUFFY
MICHAEL A. BUDNER