**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPELL,** | **CIVIL ACTION** |
| *Plaintiff,* | **C.A. No. 3:23-cv-00604-RDM** |
| **v.** | |
| **PRECISION DRILLING CORPORATION,** *et al.* | **HON. JULIA K. MUNLEY** |
| *Defendants.* | |

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER MOTION TO EXTEND CASE MANAGEMENT DEADLINES

Plaintiff, Justina Chappell, as Administer of the Estate of Delyle Walter Chappell, hereby files this Rely in Further Support of Her Motion to Extend Case Management Deadlines (D.E. 40), and respectfully requests this Honorable Court extend the current case management deadlines by 120 days, for the reasons stated herein.

1.      As this Court is aware, this action arises from the tragic death of Delyle Walter Chappell.  On April 13, 2021, Mr. Chappell was killed while performing casing work at a natural gas reservoir located in Montrose, PA (the "Drilling Site").

2.      Defendants, Cabot Oil & Gas Corporation and Coterra Energy, Inc. f/k/a Cabot Oil & Gas Company (hereinafter referred to collectively as "Coterra"), leased the Drilling Site and contracted with Defendants Precision Drilling Corporation and Precision Drilling, LP (the "Precision Defendants") to serve as the drilling operator for the Drilling Site.

3.      The work being performed by the above-named defendants involved the use of a Pipe Wrangler, a piece of heavy machinery that is used to transfer pipes between the ground level and the rig floor of the Drilling Site.

4.     The current fact discovery deadline in this matter is March 10, 2025.  *See* D.E. 35.

5.     As set forth in Plaintiff's Motion to Extend Case Management Deadlines, since the entry of the Case Management Order, the parties have been diligently engaging in discovery with (1) thousands of documents being produced by and between the parties, (2) two inspections, one in Williamsport, PA, and the other in Conroe, Texas, that were not completed until mid-September, (3) have completed five depositions of current and former employees of the Precision Defendants and Defendant Coterra, and (4) have scheduled the depositions of ten additional current and former employees of the Precision Defendants and Defendant Coterra.  *See* D.E. 40.

6.     The scheduling of these depositions required the coordination and cooperation of the parties, in addition to multiple witnesses having needed to be subpoenaed.  To date, the parties have been working cooperatively.  Moreover, as discussed in Plaintiff's Motion to Extend Case Management Deadlines, the parties are waiting and anticipating written discovery responses from Defendant Forum and have been working cooperatively with Defendant Forum without Court intervention to receive the discovery.  Upon receipt, Plaintiff will take the deposition of a corporate designee of Defendant Forum on topics related to the sale, design, and manufacture of the Pipe Wrangler.  Contrary to Defendant Coterra's position in opposition, it was the understanding of all counsel that depositions could not and should not commence until the scheduling of the two inspections.  Plaintiff had no role or say in the timing of said inspections.

7.     Defendant Forum joins Plaintiff's request to extend the case management deadlines in this case.

8.     The Precision Defendants have not taken a position, nor have they objected.

9.     The only party opposing an extension is Defendant Coterra.

10.     In its opposition, Defendant Coterra seemingly takes the position that Plaintiff did not diligently pursue discovery.   Defendant Coterra simultaneously argues that Plaintiff cannot take the depositions of the additional Precision Defendants' witnesses because it will exceed fifteen depositions in the case, while also arguing that she should have sought the depositions earlier.  By Defendant Coterra's logic, Plaintiff would not be allowed to take these depositions in the first place and in fact is not allowed to take the depositions at all.  *Id.*  Defendant Coterra memorialized this sentiment in its email to all counsel objecting to Plaintiff's request for a discovery extension.

>    ***Coterra does not agree to an extension of case management deadlines.  During the Rule 16 conference, the court stated that an 8 month discovery period seemed excessive, but at that time conceded to the parties' proposed deadline****.* ***Additionally, you are proposing to extend deadlines to conduct depositions in excess of what the parties agreed to in the joint case management plan.  The parties agreed to 15****.  At this point, your recent proposals take the number to 22. As for Mr. Novakowski, he retired from Coterra years ago.  I will get you his last known address.*

*See* 2.7.25 Email, attached hereto as **Exhibit A**.

