# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL, as Administer of the ESTATE OF DELYLE WALTER CHAPPELL, deceased,<br>    Plaintiff<br><br>v.<br><br>PRECISION DRILLING CORPORATION; PRECISION DRILLING COMPANY, LP; COTERRA ENERGY, INC. f/k/a CABOT OIL & GAS CORPORATION; and FORUM ENERGY TECHNOLOGIES,<br>    Defendants | No. 3:23cv604<br><br>(Judge Munley) |

## ORDER

Before the court is Plaintiff Justina Chappell's motion to extend case management deadlines. (Doc. 40). The motion is opposed by Defendant Coterra Energy, Inc. ("Coterra") (Doc. 41).

Plaintiff seeks to extend the current case management deadlines by an additional 120 days, detailing extensive remaining matters to address in discovery. Coterra opposes, arguing that there has been a lack of diligence on the part of plaintiff's counsel. In the alternative, Coterra requests that the extension be limited to thirty (30) days.

Pursuant to the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Similarly, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" if a request is made before the original time expires. FED. R. CIV. P. 6(b)(1).

Good cause "is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant…to show why a request should be granted or an action excused.' " Joseph v. Hess Oil V.I. Corp., 651 F.3d 348, 351 (3d Cir. 2011), as amended (Oct. 10, 2012) (quoting Black's Law Dictionary 251 (9th ed. 2009). The demonstration of good cause "depends in part on a plaintiff's diligence." Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020)(citing Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84–85 (3d Cir. 2010); E. Mins. & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000)). Moreover, "[g]ood cause may be found when the moving party 'could not have reasonably met the deadlines set forth in the scheduling order.' " Good v. SWN Prod. Co., LLC, No. 4:18-CV-01868, 2020 WL 488901, at *1 (M.D. Pa. Jan. 30, 2020)(quoting Lee v. Park, No. 12-7437(ES), 2015 WL 1523066, at *2 (D.N.J. Apr. 2, 2015)).

Having reviewed the parties' submissions, the court will extend case management deadlines based upon plaintiff's demonstration of good cause.

2

Plaintiff has demonstrated sufficient diligence in prosecuting her case, that is, she has sufficiently explained why this particular action requires more time to complete discovery and why all matters could not be completed in the previous time allotted. From a practical standpoint, it also appears that completing the necessary depositions will run up against the current deadline of March 10, 2025.[1]

On the other hand, the initial case management order provided the parties eight (8) months to complete fact discovery. Plaintiff has not demonstrated the good cause necessary to justify a 120-day extension. Under the circumstances discernible from the parties' filings, only an 80-day extension is warranted at this time. Accordingly, it is hereby **ORDERED** that:

1) Plaintiff Justina Chappell's motion to extend case management deadlines (Doc. 40) is **GRANTED** in part;

2) The case management deadlines are extended as follows:

   | | |
   |---|---|
   | Fact discovery: | May 30, 2025; |
   | Plaintiff's expert reports: | May 30, 2025; |
   | Dispositive motions: | June 27, 2025; and |
   | Defendants' expert reports: | July 11, 2025 |

---

[1] It appears that the parties conducted as many as four depositions during the last two days and have six more scheduled over the next two weeks. Importantly, plaintiff herself has not yet been deposed.

3

Date: 2/20/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court