# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPELL,<br><br>*Plaintiff,*<br>v.<br><br>PRECISION DRILLING CORPORATION, *et al.*<br><br>*Defendants*. | CIVIL ACTION<br><br>C.A. No. 3:23-cv-00604-RDM<br><br>HON. JULIA K. MUNLEY |

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Plaintiff, Justina Chappell, as Administer of the Estate of Delyle Walter Chappell, hereby moves to stay these proceedings pending the substitution of Justina Chappell, as Administer of the Estate of Delyle Walter Chappell, for the reasons stated herein.

**1.** This action arises from the tragic death of Delyle Walter Chappell. On April 13, 2021, Mr. Chappell was killed while performing casing work at a natural gas reservoir located in Montrose, PA (the "Drilling Site").

**2.** Defendants, Cabot Oil & Gas Corporation and Coterra Energy, Inc. f/k/a Cabot Oil & Gas Company (hereinafter referred to collectively as "Coterra"), leased the Drilling Site and contracted with Defendants Precision Drilling Corporation and Precision Drilling, LP (the "Precision Defendants") to serve as the drilling operator for the Drilling Site. The work being performed by the above-named defendants involved the use of a Pipe Wrangler, a piece of heavy machinery that is used to transfer pipes between the ground level and the rig floor of the Drilling Site. The Pipe Wrangler was installed, sold, modified, manufactured, designed, repaired, and/or marketed by Defendants, Forum Energy Technologies, Inc., and Forum Energy Services, Inc. (the "Forum Energy Defendants").

**3.** On April 13, 2021, Mr. Chappell was on the rig floor working in the course and scope of his employment with Frank's International, the casing contractor on-site. At this time, Mr. Chappell was struck with a 40-foot-long pipe which was being transported by the Pipe Wrangler under the control of the Precision Defendants' employees, causing Mr. Chappell's death.

**4.** Plaintiff initiated this action by way of Complaint in the Lackawanna County Court of Common Pleas on March 10, 2023. This action was removed to this Court on April 10, 2023. *See* D.E. 1. On June 27, 2024, this Court entered the initial Case Management Order. *See* D.E. 35.

**5.** On February 20, 2025, this Court entered the operative Case Management Order extending the case management deadlines for 80-days, extending the fact discovery deadline to May 30, 2025. *See* D.E. 43.

**6.** Plaintiff, Justina Chappell, is not currently able to fulfill her obligations of Administer of the Estate of Delyle Walter Chappell which was opened and created in the State of Wyoming. Under WY Stat § 1-38-102, Mr. Chappell's wrongful death beneficiaries include Ms. Chappell, and Mr. Chappell's minor children. Under Wyoming law, the Administer of the Estate is responsible for (1) inventorying and appraising probate assets, (2) paying estate debts, expenses, and taxes, (3) closing the estate, and (4) distributing estate assets. *See* WY Stat § 2-7-401; § 2-7-701; and § 2-4-101.

**7.** Plaintiff has consulted a Wyoming estate attorney who is prepared to initiate proceedings to allow for a court-appointed Administrator for the Estate of Delyle Walter Chappell.

**8.** On May 13, 2025, Plaintiff's counsel traveled to Wyoming to meet with Ms. Chappell regarding her continued service as Administratrix of the Estate of Delyle Walter

Chappell.

9. Ms. Chappell intends to renounce in favor of a court-appointed lawyer Administrator.

10. As such, Plaintiff respectfully requests a stay of 60 days to allow for the substitution of a court appointed Administer for the Estate of Delyle Walter Chappell.[1]

11. Plaintiff is of the understanding that 60-days provides sufficient time to allow for the substitution of a court appointed Administer for the Estate of Delyle Walter Chappell.

12. Following the issuance of a 60-day stay, Plaintiff respectfully requests a 2-week period for continued fact discovery to allow for the deposition of the substituted Administer as Plaintiff, as well as Ms. Justina Chappell now in her personal capacity.

13. A court decides to stay a case in its discretion if the interests of justice require it. *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998).

14. The United States Supreme Court has recognized a Court's power to stay a case:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also*

15. The court should consider whether the stay would prejudice the non-moving party and if it would further the interest of judicial economy. *See Trusted Transp. Sols. v. Guarantee Ins. Co.*, No. 16-cv-7094, 2018 WL 2187379, at *4 (D. N.J. May 11, 2018).

---

[1] During the stay, Plaintiff agrees and consents to the presently scheduled June 9, 2025 deposition of Craig Watts, a third-party former-Coterra subpoenaed witness who has retained independent counsel and has confirmed said date for deposition. Counsel for all parties have confirmed this date for the deposition of Mr. Watts.

16. "In determining whether to grant a stay courts consider a number of factors, including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Id.*

17. Here, no party will suffer prejudice whatsoever by the grant of a temporary 60-day stay and no further discovery other than the depositions previously confirmed and scheduled will occur.

18. However, the denial of the stay would create a clear case of hardship or inequity to the moving party, the Estate of Delyle Walter Chappell and its wrongful death beneficiaries, specifically the decedent's 4 minor children.

19. Accordingly, in order to allow for the depositions of the newly court-appointed Administrator of the Estate of Delyle Walter Chappell and Ms. Justina Chappell in her individual capacity, Plaintiff proposes 2-weeks of discovery post-stay to allow Defendants to take said depositions and for the remainder of the case management deadlines to be adjusted in conjunction with the 60-day stay.

20. Thus, in consideration of the above-identified issues, it is respectfully requested that this Honorable Court grant Plaintiff's Motion to Stay.

21. A copy of the proposed order with corresponding case management deadlines has been attached at the end of this instant Motion.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant her Motion to stay this matter for 60-days.

Respectfully submitted,

**SALTZ MONGELUZZI BENDESKY**

Dated: May 21, 2025

/s/ Michael A. Budner
Robert J. Mongeluzzi, Esquire
Andrew R. Duffy, Esquire
Michael A. Budner, Esquire
Max H. Dehon, Esquire
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify a copy of this Motion requesting an extension of the case management deadlines was filed with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

**SALTZ MONGELUZZI BENDESKY**

*/s/ Michael A. Budner*

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTINA CHAPPELL, AS ADMINISTER OF THE ESTATE OF DELYLE WALTER CHAPPELL,** *Plaintiff,* v. **PRECISION DRILLING CORPORATION,** *et al.* *Defendants*. | **CIVIL ACTION** **C.A. No. 3:23-cv-00604-RDM** **HON. JULIA K. MUNLEY** |

AND NOW, this _____ day of _____, 2025, upon consideration of the Plaintiff's Motion to Stay Proceedings, IT IS ORDERED that said motion is GRANTED, and this matter shall be STAYED for 60-days. IT IS FURTHER ORDERED that the case management deadlines be adjusted as follows:

    Discovery Resumes:    July 21, 2025

    Discovery Due:    August 4, 2025;

    Plaintiff Expert Reports:    August 4, 2025;

    Dispositive Motions Due:    September 1, 2025;

    Defendant Expert Reports:    September 15, 2025;

 

_____
HON. JULIA K. MUNLEY