# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTINA CHAPPELL, AS ADMINISTRATOR OF THE ESTATE OF DELYLE WALTER CHAPPELL, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 3:23-cv-00604-JKM |
| PRECISION DRILLING CORPORATION, PRECISION DRILLING COMPANY, LP, COTERRA ENERGY INC., F/K/A CABOT OIL & GAS CORPORATION, FORUM ENERGY TECHNOLOGIES, INC., AND FORUM ENERGY SERVICES, INC. | ) ) ) ) ) ) ) ) | (Hon. Julia K. Munley) |
| Defendants. | ) | |

## COTERRA ENERGY INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Defendant Coterra Energy Inc., formerly known as Cabot Oil & Gas Corporation ("Coterra"), through its undersigned counsel, opposes Plaintiff's Motion to Stay Proceedings (the "Motion") because Plaintiff failed to demonstrate: (i) a compelling reason to justify such an extraordinary measure, especially in light of the circumstances here; and (ii) the good cause necessary for an extension of case management deadlines. Although couched as a motion for a "stay" pending the substitution of the administrator, Plaintiff is, in reality, seeking a more than two-month

extension to produce expert reports, file dispositive motions, and to avoid traveling to Pennsylvania for a deposition.

**I.       BACKGROUND**

A stay is not necessary or warranted here. Plaintiff already requested and received an 80-day extension of the case management deadlines. Now, Plaintiff seeks an additional 60-day "stay" to substitute in a new administrator. The "stay," which in reality is an extension of the case management deadlines, would unnecessarily extend the deadlines for expert reports, dispositive motions, and Plaintiff's deposition by another two months—an increase in time that this Court rejected in its February 20, 2025 Order. ECF No. 43 at 3 ("Plaintiff has not demonstrated the good cause necessary to justify a 120-day extension. Under the circumstances discernible from the parties' filings, only an 80-day extension is warranted at this time.").

Importantly, Plaintiff provided no explanation whatsoever for her sudden inability to act as administrator to "(1) inventory[] and apprais[e] probate assets, (2) pay[] estate debts, expenses, and taxes, (3) clos[e] the estate, and (4) distribut[e] estate assets," none of which have any bearing on what is occurring in the litigation at this time. Mot. at 6. Nor has she provided any reason why the case is unable to proceed while the mere formality of a substitution is in the process. *See id.* There is no harm in allowing the case to proceed while Plaintiff's counsel obtains a substitution.

Importantly, until just recently, Plaintiff capably fulfilled her duties as Administratrix of the Estate. She was able to retain counsel for a worker's compensation action in Pennsylvania, provide evidence and participate in a hearing on that matter, settle that litigation at the end of 2021 (and distribute assets from that settlement), seek and obtain SSI death benefits for herself and some of her children, retain new counsel, institute a wrongful death and survival action in Pennsylvania, verify the Complaint in this case, and provide multiple verified written discovery responses over a period of years. Plaintiff only then became unable to continue as Administratrix when she was required to travel to Pennsylvania for her deposition.

More specifically, on February 27, 2025, Coterra noticed Plaintiff's deposition to occur on April 28, 2025—a date agreed upon by all parties—in Pittsburgh, Pennsylvania.[1] Despite the deposition having been scheduled for over two months, Plaintiff did not show up for her deposition. Indeed, just minutes before the deposition was to begin, Plaintiff's counsel cancelled the deposition because they had not heard from Plaintiff. Coterra then attempted to reschedule. Due to the approaching discovery deadline, the parties reserved May 29, 2025, as the new date for Plaintiff's

---

[1] Due to the document intensive nature of the deposition and the significance of the testimony, Coterra elected and the parties agreed for an in-person deposition in Pennsylvania, given that Plaintiff availed herself of a judicial district in this Commonwealth. After all, Plaintiff is the only witness capable of providing evidence concerning the nature and extent of damages under the wrongful death claim.

3

deposition. But Plaintiff would not confirm the May 29, 2025 date despite multiple requests to do so. Finally, on May 16, 2025, a mere two weeks before the close of discovery, Plaintiff's counsel advised that Plaintiff did not intend to appear for the May 29, 2025 deposition, and that they were planning to substitute a new administrator. Now, on the eve of the close of fact discovery and the deadline for expert reports, Plaintiff is seeking to stay the entire case to address the mere formality of substituting a figurehead administrator. This is unwarranted.

### III. **LEGAL STANDARD**

"A stay is an extraordinary measure. The party seeking a stay must offer compelling reasons to abridge the opposing party's right to litigate." *Sloane v. Gulf Interstate Field Services, Inc.*, 2017 WL 11318813, at *1 (M.D. Pa. Jun. 7, 2017) (quoting *Kane v. McGraw-Hill Companies, Inc.*, 2013 WL 1397434, at *2 (M.D. Pa. Apr. 5, 2013)). In determining whether to grant a stay, a court typically considers four factors: "'(1) the length of the requested stay; (2) the hardship that the moving party would face in going forward with the litigation; (3) the injury that a stay would cause the non-moving party; (4) and whether a stay will simplify issues and promote judicial economy.'" *Id.* (quoting *Scicchitano v. County of Northumberland*, 2015 WL 7568357, at *2 (M.D. Pa. Nov. 25, 2015)). On balance, none of these factors justify a stay here.