11.     Defendant Coterra has taken the position that fifteen depositions are allowed in this case. No more. No less. That is clearly not the case, nor what was agreed upon. Clearly, as set forth in Section 4.5 of the Joint Case Management Plan, Plaintiff noted that it "recommended" 15 depositions to be taken.  *See* D.E. 34.

12.     For these reasons, Plaintiff submits that she has satisfied the requirement for "good cause" under Federal Rules of Civil Procedure 6 and 16, that she has diligently conducted and is attempting to conduct discovery, that Defendant Coterra's opposition is based on mere technicalities and any delay in discovery is on no part of Plaintiff.   After the depositions taken thus far, Plaintiff has ***immediately*** requested the depositions of the additional witnesses who were (1) not disclosed in Defendants' initial disclosures and (2) not disclosed by Defendants in

the Joint Case Management Plan filed to this Court.

13. In construing Rule 6 and Rule 16, this Court has granted extensions of time "consistent with the spirit of the Federal Rules." *See Rivera v. Knapp*, No. 1:22-cv-00673 (M.D. Pa. January 13, 2024) ("Accordingly, for all of these reasons, and consistent with the spirit of the Federal Rules, the Court will grant Defendants' motion for an extension of time to complete discovery, as well as Defendants' motion to take Plaintiff's deposition. *See generally Torres v. Oakland Scavenger Co*., 487 U.S. 312, 316 (1988) (reiterating that "the requirements of the rules of procedure should be liberally construed and that mere technicalities should not stand in the way of consideration of a case on its merits" (citation and internal quotation marks omitted)); *Foman v. Davis*, 371 U.S. 178, 181 (1962) (stating that "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities.").

14. Lastly, Defendant Coterra's assertion that Plaintiff has failed to diligently pursue discovery as the basis for this Court to deny Plaintiff's and Defendant Forum's request falls without merit.

15. It has been correctly noted by courts in this Circuit when analyzing the extension of time frames and case management deadlines that "the U.S. Supreme Court has directed courts to look at four factors when considering whether a party's neglect is excusable: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Wylie v. TransUnion, LLC,* 2017 WL 4357981 (W.D. Pa. 2017) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'Ship*, 507 U.S. 380, 395 (1993)).

16. Defendant Coterra ultimately fails to even address these factors, or even hint at any perceived prejudice only it may suffer, especially considering Plaintiff is joined in this

request by a co-defendant of Defendant Coterra, and the sole other co-defendant has not taken a position nor objected.

17.     There would be no substantial or undue prejudice to any party by extending the deadlines by the requested timeframe

18.     Ultimately, there is good cause to extend the case management deadlines as discovery issues, witness location and availability, scheduling of inspection(s), and counsels' schedules delayed discovery in this matter, along with the inherent complexity of this wrongful death dual negligence and products liability case with multiple named defendants.

19.     Thus, in consideration of the above-identified issues, it is respectfully requested that this Honorable Court extend the current case management deadlines by 120 days.

20.     A copy of the proposed order has been attached at the end of this instant Motion.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant her Motion extending the case management deadlines in this matter by 120 days.