Although Plaintiff's Motion purports to seek a "stay," Plaintiff is actually seeking a more than two-month extension of this Court's case management deadlines which were previously extended. She lacks good cause to do so. As this Court previously held in its February 20, 2025 Order, the moving party must demonstrate good cause to obtain a modification to the case management order, meaning "[a] legally sufficient reason," to show "why a request should be granted or an action excused.'" ECF No. 43 at 2 (citations omitted). This demonstration of good cause "depends in part on a plaintiff's diligence." *Id.* And under that rubric, "[g]ood cause may be found when the moving party 'could not have reasonably met the deadlines set forth in the scheduling order.'" *Id.*

## IV. <u>ANALYSIS</u>

No extraordinary measures exist here to legitimately justify the issuance of a more than two-month stay of the case, and Plaintiff cannot demonstrate the good cause necessary to modify the case management deadlines.

### A. A Stay Is Not Warranted Here

*First*, a 60-day stay of these proceedings is unnecessary and, more to the point, unnecessarily long. Plaintiff's counsel's plan is to substitute in a "court-appointed lawyer administrator" to handle "(1) inventorying and appraising probate assets, (2) paying estate debts, expenses, and taxes, (3) closing the estate, and (4) distributing estate assets." Mot. at 9, 6. None of these tasks have any bearing on this litigation.

5

The substitution is a mere formality as the new administrator will have no first-hand information relevant to liability or damages in this case and will simply serve as a figurehead in the litigation.

Additionally, Plaintiff has already received an 80-day extension of fact discovery (and over Coterra's objections) and an extension of other case management deadlines, including expert reports. At this point, only three depositions remain. Two of those depositions, Coterra's 30(b)(6) witness and non-party witness Craig Watts, are scheduled for May 29, 2025 (within the current discovery period), and June 9, 2025,[2] respectively. Plaintiff's deposition is the only remaining deposition, and understanding there will be a substitution, Coterra agreed to conduct the deposition in her personal capacity. There is simply no need to delay this entire case while the formality of the substitution takes place.

*Second*, Plaintiff's claim that a denial of the stay would create a "clear case of hardship or inequity" to the estate and its beneficiaries is meritless. Mot. at 18. Importantly, Plaintiff has not identified any harm that would occur if the case is not stayed. As noted above, the substitution of the "court-appointed attorney administrator" is a mere formality. This new administrator has no first-hand

---

[2] Despite the 80-day extension of discovery, Defendant Forum failed to subpoena Mr. Watts to appear within the discovery deadline. In order to avoid motions practice and another extension of deadlines, the parties agreed that Mr. Watts' deposition could take place on June 9, 2025, beyond the May 30, 2025 deadline.

6

knowledge concerning liability or damages and adds nothing to the case that would warrant extending the deadlines for expert reports and dispositive motions.

No circumstances exist in which the Plaintiff can outright avoid a deposition as she is the only person capable of providing evidence of damages, including evidence as to the identity of the actual beneficiaries in this case, a point of evidence that Coterra contests. Plaintiff should have appeared at the April 28, 2025 deposition, which had been on the schedule for months, or at a minimum, on May 29, 2025. She has no legitimate excuse for failing to appear during the discovery period. The Court should not reward the Plaintiff with an additional extension to appear for her deposition, produce expert reports, and file dispositive motions. There is no harm or inequity that can come to the Estate or beneficiaries if Plaintiff is required to appear within the next 30 days for her deposition. To that point, Coterra agrees (with the Court's permission) that Plaintiff's deposition can be conducted in June, outside of the close of discovery, similar to the agreement reached for Mr. Watts.[3]

Moreover, requiring the Plaintiff to adhere to the remaining case management deadlines will not cause hardship or inequities to the Estate or any beneficiaries. Plaintiff's expert reports are due on May 30, 2025, three days from the date of this filing and are likely already completed given the approaching deadline. The

---

[3] With respect to the new administrator, to the extent any party desires to conduct a deposition, the parties should be permitted a reasonable time following the substitution to schedule the deposition.

substitution of the administrator will have no impact on expert reports or dispositive motions.[4]