Respectfully submitted,

**SALTZ MONGELUZZI BENDESKY**

*/s/ Michael A. Budner*
Robert J. Mongeluzzi, Esquire
Andrew R. Duffy, Esquire
Michael A. Budner, Esquire
Max H. Dehon, Esquire
*Attorneys for Plaintiff*

Dated: February 18, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of this Motion requesting an extension of the case management deadlines was filed with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

**SALTZ MONGELUZZI BENDESKY**

*/s/ Michael A. Budner*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

**JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPELL,**

**CIVIL ACTION**

*Plaintiff,*

**v.**

**C.A. No. 3:23-cv-00604-RDM**

**PRECISION DRILLING CORPORATION,** *et al.*

**HON. JULIA K. MUNLEY**

*Defendants.*

### REVISED CASE MANAGEMENT ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the Plaintiff's Motion to Extend Case Management Deadlines, IT IS ORDERED that said motion is GRANTED, and the following amended pre-trial schedule shall apply:

Discovery Due:              July 8, 2025

Plaintiff Expert Reports:    July 8, 2025

Dispositive Motions Due:    August 4, 2025

Defendant Expert Reports:   August 13, 2025

_____
HON. JULIA K. MUNLEY

# EXHIBIT A

| | |
|---|---|
| **From:** | Amy L. Barrette <amy.barrette@bipc.com> |
| **Sent:** | Friday, February 7, 2025 2:58 PM |
| **To:** | Max Dehon; jsdavis@bradley.com; Jessica Riddle; Matthew Pilsner; thoward@bradley.com; Bell, Andy; Tara Klingensmith; 'cgmavros@zarwin.com' |
| **Cc:** | Budner, Michael; Duffy, Andrew R.; Rubinson, Michelle; Amy L. Barrette |
| **Subject:** | RE: Chappell v. Coterra, et al. |

> **CAUTION: This message originated outside of the SMBB.com email system. Do not click on links or open attachments unless you were expecting this email.**

Max,

      Coterra does not agree to an extension of case management deadlines.  During the Rule 16 conference, the court stated that an 8 month discovery period seemed excessive, but at that time conceded to the parties' proposed deadline.  Additionally, you are proposing to extend deadlines to conduct depositions in excess of what the parties agreed to in the joint case management plan.  The parties agreed to 15.  At this point, your recent proposals take the number to 22.

      As for Mr. Novakowski, he retired from Coterra years ago.  I will get you his last known address.

Amy

**Amy Barrette**
**Shareholder**

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
412 562 1626 (o)
amy.barrette@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

---

**From:** Max Dehon <mdehon@smbb.com>
**Sent:** Friday, February 7, 2025 10:16 AM
**To:** jsdavis@bradley.com; Amy L. Barrette <amy.barrette@bipc.com>; Jessica Riddle <jriddle@zarwin.com>; Matthew Pilsner <matthew.pilsner@bipc.com>; thoward@bradley.com; Bell, Andy <abell@bradley.com>; Tara Klingensmith <tara.klingensmith@bipc.com>; 'cgmavros@zarwin.com' <cgmavros@zarwin.com>
**Cc:** Budner, Michael <MBudner@smbb.com>; Duffy, Andrew R. <ADuffy@smbb.com>; Rubinson, Michelle <mrubinson@smbb.com>
**Subject:** Chappell v. Coterra, et al.

All – as previously mentioned, we would like to depose Matt Heaton and Derek Coffey, as well as a designee as discussed with Jeff related to the investigation which we will work with Jeff on.  Additionally, we would like to depose Steve Novikowski and am also attaching a designee notice for a Forum representative.  We are working with our client on availability to travel to Pennsylvania for her deposition as she needs to arrange travel and childcare.

I believe that based on prior scheduling, we had filled most if not all the mutually available dates of all counsel. Given the above and the likelihood of further individuals being identified, we would like to request an extension of the case management deadlines so that we can get this all done. Please let me know whether or not you consent and would join in our filing.

Thanks and have a great weekend.

--
**Max Dehon**
Attorney



One Liberty Place, 1650 Market Street, 52nd Floor,
Philadelphia, PA 19103
+1 215.854-2533 (direct) | +1 913.982.7143 (cell)
mdehon@smbb.com | www.smbb.com

Disclaimer: This e-mail message is intended only for the personal and confidential use of the intended recipients. This message may contain privileged attorney-client communication. If you have received this message in error, any review or dissemination is strictly prohibited. Please notify us immediately by e-mail and delete the original message.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.