*Third*, Coterra would be prejudiced by the requested stay. The incident at the heart of this lawsuit occurred more than four years ago. And this litigation has been pending for more than two years. A stay of these proceedings would again delay the resolution of this dispute and unfairly prejudice Coterra, especially where Plaintiff's purported need for a stay stems from her own refusal to attend a properly scheduled and noticed deposition and her refusal to confirm another date within the discovery period. *See, e.g.*, *Ballard v. Williams*, 2012 WL 2389845, at *2 (M.D. Pa. Apr. 3, 2012) (denying request for stay where incident underlying litigation occurred four years prior to requested stay; litigation had been pending for two years prior to requested stay; litigation was plagued by repeated delays instigated by plaintiff; and prejudice to defendants was exacerbated by plaintiff's refusal to engage in a deposition). As the United States District Court for the Middle District of Pennsylvania has observed, "justice . . . requires that the merits of a particular dispute be placed before [a] court in a timely fashion . . . ." *Andresen v. Pennsylvania*, 2021

---

[4] To the extent Plaintiff's counsel argues that they need the deposition testimony of Craig Watts for their expert report on liability, Coterra would agree to extending Plaintiff's deadline to produce the report on liability until June 16, 2025, a week after Mr. Watt's deposition. Because Plaintiff's deposition will provide information for Coterra's expert report on damages, Coterra requests that its expert report on damages be due a week after Plaintiff's deposition.

WL 5565859, at *1 (M.D. Pa. Nov. 29, 2021) (quoting *Fouad v. Milton Hershey Sch. & Tr.*, 2020 WL 4206187, at *2 (M.D. Pa. Jul. 22, 2020)). "Therefore, where delays by one party unfairly prejudice the rights and interests of the opposing party, the proper exercise of discretion calls for the denial of any motion for a stay of proceedings." *Id.* (quoting *Fouad*, 2020 WL 4206187, at *2 ).

*Fourth*, a stay would not simplify any issues or promote judicial efficiency. and Plaintiff does not claim that it would. Indeed, the exact opposite would occur in light of the prior extension and the need for finality in a case that has been pending for more than two years. There is no benefit, only delay if this is case is stayed.

### B. Plaintiff Cannot Demonstrate "Good Cause" Necessary to Modify the Case Management Deadlines

Although couched as a stay, Plaintiff is seeking an extension of case management deadlines. Plaintiff has not and cannot demonstrate good cause to modify the existing case management order. Plaintiff has not been diligent. To the contrary, Plaintiff's April 28, 2025 deposition had been scheduled for months when Plaintiff, without notice, failed to appear. Rather than stay the case, Plaintiff should be required to appear in her personal capacity within the next 30 days for her deposition.

Moreover, Plaintiff's counsel's plan is to substitute a court-appointed lawyer from Wyoming to serve as the administrator. The new administrator is not someone with first-hand knowledge of the case and will have no impact on the remaining

9

schedule—including the serving of expert reports or filing of dispositive motions. Thus, Plaintiff cannot demonstrate good cause to extend these deadlines.

## V. **CONCLUSION**

For the reasons set forth above, Coterra respectfully requests that this Court deny Plaintiff's Motion. Coterra further requests that the Court enter the attached proposed order that takes into consideration the fact that Plaintiff's and Mr. Watts' depositions will occur outside of the May 30, 2025 discovery deadline.

Date: May 27, 2025

Respectfully submitted,

*Amy L. Barrette*
Amy L. Barrette
PA ID No. 87318
amy.barrette@bipc.com

Matthew C. Pilsner
PA ID No. 314606
matthew.pilsner@bipc.com

Buchanan Ingersoll & Rooney, PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
Telephone: 412-562-1626

*Counsel for Defendant Coterra Energy Inc., F/K/A Cabot Oil & Gas Corporation*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTINA CHAPPELL,<br>AS ADMINISTRATOR OF THE<br>ESTATE OF DELYLE WALTER<br>CHAPPELL,<br><br>    Plaintiff,<br><br>v.<br><br>PRECISION DRILLING CORPORATION,<br>PRECISION DRILLING COMPANY, LP,<br>COTERRA ENERGY INC., F/K/A<br>CABOT OIL & GAS CORPORATION,<br>FORUM ENERGY TECHNOLOGIES,<br>INC., AND FORUM ENERGY<br>SERVICES, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 3:23-cv-00604-JKM<br><br><br><br>(Hon. Julia K. Munley) |

## **ORDER**

AND NOW, this ____ day of _____, 2025, Plaintiff's Motion to Stay Proceedings is hereby **DENIED**. It is further ORDERED:

1) Plaintiff, Justina Chappell, must appear for a deposition, to be conducted in her personal capacity, at the previously agreed upon location in Pittsburgh, Pennsylvania, on or before June 30, 2025.

2) To the extent any party desires to conduct the deposition of the new administrator, the deposition is to occur within 30 days of the substitution.

3) The parties' expert report deadlines remain unchanged except for: (i) Plaintiff's liability expert report, which shall be due no later than June 16, 2025, to account for Mr. Watts' June 9, 2025 testimony; and (ii) Defendants' damages expert report, which shall be due no later than 7 days after Plaintiff's deposition, to account for Plaintiff's testimony.

4) All other deadlines remain unchanged and in effect.

_____